UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| | ) | 09 CR 830 |
| | ) | |
| v. | ) | Hon. Harry D. Leinenweber |
| | ) | |
| TAHAWWUR HUSSAIN RANA | ) | |
| | ) | |
| | ) | |

## PROTECTIVE ORDER

This matter comes before the Court upon the Government's Motion for Protective Order to prevent the unauthorized use, disclosure or dissemination of classified national security information and documents that will be reviewed by or made available to, or are otherwise in the possession of, defense counsel in this case.

Pursuant to the authority granted under section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2006) ("CIPA"); the Security Procedures established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA § 9) (hereinafter the "Security Procedures"); Federal Rules of Criminal Procedure 16(d) and 57; the general supervisory authority of the Court; and, in order to protect the national security,

IT IS HEREBY ORDERED:

1. The Court finds that this case will involve classified national security information, the storage, handling, and control of which, by law or regulation, requires special security

precautions, and access to which requires a security clearance and a need-to-know.

2. The purpose of this Protective Order ("Order") is to establish the procedures that must be followed by all defense counsel of record, their designated employees, all other counsel involved in this case, including government attorneys, translators for the defense, any court personnel, and all other individuals who receive access to classified information or documents in connection with this case.

3. The procedures set forth in this Order, CIPA and the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801, *et seq.* ("FISA"), shall apply to all pre-trial, trial, post-trial, and appellate aspects of this case; and may be modified from time to time by further order of the Court acting under Federal Rules of Criminal Procedure 16(d), sections 3 and 9 of CIPA, FISA, and this Court's inherent supervisory authority to ensure a fair and expeditious trial.

Definitions

4. As used herein, the terms "classified national security information and documents," "classified information," "classified documents," and "classified material" refer to:

A. Any classified document or information that has been classified by any Executive Branch agency in the interest of national security or pursuant to Executive Order 12958, as amended as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI"), or any information contained in such documents;

B. Any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, that the defense knows has been derived from a United States Government classified document, information, or material, regardless

of whether such document, information, or material has itself subsequently been classified by the Government pursuant to Executive Order 12958, as amended, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as SCI;

C. Verbal classified information known to the defense counsel to be classified;

D. Any document or information, including any document or information including verbal information, which the defense counsel have been notified orally or in writing contains classified information;

E. Any information, regardless of place or origin and including "foreign government information" as that term is defined in Executive Order 12958 as amended, that is known to contain classified information; and

F. Any information that defense counsel receives as discovery in this case obtained from an agency that is a member of the United States "Intelligence Community" (as defined in Section 3(4) of the National Security Act of 1947, codified at 50 U.S.C. § 401a(4)), other than the FBI, shall be presumed to fall within the meaning of classified information, unless and until the Court Security Officer or an authorized attorney for the Government advises otherwise.

5. The words "documents," "information," and "material" shall include but are not limited to all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include but are not limited to:

A. Papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts and graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings or other communications, bulletins, teletypes, telegrams and

telefacsimiles, invoices, worksheets and drafts, alterations, modifications, changes, and amendments of any kind to the foregoing;

        B.      Graphic or oral records or representations of any kind, including but not limited to photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

        C.      Electronic, mechanical or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

        D.      Information acquired verbally.

6.     "Access to classified information" means having access to, reviewing, reading, learning or otherwise coming to know in any manner any classified information.

7.     "Secure Area" shall mean a physical facility accredited for the storage, handling, and control of classified information.

8.     All classified documents or material and the information contained therein shall remain classified unless the documents or material bear a clear indication that they have been declassified by the agency or department from which the classified document, material or information contained therein originated (hereinafter the "Originating Agency").

9.     <u>Court Security Officer</u>. In accordance with the provisions of CIPA and the Security Procedures, the Court designates Daniel O. Hartinstine as Court Security Officer for this case, and John D. Arsulowicz, Jennifer H. Campbell, Christine E. Gunning, Joan B. Kennedy, Michael P. Macisso, Maura L. Peterson, and W. Scooter Slade as Alternate Court Security Officers (collectively "the Court Security Officer") for the purpose of providing security arrangements necessary to protect

from unauthorized disclosure any classified information to be made available in connection with this case. Defense counsel shall seek guidance from the Court Security Officer with regard to appropriate storage, handling, transmittal, and use of classified information.

10. <u>Government Attorneys</u>. The Court has been advised that the Government attorneys working on this case, Patrick J. Fitzgerald, Daniel J. Collins, Janet Hudson, Christopher Grigg and Victoria J. Peters and their respective supervisors (collectively referred to hereinafter as the "Government Attorneys"), have the requisite security clearances to have access to the classified information that relates to this case.

11. <u>Protection of Classified Information</u>. The Court finds that, in order to protect the classified information involved in this case, only the Government Attorneys, appropriately cleared Department of Justice employees, personnel of the Originating Agency, defense counsel, employees of defense counsel, or translators employed by defense counsel, shall have access to, or otherwise inspect or review, the classified documents or information in this case. The defendant, defense witnesses and any other person not authorized pursuant to this Order shall not have access to classified documents or information in this case.

  A. Defense counsel, employees of defense counsel or translators employed by defense counsel may obtain access to classified documents or information only if such person has:

    1. Received the necessary security clearance at the appropriate level of classification, through or confirmed by the Court Security Officer;

    2. Received permission of the Court, either through this Order (for those named in paragraph 12 below) or by a separate Court order upon showing of a need-to-know; and

    3. Signed the Memorandum of Understanding, in the form attached

hereto, agreeing to comply with the terms of this Order.

B. Defense counsel shall file originals of Memorandum of Understanding executed by defense counsel, employees of defense counsel or translators employed by defense counsel with the Court and the Court Security Officer and serve executed originals of such document upon the Government.

C. The substitution, departure or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense as an employee or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

D. Judicial personnel, other than the District Court, may obtain access to classified documents or information after receiving the necessary security clearance at the appropriate level of classification, through or confirmed by the Court Security Officer.

12. <u>Defense Counsel</u>. Subject to the provisions of paragraph 11, the following attorney(s) for the defense and their approved employees and translators (collectively referred to hereinafter as "the Defense"), shall be given access to classified information as required by the Government's discovery obligations: Patrick W. Blegen, Jodi L. Garvey and Daniel Rufo. Any additional person whose assistance the Defense reasonably requires may have access to classified information in this case only after obtaining from the Court -- with prior notice to the Government -- an approval for access to the appropriate level of classification on a need-to-know basis, and after satisfying the other requirements described in this Order for access to classified information.

13. Unless they already hold an appropriate security clearance and are approved for access to classified information in this case, the Defense, all persons whose assistance the Defense

6

reasonably requires, and such court personnel as the Court requires for its assistance, shall complete and submit to the Court Security Officer a Standard Form 86 ("Security Investigation Data for Sensitive Position"), the necessary releases, and full fingerprints in order to obtain the security clearances necessary for access to the classified information that may be involved in this case. The Court Security Officer shall take all reasonable steps to process all security clearance applications in a timely manner and shall not disclose to the Government Attorneys any information supplied by persons applying for security clearance pursuant to this Order.

14. <u>Secure Area of Review</u>. The Court Security Officer shall arrange for an appropriately approved Secure Area for use by the Defense. The Court Security Officer shall establish procedures to assure that the Secure Area is accessible to the Defense during normal business hours, after hours and on weekends. The Secure Area shall contain a separate working area for the Defense, and will be outfitted with any secure office equipment requested by the Defense that is reasonable and necessary to the preparation of the defense in this case. The Court Security Officer, in consultation with defense counsel, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents or other material containing classified information may be removed from the Secure Area unless authorized by the Court Security Officer. The Court Security Officer shall not reveal to the Government the content of any conversations he or she may hear among the Defense, nor reveal the nature of documents being reviewed by them, nor the work generated by them. In addition, the presence of the Court Security Officer shall not operate to waive, limit, or otherwise render inapplicable, the attorney-client privilege.

15. <u>Filings with the Court</u>. Until further order of this Court, any motion, memorandum,

or other document filed by the Defense that defense counsel knows, or has reason to believe, contains classified information in whole or in part, or any document the proper classification of which defense counsel is unsure, shall be filed under seal with the Court through the Court Security Officer or an appropriately cleared designee. Pleadings filed under seal with the Court Security Officer or his designee shall be marked "Filed In Camera and Under Seal with the Court Security Officer" and shall include in the introductory paragraph a statement that the item is being filed underseal pursuant to this Order, but need not be accompanied by a separate motion to seal. The date and time of physical submission to the Court Security Officer or his designee shall be considered as the date and time of court filing, and should occur no later than 4:00pm. The Court Security Officer shall promptly examine the document and, in consultation with representatives of the appropriate Government agencies, determine whether the document contains classified information. If the Court Security Officer determines that the document contains classified information, he or she shall ensure that the classified portions of the document, and only those portions, are marked with the appropriate classification marking and that the document remains under seal. All portions of any document filed by the Defense that do not contain classified information shall immediately be unsealed by the Court Security Officer and placed in the public record. The Court Security Officer shall make arrangements for prompt delivery under seal to the Court and counsel for the Government any document to be filed by the Defense that contains classified information. At the time of physical submission to the Court Security Officer or his designee, defense counsel shall file on the public record in the CM/ECF system a notice of filing, which will serve to notify the Court that a classified filing has been made. This notice shall contain only the case caption and the unclassified title of the filing.

16. Any document filed by the Government containing classified information shall be filed under seal with the Court through the Court Security Officer or an appropriately cleared designee. Pleadings filed under seal with the Court Security Officer or his designee shall be "Filed In Camera and Under Seal with the Court Security Officer " and shall include in the introductory paragraph a statement that the item is being filed underseal pursuant to this Order, but need not be accompanied by a separate motion to seal. The date and time of physical submission to the Court Security Officer or his designee shall be considered the date and time of filing, and should occur no later than 4:00pm. The Court Security Officer shall make arrangements for prompt delivery under seal to the Court and defense counsel document to be filed by the Government that contains classified information. At the time of physical submission to the Court Security Officer or his designee, the Government shall file on the public record in the CM/ECF system a notice of filing, which will serve to notify the Court that a classified filing has been made. This notice shall contain only the case caption and the unclassified title of the filing.

17. Sealing of Records: The Court Security Officer shall maintain a separate sealed record for those pleadings containing classified materials, and retain such record for purposes of later proceedings or appeal.

18. Access to Classified Information. The Defense shall have access to classified information only as follows:

A. All classified information produced by the Government to the Defense, in discovery or otherwise, and all classified information possessed, created or maintained by the Defense, shall be stored, maintained and used only in the Secure Area established by the Court Security Officer.

B. The Defense shall have free access to the classified information made available to them in the Secure Area, and shall be allowed to take notes and prepare documents with respect to those materials. However, the Defense shall not, except under separate Court order, disclose the classified information, either directly, indirectly, or in any other manner which would disclose the existence of such.

C. The Defense shall not copy or reproduce any classified information in any form, except with the approval of the Court Security Officer, or in accordance with the procedures established by the Court Security Officer for the operation of the Secure Area.

D. All documents prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information, shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information, and in the Secure Area on approved word processing equipment, and in accordance with the procedures approved by the Court Security Officer. All such documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits, etc.) containing classified information shall be maintained in the Secure Area, unless and until the Court Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the Government.

E. The Defense shall discuss classified information only within the Secure Area or in another area authorized by the Court Security Officer, and shall not discuss or attempt to discuss classified information over any standard telephone instrument, office intercommunication system or through any other communication method not specifically authorized by the Court Security

Officer.

19.     <u>Disclosure of Classified Information</u>: The Defense shall not disclose, without prior approval of the Court, any classified documents or information to any person not authorized pursuant to this Order (including the Defendant and defense witnesses) except for the Court, court personnel, the Government Attorneys, and representatives of the Originating Agency who have been identified by the Court Security Officer as having the appropriate clearances and the need-to-know that information, and in accordance with the procedures of CIPA and the procedures established by the Court Security Officer. Counsel for the Government shall be given an opportunity to be heard in response to any request by the Defense for disclosure of classified information to a person not named in this Order. Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of Understanding appended to this Order, and to comply with all terms and conditions of this Order. If preparation of the Defense requires that classified information be disclosed to persons not named in this Order, then, upon approval by the Court and upon prior notice to the Government, the Court Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

20.     <u>Foreign Intelligence Surveillance Act (FISA)</u>. The defendant has rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure to pre-trial discovery. The Government recognizes its obligation to provide such discovery materials to defense counsel in the most expeditious manner possible, consistent with public safety and the confidentiality of sensitive ongoing investigations. Therefore, to the extent that FISA-obtained or derived information is provided to the defense counsel:

A. The parties agree that both the Defense and the Government shall have access to such FISA information regardless of prior minimization efforts undertaken by the Government upon initial review. It is contemplated that the Government may produce material to the Defense determined to be relevant to the proceedings even if not deemed pertinent when the material was initially reviewed.

B. The parties agree that any draft transcripts or summaries of translated electronic and paper materials that may be provided shall not be used in any proceeding for any purpose, including cross-examination of any witness, except pursuant to further order of this Court; and

C. The parties agree, notwithstanding any other provisions of this Order or any subsequent order, that the disclosure and discovery of materials provided to the Court, *in camera* and *ex-parte*, pursuant to FISA for legal determinations, including but not limited to any FISA applications, orders, or materials, shall be governed by the provisions of FISA.

21. Procedures for the use or public disclosure of classified information by the Defense shall be those provided in sections 5, 6 and 8 of CIPA. To facilitate the Defense's filing of notices required under section 5 of CIPA, the Court Security Officer shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information, either within the possession of the Defense or about which the Defense has knowledge and which the Defense intends to use in any way at any pre-trial proceeding, deposition or at trial. Nothing submitted by the Defense to the Court Security Officer pursuant to this paragraph shall be made available to counsel for the Government unless so ordered by the Court, or so designated by the Defense. Any and all items that are classified shall be listed in the defendant's CIPA section 5

notice. To the extent that any classified information is the basis of any motion filed by the Defense, such motion shall be preceded by a CIPA section 5 notice.

22. Information in the public domain is ordinarily not classified. However any confirmation, corroboration, or denial of such information that is based on classified information is subject to the provisions of CIPA. Therefore, any attempt by the defendant or defense counsel to elicit such a confirmation, corroboration, or denial at trial, or in connection with any pre-trial or other proceeding in this case, or to make any public statement of confirmation, corroboration or denial, shall be governed by CIPA and all provisions of this Order.

23. <u>Violations of this Order</u>. Unauthorized use or disclosure of classified information may constitute violations of United States criminal laws. In addition, violation of the terms of this Order shall be immediately brought to the attention of the Court, and may result in a charge of contempt of Court and possible referral for criminal prosecution. Any breach of this Order may result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention or negligent handling of classified information could cause serious damage, and in some cases exceptionally grave damage, to the national defense or foreign relations of the United States. This Order is to ensure that those authorized by the Order to receive classified information will never divulge the classified information disclosed to them to anyone who is not authorized to receive it, or otherwise use the classified information, without prior written authorization from the Originating Agency and in conformity with this Order.

24. All classified information to which the Defense has access in this case is now and will remain the property of the United States Government. The defense counsel, defense counsel

employees, defense translators, and anyone else who receives classified information pursuant to this Order shall return all such classified information in their possession obtained through discovery from the Government in this case, or for which they are responsible because of access to classified information, upon demand of the Court Security Officer. The notes, summaries and other documents prepared by the Defense that do or may contain classified information shall remain at all times in the custody of the Court Security Officer for the duration of this case. All such notes, summaries and other documents are to be destroyed by the Court Secuity Officer one year after the judgment in this case is final or at the conclusion of litigation of any motion filed pursuant to 28 U.S.C. § 2255, whichever date is later, in the presence of defense counsel if so requested.

25. Any and all summaries and translations of classified information that may be provided by the Government to the Defense in pre-trial discovery are intended only as an aid to the Defense in its trial preparation. These documents shall not be used in any proceeding for any purpose, including cross-examination of any witness by defense counsel, unless otherwise agreed to in writing by the Government.

26. <u>Declassified Information</u>. As used herein, the term "declassified information" refers to any and all classified documents, materials and information that have been marked as declassified by the Originating Agency and provided by the Government to defense counsel as part of discovery in this case. Pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, all declassified information shall be governed by the following provisions:

    A. The Defense shall not disclose any declassified information to any person other than the Defendant, witnesses which they may be interviewing or preparing for trial, and

attorneys, law clerks, secretaries, translators, technical and other experts, and investigators, involved in the representation of the Defendant in this case.

B. The declassified information is now and will forever remain the property of the United States Government. At the conclusion of this case the defense counsel, defense counsel employees, defense translators, and anyone else who obtains declassified information through discovery from the Government will return the declassified information and all copies thereof to the Government.

C. The Defense will store the declassified information in a secure place and will use reasonable care to ensure that the declassified information is not disclosed to third persons, including the media, in violation of this agreement.

D. The Government will mark the declassified information with the inscription "U.S. Government Property; May Not Be Used Without U.S. Government Permission." If the Defense makes any further copies of any of the declassified information, the inscription must be included on the copies. Further, if the Defense makes use of the declassified information in a filing or other document, the filing or document must include the inscription.

E. If the Defense releases custody of any of the declassified information, or their copies, summaries or transcripts thereof, to any person described in subparagraph (A), the Defense shall provide such recipients with copies of this Order, and advise them that such information is the property of the United States Government and that any unauthorized use may constitute a violation of law or contempt of court.

F. Nothing herein constitutes a waiver of any right of the Defendant, nor does anything herein restrict in any way the right of the Defense to use the declassified information in

connection with any pleading or proceeding in this case.

G. The above provisions in no way modify or alter the obligation of all counsel to handle classified information in a manner consistent with CIPA and such protective orders as may be entered by the Court in this case.

27. Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to CIPA, FISA, Rule 16(d) or other applicable law as to particular items of discovery material. The Court may amend this Protective Order and/or issue additional Protective Orders as needed.

28. A copy of this Order shall be issued forthwith to counsel for the defendant, who shall be responsible for advising the Defendant and defense counsel employees, of the contents of this Order.

SO ORDERED this 23rd day of April, 2010.

HARRY D. LEINENWEBER
District Court Judge

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | 09 CR 830 |
| ) | |
| v. ) | Hon. Harry D. Leinenweber |
| ) | |
| TAHAWWUR HUSSAIN RANA ) | |
| ) | |
| ) | |

**MEMORANDUM OF UNDERSTANDING**

Having familiarized myself with the applicable laws, I understand that I may be the recipient of information and documents that concern the present and future security of the United States and belong to the United States, and that such information and documents, together with the sources and methods of collecting it, are classified according to security standards set by the United States government. In consideration for the disclosure to me of classified information and documents, as necessary in connection with this case:

1. I agree that I shall never divulge, publish or reveal, either by word, conduct, or by any other means, such classified information and documents unless specifically authorized in writing to do so by an authorized representative of the United States Government, or as required by the Classified Information Procedures Act, or as provided for in the Protective Order entered in this case.

2. I understand this agreement and any other nondisclosure agreement will remain binding upon me after the conclusion of the proceedings in this case.

I have received, read, and understand the Protective Order entered by the United States

District Court for the Northern District of Illinois in the above case, relating to classified information, and I agree to comply with the provisions of that Protective Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

                                                  _____
                                                  (Signature)

                                                  Date: _____

_____
Witness