UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 09 CR 830 |
| vs. | ) | |
| | ) | Judge Harry D. Leinenweber |
| TAHAWWUR HUSSAIN RANA | ) | |

**GOVERNMENT'S OBJECTIONS
TO DEFENDANT'S DISCOVERY MOTION**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD, states as follows as objections to defendant's motion for immediate disclosure of favorable evidence. R. 56.

**I.   BACKGROUND**

To date, the government has provided the defense with extensive discovery. The government has gone well beyond what is required, and has previously described to the Court the nature of those materials which the government has tendered to the defense. R. 84, at1-2. After the defendant filed his motion for immediate disclosure of favorable evidence, the government acknowledged its discovery obligations and asserted that defendant's motion was moot. The defendant requested the government to provide any objections to the individualized requests made within its motion. This filing contains such objections.

In addition to the specific responses below, the government generally notes that defendant requests broad categories of information with little, if no, limits on time, subject matter or materiality, as well as information that, if it exists, is beyond the

knowledge, control and possession of the government's prosecution team, including but not limited to information that is possessed by foreign governments.

Defense Request

1. Any and all grants of immunity, favors, or promises of any kind, made to any witness in connection with obtaining his or her testimony or assistance. This includes any plea agreement entered into between the government and the witness, as a result of which the witness is testifying against Defendant in this case, or on behalf of the government at any other trial, grand jury or other proceedings, or is otherwise furnishing information to the government. Also requested are any requests for authorization from the Department of Justice to apply for compulsion orders in which the government attorneys, in setting forth the basis of said request, referred to suspicions or allegations of the government, or its agencies, with respect to the involvement of the witness in the allegations set forth in the indictment.

Response

The government objects to the vague and overbroad nature of the request regarding favors or promises "of any kind" without any reference to time, subject matter or materiality. The government acknowledges its responsibility to provide impeaching material pursuant to *Giglio* and will do so in relation to witnesses called at trial. Plea agreements will be public record, but nonetheless a copy of any such agreement will be provided to defendant. Further, the government objects to the disclosure of internal memoranda submitted to the Department of Justice. Fed. Rule Crim. Pro. 16(a)(2)("this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government of other government agent in connection with investigating or prosecuting the case.")

Request

2. Any assistance, financial or otherwise, provided by any attorney or agent of the government to any witness for any reason, including assistance with local or federal law enforcement agencies, or any other agency of federal, state, or local government.

Response

The government objects to the vague and overbroad nature of "any" assistance "for any reason" without any reference to time, subject matter or materiality. That said, the government acknowledges its responsibility to tender impeaching materials pursuant to *Giglio v. United States,* 405 U.S. 150 (1972).

Request

3. Any information, including but not limited to informant files, regarding past or current cooperation by any co-Defendant, or any other witness, with the Federal Bureau of Investigation, Central Intelligence Agency, Drug Enforcement Agency, National Security Agency, Department of Justice, Department of Defense, Department of State, Department of Homeland Security, Office of Terrorism and Financial Intelligence, any office of the United States Attorney, and any other domestic or foreign intelligence agency, in this or any other matter.

Response

The government objects to the vague and overbroad nature of the request for "any" information relating to cooperation without any reference to time, subject matter or investigation, including wholly unrelated matters; and materiality. Further, the government objects to the overbroad request for information with "any" "domestic" agency, including but not limited to those identified. *United States v. Morris,* 80 F.3d 1151 (7th Cir. 1996). The government states that it will conduct an appropriate, timely review of the holdings of the prosecution team, and will tender to the defense those

materials that meet the *Brady* and *Giglio* standards, or make an appropriate filing with the Court, including but not limited to its Section 4 filing under the Classified Information Procedures Act ("CIPA"). Further, the government objects to any request for the holdings of foreign governments as such information is not within the government's control.

<u>Request</u>

    4.    The criminal identification and history sheet (rap sheet) of each potential government witness.

<u>Response</u>

The government will produce NCIC reports for its witnesses.

<u>Request</u>

    5.    Information regarding any criminal charges pending against any potential government witness which have not been disposed of either by conviction or acquittal.

<u>Response</u>

The government objects to the overbroad nature of "any" criminal charges without further specificity as to the charging authority, which could include foreign entities. As stated, the government will produce NCIC reports for its witnesses (which will reveal arrests not resulting in conviction), as well as any information known to the prosecution team concerning pending charges. *United States v. Young,* 20 F.3d 758 (7th Cir. 1994).

Request

6. Information regarding any criminal activity in which a potential government witness has engaged which has not resulted in prosecution or conviction.

Response

The government objects to the overbroad nature of "any" criminal activity without any restriction as to time, subject matter or materiality. That said, the government acknowledges its responsibility to tender materials pursuant to *Giglio v. United States,* 405 U.S. 150 (1972), and will produce information known to the prosecution team.

Request

7. All mental, psychiatric, or drug abuse and dependency records of any individuals who are intended to be called as witnesses insofar as said reports related to said individual's ability to be truthful, forthright and honest as a witness and to know, hear, see, tell, and relate facts which occur in their presence as such is in the possession, custody or control or is known to the government or as may become so known through the exercise of due diligence on the part of the government.

Response

The government objects to the overbroad nature of this request without any reference to time or materiality, and acknowledges its responsibility to tender impeaching materials known to the prosecution team pursuant to *Giglio v. United States,* 405 U.S. 150 (1972). The government further objects to the request for information to be obtained by the government "through the exercise of due diligence." *Young,* 20 F.3d at 764 ("[a]s a general rule, the prosecution's obligation in a criminal proceeding to disclose information is limited to information known to the prosecution");

5

*United States v. Senn*, 129 F.3d 886, 892 (7th Cir. 1995)(prosecution is not required to conduct investigation for the defense).

    Request

8. Any handwritten notes, made contemporaneously or otherwise, memoranda, correspondence, transcripts, statements, or other memorializations pertaining to persons interviewed by the government who claimed to have knowledge or information concerning the allegations set forth in the indictment, in which the witness or interviewee stated in substance that he or she was unaware of Defendant's involvement in the allegations set forth in the indictment, or that the activities in which Defendant is alleged to have participated did not take place.

    Response

The government objects to the overbroad nature of the request to the extent it requests interviews of persons claiming knowledge of the Mumbai attacks or activities of Lashkar e Tayyiba generally wherein there were no questions asked and no information provided concerning Rana whatsoever. That said, to the extent that the prosecution team has within its control a record of an interviewee who claims to have knowledge of relevant events and affirmatively states that Rana did not act as alleged, the government acknowledges its obligation to tender such information.

    Respectfully Submitted,

    PATRICK J. FITZGERALD
    United States Attorney

By:  /s/ Daniel J. Collins
    VICKI PETERS
    DANIEL J. COLLINS
    Assistant United States Attorneys
    219 South Dearborn Street
    Chicago, Illinois 60604

Dated: July 16, 2010     (312) 353-5300