**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 CR 830-4 |
| ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, ) | |
| (TAHAWWUR RANA) ) | **UNDER SEAL** |
| ) | |
| Defendant. ) | |

**DEFENDANT RANA'S UNDER SEAL MOTION FOR A PRETRIAL
HEARING CONCERNING COCONSPIRATOR STATEMENTS[1]**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY** and **DANIEL A. RUFO,** respectfully moves this Court, pursuant to the Due Process, Effective Assistance of Counsel and Confrontation Clauses of the Fifth and Sixth Amendments to the Constitution to the United States, Rules 801(d)(2)(E) and 104(a) of the Federal Rules of Evidence, and the principles enunciated in *Bourjaily v. United States*, 483 U.S. 171, 107 S.Ct. 2775, 97 L.Ed.2d 144 (1988), and *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978), for a pretrial hearing to determine preliminarily the admissibility of coconspirator statements against him.

In support of this motion, Defendant, through counsel, shows to the court the following:

1.  As the Court is aware, Defendant is charged in three counts of a twelve count superseding indictment which alleges, in summary, activities related to an infamous attack in Mumbai in November of 2008, and a plot to blow up a newspaper building in Denmark. The

---

[1]This motion is filed under seal as it discusses information contained in discovery marked sensitive by the government.

three counts naming Defendant allege: (1) conspiracy to provide material support to terrorism in India (Count Nine); (2) conspiracy to provide material support to terrorism in Denmark (Count Eleven); and (3) providing material support to a designated terrorist organization (Count Twelve).

2. In the course of discovery, the government has produced voluminous reports, including numerous statements by codefendant David Coleman Headley as well as other codefendants. Headley is also likely to testify against Defendant at trial.

3. While many of the statements of Headley, other codefendants and uncharged individuals represent hearsay as to Defendant, they may nevertheless be admissible under the exception to the hearsay rule set forth at Rule 801(d)(2)(E) of the Federal Rules of Evidence as statements made by coconspirators during the course of and in furtherance of the conspiracy.

4. Before such statements are admitted, however, this Court must make a preliminary determination as to their admissibility pursuant to Rule 104(a) of the Federal Rules of Evidence. *Bourjaily v. United States, supra*. Such a determination must be premised upon the government's presenting to the Court sufficient evidence to convince the Court that it is more likely than not that: (1) a conspiracy existed; (2) the defendant and the declarant(s) were members thereof; and, (3) the proffered statement(s) were made during the course of, and in furtherance of, the conspiracy. *Santiago, supra*; *United States v. Cox*, 923 F.2d 519, 527 (7th Cir. 1991).

5. The Court may make such determination either on the basis of a written proffer submitted by the government or by requiring a hearing on the issue. *Cox*, *supra*. Defendant acknowledges that the Seventh Circuit has suggested that a proffer or government preview of the

evidence prior to trial is the preferable procedure, and that it has discouraged the practice of permitting a "full blown" preliminary hearing on the basis of inefficiency and potential duplicity. *Cox*, *supra*, at 526, citing *United States v. Shoffner*, 826 F.2d 619, 630 (7th Cir. 1987), *cert. denied sub nom*, *Strange v. United States*, 484 U.S. 958, 197 S.Ct. 356, 98 L.Ed.2d 381 (1987).

6. Nonetheless, the Court may still grant such an evidentiary hearing. Defendant submits that this case presents an exceptional circumstance where such a hearing will not only result in greater judicial efficiency, but also avoid substantial prejudice to Defendant.

7. As the Court is aware, the nature of the allegations in this case are incredibly serious, and Defendant faces a potential sentence of life imprisonment if convicted.

8. Moreover, the charges are complex and wide ranging. The two conspiracies charged in the Superseding Indictment involve at least two foreign terrorist organizations, hundreds of individuals alleged to be members of those organizations, officials of the government of Pakistan, Pakistan's intelligence agency, multiple foreign countries, countless foreign citizens, and innumerable individuals who the government will likely claim are members of the charged conspiracies.

9. The government will also likely take an expansive view of the "in furtherance" requirement in its efforts to admit statements of coconspirators.

10. As such, counsel submit that this case, perhaps more than any other, calls for a hearing, as opposed to a written proffer, as the means by which the Court should determine the admissibility of alleged coconspirator statements. Without a hearing, this Court will be left solely with the representations of the government that its evidence will sufficiently establish the existence of the conspiracies and sufficiently connect Defendant to them, so as to permit the

introduction of coconspirator statements.

11.     Nor, will a mere *Santiago* proffer provide sufficient guidance as to what specific statements, or sorts of statements, the government believes meet the requirements of Rule 801(d)(2)(E). This will lead to numerous side bars or other hearings outside the presence of the jury and considerable confusion.

12.     In sum, the allegations and evidence in this case are fare more complex and wide-ranging than those found in a typical conspiracy charge. The Court should exercise its discretion and conduct a pre-trial hearing to determine whether the charged conspiracies regarding Defendant Rana exist, and what specific coconspirator statements are admissible regarding those alleged conspiracies.[2]

WHEREFORE, Defendant respectfully requests that the court conduct a pretrial hearing to determine whether statements will be admitted pursuant to Rule 801(d)(2)(E) and what specific alleged coconspirator statements will be admitted.

Respectfully submitted,

 s/Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

---

[2]Alternatively, Defendant requests that the government be required to provide a *Santiago* proffer sixty (60) days in advance of trial.

## **CERTIFICATE OF SERVICE**

      I hereby certify that foregoing Defendant Rana's Under Seal Motion for Pretrial Hearing Concerning Coconspirator Statements was served on November 15, 2010, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                              **s/ Patrick W. Blegen**
                                                             **PATRICK W. BLEGEN**
                                                             53 West Jackson Boulevard, Suite 1437
                                                             Chicago, Illinois 60604
                                                             (312) 957-0100