**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-4 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

**DEFENDANT RANA'S UNDER SEAL MOTION TO QUASH ARREST,
SUPPRESS EVIDENCE, AND REQUEST FOR AN EVIDENTIARY HEARING**[1]

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY** and **DANIEL A. RUFO**, pursuant to the Fourth Amendment to the Constitution of the United States, Rules 2 and 12(b)(3) of the Federal Rules of Criminal Procedure, as well as this Court's inherent supervisory powers, respectfully moves this Court for its order quashing the arrest of Defendant on October 18, 2009, and suppressing as evidence in this, or any other criminal proceeding, any and all evidence obtained as a result of Defendant's arrest and fruits derived therefrom, including Defendant's post-arrest statement.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1. As the Court is aware, Defendant Tahawwur Rana is charged in three counts of a twelve count superseding indictment with Conspiracy to Provide Material Support to Terrorism in India (Count Nine), Conspiracy to Provide Material Support to Terrorism in Denmark (Count Eleven), and with Providing Material Support to *Lashkar e Tayyiba* (Count Twelve).

---

[1] Counsel have filed this motion under seal as it refers to discovery marked sensitive by the government.

2. Rana was arrested on the morning of October 18, 2009, when agents from the FBI arrived at his home to execute a search warrant. After entering Rana's home, agents placed him under arrest. Subsequent to Rana's arrest, agents executed the search warrant and confiscated various items.

3. The agents did not possess a warrant for Rana's arrest. Nor does it appear that there were exigent circumstances justifying a warrantless arrest. Instead, the agents appear to have relied on the search warrant as the legal basis to enter Rana' home and their own conclusion that they possessed probable cause as the legal basis for his arrest. *See*, *Russell v. Harms*, 397 F.3d 458, 466 (7th Cir. 2005).

4. Rana's arrest was not the result of the discovery of any incriminating evidence found during the search of his home. Rather, he was arrested prior to the search. Therefore, any probable cause to arrest must have existed when the agents arrived at Rana's home. *See*, *United States v. Taylor*, 302 F.Supp.2d 909, 913 (N.D. Ind. 2004), *citing Maltby v. Winston*, 36 F.3d 548, 557 (7th Cir. 1994) ("Information obtained subsequent to the arrest, no matter how compelling, does not inform the inquiry as to whether probable cause was present.")

5. Rana submits that his arrest was made in the absence of probable cause and therefore in violation of the Fourth Amendment. A warrantless arrest based on probable cause is justified only where the officers have knowledge or reasonably trustworthy information of facts and circumstances sufficient to warrant a person of reasonable caution to believe that an offense has been or is being committed by the person to be arrested. *Dunaway v. New York*, 442 U.S. 200 (1979); *Beck v. Ohio*, 379 U.S. 89 (1964). Courts evaluate an arrest by looking to the totality of the circumstances to assess whether officers could reasonably believe that an

individual has committed a crime. *United States v.* Navarro, 90 F.3d 1245, 1254 (7th Cir. 1996).

      6.      When an arrest is effected without a warrant, the burden is on the government to establish the legality of the arrest. *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985), *citing* 3 LaFave, Search and Seizure § 11.2, at 499 (2d ed. 1981) ("because the evidence allegedly constituting probable cause is solely within the knowledge and control of the arresting officers, they should bear the additional burden of establishing that probable cause in fact existed."). As the government is seeking to invoke an exception to the warrant requirement, it is their burden to establish that the agents possessed the requisite probable cause. *Id.*

      7.      At the time of Rana's arrest, it appears that the incriminating evidence regarding Rana in the government's possession is set forth in the warrant to search Rana's home. But the FBI also had substantial information exculpating Rana. Two weeks prior to arresting Rana, the FBI arrested co-defendant David Headley. Headley was then interviewed and gave a two-week long videotaped post-arrest statement detailing his own involvement in the Mumbai attacks of November 26, 2008 and a planned attack on a newspaper office in Copenhagen, Denmark. Headley was repeatedly asked about Rana, and he repeatedly denied that Rana had any knowledge or involvement in terrorist activity. Headley also provided explanations contradicting the agents' suspicions regarding Rana.[2]

      8.      Furthermore, the government provided no evidence, either in the search warrant affidavit or in the initial criminal complaint, to suggest that Headley's statements regarding Rana were not credible. In fact, the government relied on other statements of Headley, not directly

---

[2] The details of Headley's exculpatory statements regarding Rana are set forth in Defendant Rana's Under Seal Motion to Suppress Evidence and Request for a *Franks* Hearing. (Docket No. 144, paragraphs 9-10).

related to Rana, to support its request for a search warrant.

9. Defendant submits that, given the facts and circumstances known to the FBI at the time of his arrest, including exculpatory evidence, there was no probable cause to arrest Rana. The arrest is therefore in violation of the Fourth Amendment.

10. In light of the Fourth Amendment violation, all evidence obtained as a result of the arrest is barred from introduction as evidence by the exclusionary rule. *See, United State v. Ienco*, 182 F.3d 517 (7th Cir. 1999) ("The exclusionary rule is a judicially created remedy that prohibits the government from introducing at the defendant's trial evidence of guilt obtained through violations of the Fourth Amendment."); *United States v. Leon*, 468 U.S. 897, 906, 104 S.Ct. 3405 (1984).

11. Evidence obtained indirectly, for example, Defendant's post-arrest statement, should be barred as the fruit of the poisonous tree. *See, Wong Sun v. United States*, 371 U.S. 471, 484, 83 S.Ct. 407 (1963) ("The exclusionary prohibition extends as well to the indirect as the direct products of such invasions."); *Silverthorne Lumber Co. v. United States,* 251 U.S. 385, 40 S.Ct. 182 (1920). The exclusionary rule does not require only that improperly obtained evidence be barred from introduction at trial, but also that the evidence not be used at all. *Wong Sun*, 371 U.S. at 485. Any evidence obtained through the use of improperly obtained evidence must be suppressed, including verbal statements. *Id.*

12. Defendant requests an evidentiary hearing so that he may contest the government's efforts to meet its burden regarding probable cause.

WHEREFORE, Defendant requests that following an evidentiary hearing this Court enter its order quashing his arrest and suppressing as evidence in this, or any other criminal

proceeding, any and all evidence, or fruits derived therefrom, obtained as a result of the illegal arrest of Defendant.

                                              Respectfully submitted,

                                              **s/ Patrick W. Blegen**
                                              **PATRICK W. BLEGEN**, One of the
                                              Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

## **CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing Defendant Rana's Under Seal Motion to Quash Arrest and Suppress Evidence was served on November 22, 2010, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                             **s/ Patrick W. Blegen**
                                             **PATRICK W. BLEGEN**
                                             53 West Jackson Boulevard, Suite 1437
                                             Chicago, Illinois 60604
                                             (312) 957-0100