**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-4 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

**DEFENDANT RANA'S UNDER SEAL MOTION  FOR
RELIEF FROM PREJUDICIAL JOINDER OF COUNTS[1]**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W.
BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY** and **DANIEL A. RUFO**, pursuant to
Federal Rule of Criminal Procedure 14, as well as the Due Process and Effective Assistance of
Counsel provisions of the Fifth and Sixth Amendments to the Constitution of the United States
and this Court's inherent supervisory powers, respectfully moves this Court for an order severing
Count Eleven from Counts Nine and Twelve.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1.      As the Court is aware, Defendant is charged in three counts of a twelve count
superseding indictment with Conspiracy to Provide Material Support to Terrorism in India
(Count Nine), Conspiracy to Provide Material Support to Terrorism in Denmark (Count Eleven),
and with Providing Material Support to *Lashkar e Tayyiba* (Count Twelve).

2.      Both Counts Nine and Twelve of the superseding indictment involve the *Lashkar
e Tayyiba* (LeT) attack on Mumbai, India in November of 2008.  Count Eleven, on the other

---

[1]Counsel have filed this document under seal as it discusses discovery marked sensitive by the government.

hand, involves a planned attack by *Harakat ul Jihad Islami* (HUJI), on the offices of the Danish

newspaper, the *Jyllands-Posten*, in Copenhagen, Denmark. Codefendant David Headley has

indicated in discovery that LeT was involved in the Mumbai attack, but that LeT did not wish to

proceed with an attack on the *Jyllands-Posten*. Headley admitted that he then began working

with HUJI to plan the attack.

3.    This Court should enter an order severing Counts Nine and Twelve from

Count Eleven pursuant to Rule 14 of the Federal Rules of Criminal Procedure on the basis that

the joinder of the counts will prejudice Defendant. Rule 14 provides:

> If the joinder of offenses or defendants in an indictment, an information, or a
> consolidation for trial appears to prejudice a defendant or the government, the
> court may order separate trials of counts, sever the defendants' trials, or provide
> any other relief that justice requires.

Fed. R. Crim. P. 14(a).

4.    Rule 14 thus authorizes a district court to sever offenses if joinder would be

prejudicial to either party. A decision to grant a motion for severance will not be disturbed on

appeal unless the party opposing the grant or denial of severance demonstrates a clear abuse of

discretion. *United States v. Quilling*, 261 F.3d 707, 714 (7th Cir 2001).

5.    When multiple counts are joined in a single indictment, such joinder carries with

it the risks of "defendant embarrassment or confoundment in presenting separate defenses

simultaneously, jury cumulation of evidence, and jury inference of criminal disposition." *United

States v. Coleman*, 22 F.3d 126, 132 (7th Cir. 1994). The First Circuit has described the primary

examples of prejudice from joinder as follows:

> (1) the defendant may become embarrassed or confounded in presenting separate
> defenses; (2) proof that defendant is guilty of one offense may be used to convict him
> of a second offense, even though such proof would be inadmissible in a separate trial

2

for the second offense; and (3) a defendant may wish to testify in his own behalf on one of the offenses but not another, forcing him to choose the unwanted alternative of testifying as to both or testifying as to neither.

*United States v. Scivola,* 766 F.2d 37 (1st Cir. 1985).

6.      In this case, Defendant will undoubtedly be prejudiced in that he will face a trial for alleged participation in two separate terrorist plots, involving separate terrorist organizations, separate countries and separate motivations. It is likely that the cumulative effect of hearing evidence regarding two separate terrorist attacks, both highly incendiary in nature, will prejudice jurors against Defendant and render them unable render an objective verdict.

7.      The allegation that Defendant is involved in two separate terrorist plots may also lead the jury to infer that Defendant is disposed towards terrorism and convict him on that basis, rather than on the evidence. Furthermore, a jury may not readily comprehend that there are wholly separate terrorist organizations involved in these plots, rather than one overarching group. The risk of jury confusion and prejudice is simply too high to force Defendant to stand trial on both the Mumbai charges and Denmark charge.

8.      Worse than the risk of jury bias or confusion, is that Defendant will be prejudiced at trial in that he will be forced to present conflicting defenses to the separate terrorist plots. As discussed above, the Mumbai and Denmark charges are distinct offenses involving separate organizations. Defendant is already at a disadvantage given the inflammatory nature of the charges. Such a disadvantage will only be compounded by requiring Defendant to present defenses which will overlap or conflict, potentially damaging his credibility in the eyes of the jury. Furthermore a jury may infer Defendant's guilt simply because there is no single cohesive defense. Given the risk involved in forcing Defendant to stand trial on these separate and

3

distinct charges and forcing him to present two conflicting defenses, this Court should grant a severance.

9.     Defendant acknowledges that he "must show actual prejudice resulting from the joinder of counts" and "not merely that he would have a better chance of acquittal if the counts were severed." *United States v. L'Allier*, 838 F.2d 234, 241 (7th Cir. 1988). Furthermore, the need for a "severance arises when a defendant'makes a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from testifying on the other count." *United States v. Best*, 235 F.Supp.2d 923, 929 (N.D. Ind. 2002) *quoting United States v. Archer*, 843 F.2d 1019, 1022 (7th Cir. 1988).

10.     Defendant submits that he has both important testimony to give regarding Counts Nine and Twelve and a strong need to refrain from testifying with regard to Count Eleven. Counsel have filed herewith a request for leave to file an *ex parte* supplement to this motion, which includes a description of the conflicting defenses and Defendant's potential testimony.

WHEREFORE, based on the foregoing, Defendant respectfully moves this Court for the entry of an order severing Count Eleven from Counts Nine and Twelve.

Respectfully submitted,

 s/Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that foregoing Defendant Rana's Under Seal Motion for Relief from Prejudicial Joinder of Counts was served on November 22, 2010, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

<u>**s/ Patrick W. Blegen**</u>
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100