**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-4 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.,* | ) | |
| (TAHAWWUR HUSSAIN RANA), | ) | **UNDER SEAL** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RANA'S UNDER SEAL REPLY TO THE GOVERNMENT'S
MEMORANDUM IN OPPOSITION TO HIS MOTION TO SUPPRESS
POST-ARREST STATEMENT AND REQUEST FOR EVIDENTIARY HEARING**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W.
BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY**, and **DANIEL A. RUFO**, respectfully
submits the following reply to the government's memorandum in opposition to Defendant's
motion to suppress post-arrest statement and request for evidentiary hearing.

**I.      Defendant Unambiguously Invoked his Right to Counsel.**

The government argues that, when viewed under an objective standard, Defendant's
statement to the FBI regarding an attorney does not amount to an unequivocal invocation of his
right to counsel as it is "insufficient to alert a reasonable FBI agent that he was requesting an
attorney." (Gov. Memorandum in Opposition, p. 4-5). The government contends that
Defendant's statements were ambiguous and dealt only with the future possibility of having an
attorney represent him when he went to court, rather than a present desire to communicate with
counsel. *Id.*

The government's argument mis-comprehends Defendant's statement. After he learned,
for the first time, that he would be facing charges and would eventually be taken before a judge,

Defendant stated "Ok. . . So then if I am going to judge then I should have an attorney, regardless at that time I will need an attorney." This statement is an unambiguous expression of a desire to communicate with counsel presently. The statement is not limited to future representation before a judge; Rana was clearly aware that he would absolutely need an attorney at that point. Defendant's statement makes clear his desire was to talk to an attorney now, before he appeared before a judge.[1]

The case law in both the Supreme Court and the Seventh Circuit indicates that once a Defendant unambiguously invokes a desire to consult with counsel, questioning must stop. *See*, *Edwards v. Arizona*, 451 U.S. 477 (1981) ("We futher hold that an accused [ ] having expressed his desire to deal with the police only through counsel, is not subject to further interrogation by the authorities..."), *Davis v. United States*, 512 U.S. 452, 459 (holding that the invocation of the right to counsel must be unambigous). In *Lord v. Duckworth,* 29 F.3d 1216 (7th Cir. 1994), the Seventh Circuit expressly stated that "I think I should call my lawyer" was a proper invocation of the right to counsel.[2] *Id*. at 1221, *citing Robinson v. Borg*, 918 F.2d 1387, 1391 (9th Cir.1990). Such a statement has a "clear implication of a present desire to consult with counsel." *Lord* at 1221. Here, Defendant's statement ("OK...if I am going to judge then I should have an attorney...") is virtually identical to the statement held unequivocal in *Lord*. Viewing Defendant's statement under an objective standard, he unambiguously invoked his right to

---

[1]The government's view appears to be that Rana essentially said the same thing twice. "So then if I am going to judge then I should have an attorney..." means that he wanted an attorney when he saw the judge. And, "regardless, at that time I will need an attorney" means he wanted an attorney when he saw the judge. The only reading that comports with the language actually used is that Rana said he should have an attorney now because regardless he would need one at the time he saw the judge.

[2]The government has not explained how the phrase "I think I should call my lawyer" is different from "I should have an attorney."

2

counsel by expressing his present desire to speak to an attorney. A reasonable FBI agent should have been alerted that he was requesting an attorney.

The government also suggests that Defendant's later comments and actions, including a break to use the restroom followed by continuing to answer the government's questions, undercut Defendant's assertion that he properly invoked his right to counsel. For this proposition the government cites *United States v. Shabaz,* 579 F.3d 815, 819 (7th Cir. 2009) ("[O]ur analysis does not end with words alone; as in our previous cases, we also consider the circumstances in which the statement was made.") However, *Shabaz* does not suggest that later statements can be used to undercut an *unambiguous* request for counsel. Rather, *Shabaz* holds that, when dealing with an *ambiguous* statement, a court must "also consider the circumstances in which the statement was made." *Id.* at 819.[3] As such, if the Court determines that "Ok. . . So then if I am going to judge then I should have an attorney, regardless at that time I will need an attorney" is an unambiguous request for counsel, the analysis is complete.[4]

In *Shabaz*, the defendant, prior to receiving his *Miranda* warning, stated "am I going to get an attorney?" The defendant was then read his *Miranda* rights and interrogated. *Id.* at 818. The court held that the defendant's question was not a clear request for counsel. Therefore, the court turned to the circumstances of the defendant's interrogation and determined that the

---

[3]If *Shabaz* does hold, as the government contends, that later comments can undo an unequivocal invocation of the right to counsel, *Shabaz* conflicts with the Supreme Court's determination in *Smith v. Illinois*, 469 U.S. 91, 98 (1984) that "[w]here nothing about the request for counsel or the circumstances leading up to the request would render it ambiguous, all questioning must cease."

[4]The critical circumstance in *Shabaz* was that the defendant received *Miranda* warnings after his statement regarding counsel, but did not repeat his request. Here, Rana requested counsel after he was told he would be charged and taken to a judge.

circumstances supported the conclusion that he never made an unambiguous request for counsel. *Id*. at 819.

But, no such ambiguity existed here. Defendant stated that he should have an attorney now if he was going to go before the judge later. His intention was not that he should have an attorney at the time he was to be taken before the judge; that was a given. This is the precise sort of statement that was held to be unambiguous in *Lord*. There is no reason then to look to any of the surrounding circumstances as there was no ambiguity.

Ultimately, what Defendant said to or discussed with the agents after his invocation is irrelevant. As soon as Defendant stated that he should have an attorney, his questioning should have immediately stopped. *See*, *Edwards v. Arizona*, 451 U.S. 477 (1981). As the interviewing agents did not honor Defendant's invocation of his right to counsel, his statement should be suppressed from the moment of his invocation on. *United States v. Lee*, 413 F.3d 622, 625 (7th Cir. 2005) *citing Edwards*, 451 U.S. at 485 ("If an accused confesses, but the police have violated the principles of Miranda, that statement cannot be used against the accused at trial.")

## II. The Government's Examples of Ambiguous Statements are Distinguishable from Defendant's Statement.

The government notes that the Seventh Circuit has concluded that statements such as: "Am I going to be able to get an attorney?"; " I can't afford a lawyer but is there anyway we can get one?"; "I don't know if I need an attorney"; "Maybe I should get an attorney"; "Do I need an attorney?"; and "but excuse me, if I am right, I can have a lawyer present through all of this, right?" were held to be ambiguous or were insufficient to invoke the right to counsel. All of the government's examples are obviously distinguishable, however, as they are questions or contain an expression of uncertainty such as "maybe" or "I don't know."

4

Defendant's statement is not a question, nor does it contain a statement of uncertainty. Defendant's statement is more akin to statements that the Seventh Circuit has held to be unequivocal, such as: "I think I should call my lawyer"; "Can I talk to a lawyer? At this point I think maybe you're looking at me as a suspect and I should talk to a lawyer. Are you looking at me as a suspect?"; or "Can I have a lawyer?"; *See Lord*, 39 F.3d at 1221, *Lee*, 4134 F.3d at 626. All of these statements, much like Defendant's, demonstrate a present desire to speak with an attorney and as such they sufficiently invoke the right to counsel.

**III.    Conclusion**

WHEREFORE, Defendant respectfully requests that the Court enter its order suppressing as evidence in this or any other criminal proceeding, certain statements purportedly made by Defendant Rana on October 18, 2009, subsequent to the invocation of his right to counsel.

Respectfully submitted,

**s/Patrick W. Blegen**
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

5

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that foregoing Defendant Rana's Under Seal Reply to the Government's Memorandum in Opposition to his Motion to Suppress Post-Arrest Statement and Request for Evidentiary Hearing was served on December 8, 2010, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

<u>**s/ Patrick W. Blegen**</u>
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100