# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 09 CR 830 |
| | ) | |
| TAHAWWUR HUSSAIN RANA | ) | Judge Harry D. Leinenweber |
| | ) | |

## AMENDED ORDER

WHEREAS, the parties stipulate that they have a compelling interest in preventing certain sensitive but unclassified discovery materials from being disclosed to anyone not a party to the court proceedings in this matter; such material may include information relevant to ongoing national security investigations and prosecutions; information provided to the United States by foreign law enforcement, some of which may have led to prosecutions in other countries that are sensitive to pre-trial publicity; and materials implicating the privacy interests of the defendant and third parties;

AND WHEREAS, the parties further stipulate that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendant and his counsel of record into two categories: (1) general discovery materials, and (2) sensitive discovery materials. The category to which particular discovery materials belong shall be clearly identified by the government;

IT IS FURTHER ORDERED that "general discovery materials" shall not be further disseminated[1] by the defendant or his counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff) and (ii) experts retained to assist in the preparation of the defense. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. In addition, counsel of record for the defendant, any co-counsel, and any defense investigator may show (but not provide copies of) any of such general discovery materials to witnesses or potential witnesses, if it is determined that it is necessary to do so for the purpose of preparing the defense of the case;

IT IS FURTHER ORDERED that "sensitive discovery materials"[2] shall not be further disseminated by the defendant or his counsel of record to any individuals, organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the

---

[1] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

[2] The category of sensitive discovery materials includes all declassified information or materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case. Such declassified materials shall be collectively referred to as "FISA Information."

express direction of counsel of record or co-counsel. The government shall provide a hard copy of any sensitive discovery material appropriately so marked. It is expressly understood that counsel for the defendant or co-counsel may not provide originals or copies of sensitive discovery materials to witnesses or potential witnesses. Counsel or co-counsel may show sensitive discovery materials to witnesses or potential witnesses in counsel or co-counsel's office, or may summarize sensitive discovery materials for a witness or potential witness, if it is determined that it is necessary to do so for purposes of preparing the defense to this case;

IT IS FURTHER ORDERED that all discovery material, whether general or sensitive, is to be returned to the Government at the conclusion of the case;

IT IS FURTHER ORDERED that all declassified FISA Information that is provided as part of the sensitive discovery materials in this case is now and will forever remain the property of the United States Government. Defense counsel will return the FISA Information, and all copies thereof, to the Government at the conclusion of the case. Defense counsel in receipt of FISA Information may only make copies of the FISA Information in accordance with this order. Defense counsel will permanently inscribe on any such copies the following notation: "U.S. Government Property; May Not Be Used Without U.S. Government Permission.";

IT IS FURTHER ORDERED that all such sensitive discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense;

IT IS FURTHER ORDERED that no party shall make, or participate in the making of, any extrajudicial disclosure of sensitive discovery materials for dissemination by means of public communication;

IT IS FURTHER ORDERED that any papers to be served upon the Court by either party

which include sensitive discovery materials or refer to the contents of sensitive discovery materials shall be filed under seal;

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that counsel shall store all sensitive discovery materials, and any copies thereof, in a secure place;

IT IS FURTHER ORDERED that notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the defendant from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material;

FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

_____
JUDGE HARRY D. LEINENWEBER
UNITED STATES DISTRICT COURT

Dated: December ___, 2010