IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    Plaintiff,<br><br>    v.<br><br>**ILYAS KASHMIRI,** *et al.*,<br>**(Tahawwur Hussain Rana)**<br><br>    Defendants. | Case No. 09 CR 830-4<br><br>Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Tahawwur Hussain Rana's ("Defendant") Motion to Suppress Post-Arrest Statement and Request for Evidentiary Hearing. For the reasons stated below, Defendant's Motion is denied.

### I.  INTRODUCTION

Defendant has been charged in three counts of a twelve-count superseding indictment for providing material support to terrorists, brought pursuant to 18 U.S.C. § 2339(A), in connection with the November 2008 attacks in Mumbai, India, and a plot to attack a newspaper building in Denmark. Defendant was arrested on October 18, 2009, and taken to the Federal Bureau of Investigation's (the "FBI") Chicago office for questioning by two FBI agents. Prior to this interrogation, the agents provided Defendant *Miranda* warnings. In providing these warnings, the

agents told Defendant that he had "the right to talk to a lawyer for advice before we ask you any questions," "the right for the lawyer to be here present with you during any questioning," and "if you [Rana] would like to have an attorney, you can have an attorney, you can have an attorney here." Defendant waived his *Miranda* rights, both orally and in writing. According to a time stamp on the video of the questioning, the interrogation began at 8:48 a.m.

Almost three-and-a-half hours into the interrogation, at approximately 12:10 p.m., Defendant asked the agents if he could use the washroom. One agent left the room to apparently make arrangements for this request. At this time, Defendant asked the agent still present in the room if the government was charging him with a crime. The agent told Defendant that he had been placed under arrest that morning. Then, at approximately 12:12 p.m., the period of the interrogation at which Defendant contends he requested an attorney occurred. The exchange proceeded as follows:

> **Defendant**: So, the, I mean, generally I'm not aware of the criminal part. When you say that you are arrested, generally don't they give you a charge sheet that they are charging you with so much? Or can they have somebody under suspicion and just, you know, take that person in?
>
> **Agent 1**: Yes, I think that a judge would advise you of everything that you are being charged with.
>
> **Defendant**: So then if I am going to [a] judge, (the door opens and the agent who left the room apparently returns) then I should have an attorney. Regardless, at that time I will need an attorney.

**Agent 1:** Uh, you are welcome to get an attorney at any time you want.

**Defendant:** Ok, so I mean, if I am going to the judge, there will be an attorney required to represent me, right?

**Agent 1:** Um, you have to, um . . .

**Agent 2:** You have the right to an attorney, absolutely.

**Agent 1:** Yeah, you definitely have the right to an attorney.

**Defendant:** Yeah, I mean, if it has to be later on then he should be, he will have to go through all this, whatever is going on so he knows. Let me pee and then make a decision (Defendant walks out to use the washroom and agents talk at same time) because if I have to go to the judge, then definitely there should be somebody who is supposed to . . . (Defendant leaves, still talking).

Defendant left the room at 12:13 p.m. He returned at approximately 12:20 p.m., and the interrogation resumed. He did not raise the subject of having an attorney at the interrogation upon his return. The questioning lasted until almost 3 p.m.

Defendant contends that he invoked his right to counsel before he went to the washroom, and at this point the agents should have ceased their interrogation until an attorney was present with him, or until he initiated the conversation. He asks the Court to suppress all statements he made after he invoked his right to counsel, and any evidence related to these statements in this and any other matter. He also requests an evidentiary hearing if the Court needs to consider matters not in the taped interrogation.

## II. **LEGAL STANDARD**

Under *Miranda*, law enforcement agents must inform an individual subject to custodial interrogation that he has a right to consult with an attorney prior to questioning, and that he has a right to have an attorney present with him during this interrogation. *See Miranda v. Arizona*, 384 U.S. 436, 471-72 (1966). The accused may waive his right to counsel, but this waiver must be made both knowingly and intelligently. *See Edwards v. Arizona*, 451 U.S. 477, 483-84 (1981). The accused does not waive his right to counsel simply by failing to ask for an attorney. *See Miranda*, 384 U.S. at 470. He can ask for an attorney at any point during an interrogation, and if the accused invokes his right to have an attorney present with him, he "is not subject to further interrogation by the authorities until counsel has been made available to him, unless the accused himself initiates further communication, exchanges, or conversations with the police." *Edwards*, 451 U.S. at 484-85. Because this constitutes a rigid prophylactic rule, a court has to make a determination "'whether the accused actually invoked his right to counsel.'" *Davis v. United States*, 512 U.S. 452, 458 (1994) (quoting *Smith v. Illinois*, 469 U.S. 91, 95 (1984)).

The accused must clearly invoke his right to counsel. *See United States v. Shabaz*, 579 F.3d 815, 818 (7th Cir. 2009). Whether he does so is an objective inquiry. *See id*. "[I]f a

suspect makes a reference to an attorney that is ambiguous or equivocal in that a reasonable officer in light of the circumstances would have understood only that the suspect *might* be invoking the right to counsel," the authorities do not have to cease their questioning. *Davis*, 512 U.S. at 459.

### III. ANALYSIS

Defendant points the Court's attention to the Seventh Circuit decision in *United States v. Lee*, 413 F.3d 622 (7th Cir. 2005), in which the court analyzed what constitutes a suspect's unequivocal invocation of his right to counsel:

> In the *Lord* decision . . . this court mentioned several requests for counsel that it considered unequivocal: "I think I should call my lawyer"; "I have to get me a good lawyer, man. Can I make a phone call?"; "Can I talk to a lawyer? At this point, I think maybe you're looking at me as a suspect, and I should talk to a lawyer. Are you looking at me as a suspect?" *See Lord* [*v. Duckworth,* 29 F.3d 1216, 1221 (7th Cir. 1994)] (quoting cases from Eleventh and Ninth Circuits regarding unambiguous invocation of right to counsel). Lee's statement — "Can I have a lawyer?" — was similar to these statements recognized by this court as proper invocations of the right to an attorney.

*Lee*, 413 F.3d at 626.

Statements that courts have determined do not constitute an unequivocal request for an attorney include "[m]aybe I should talk to a lawyer" (*Davis*, 512 U.S. at 462); "am I going to be able to get an attorney?" (*Shabaz*, 579 F.3d at 819); "I don't know if I need an attorney" (*United States v. Buckley*, 4 F.3d 552, 558–59 (7th Cir. 1993)); "should I have a lawyer?" (*United States v.*

*Ellison*, No. 09-50646, 2010 WL 3199808, at *1 (9th Cir. Aug. 13, 2010)); and "I mean, I'd rather have a lawyer around to talk or, you know what I am saying, have some papers saying something, you know" (*United States v. Propst*, No. 09-13833, 2010 WL 774309, at *3 (11th Cir. Mar. 9, 2010)).

Considering the standard set forth in these cases, after reviewing the video of Defendant's interrogation, the Court finds that Defendant did not unequivocally demand counsel. Defendant has taken his statement "I should have an attorney" out of context in an effort to convince the Court that he asked for an attorney at the interrogation. This statement appears in the middle of the sentence "So then if I am going to [a] judge, then *I should have an attorney*, regardless at that time I will need an attorney." The FBI agents in the room when Defendant made this statement could have reasonably believed that Defendant was referring to future representation in court, rather than representation at the interrogation. Defendant did not parse his references to counsel that he allegedly made referring to the interrogation and those referring to his court appearances into two distinct sentences or phrases. Rather, he jumbled them together in one short sentence.

The agents' reasonable belief that Defendant did not request counsel at the interrogation becomes even more likely given that Defendant's next statement refers to his potential representation in court: "OK, so I mean, if I am going to the judge, there will

be an attorney required to represent me, right?" This is not a request for counsel at the interrogation; Defendant merely asks the agents whether he has the right to an attorney when he stands before a judge.

Before he left the interrogation room at 12:13 p.m., Defendant said, "Let me pee and then make a decision, because if I have to go to the judge, then definitely there should be someone who is supposed to. . . ." This, again, also could reasonably be believed to reference having an attorney present with him in court, not at the interrogation. Also, in this statement, Defendant indicated that he had not made a decision whether he desired to have an attorney present at the interrogation. Finally, when he returned to the room at approximately 12:20, almost seven minutes after he stated that he needed to make a decision, he did not broach the subject of having an attorney present. The agents did not have a duty to clarify or follow up with Defendant about his decision regarding an attorney. *See Shabaz*, 579 F.3d at 818. Defendant had the burden to make a "clear and unambiguous assertion of his right to counsel to stop questioning." *Id.* (internal quotation omitted). Defendant simply did not make an unequivocal request for counsel, so his Motion to Suppress is denied.

Because the Court reviewed a video recording of Defendant's October 18, 2009, interrogation in deliberating on this Opinion, an evidentiary hearing is not necessary to resolve any disputes

regarding what Defendant or the FBI agents said during the interrogation.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion to Suppress Post-Arrest Statement and Request for Evidentiary Hearing is denied.

**IT IS SO ORDERED.**

                                        Harry D. Leinenweber, Judge
                                        United States District Court

**DATE:** 1/3/2011