**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-4 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT RANA'S MOTION TO
BIFURCATE ENHANCED SENTENCING ALLEGATIONS**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY** and **DANIEL A. RUFO**, pursuant to the Due Process and Effective Assistance of Counsel Clauses of Fifth and Sixth Amendments to the Constitution of the United States, respectfully moves this Court for entry of its order bifurcating the proceedings so that the jury considers enhanced sentencing allegations separately.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1.     Count Nine of the superseding indictment charges Defendant with conspiracy to provide material support to terrorism in India, in violation of 18 U.S.C. §2339A. §2339A provides a maximum penalty of fifteen years imprisonment. However, "if the death of any person results," the maximum penalty is enhanced to life imprisonment. *Id*. The superseding indictment alleges that "death resulted to approximately 164 persons."

2.     Similarly, Count Twelve of the superseding indictment charges Defendant with providing material support to the designated terrorist organization *Lashkar e Tayyiba*, in

violation of 18 U.S.C. §2339B.[1]  Like §2339A, §2339B carries a maximum penalty of fifteen years imprisonment, but allows for a maximum penalty of life imprisonment "if the death of any person results."  The superseding indictment alleges that death resulted to approximately 164 persons.

3.      As this Court is no doubt aware, any fact that increases a defendant's sentence beyond a prescribed statutory maximum must be found beyond a reasonable doubt by the trier of fact – here a jury.  *Apprendi v. New Jersey*, 530 U.S. 466, 490, 120 S.Ct. 2348 (2002).  The allegation by the government that death resulted in Counts Nine and Twelve serves to increase the maximum possible sentence for those counts from fifteen years to life imprisonment. Therefore, these facts must be determined by a jury.

4.      The allegations that death resulted have no bearing on Defendant's guilt or innocence.  As such, Defendant submits that a bifurcated proceeding is necessary.  The first phase of the proceeding would allow a jury to establish Defendant's guilt or innocence.  If necessary, a second phase would allow a jury to determine whether the government's allegations regarding "death resulting" were proven beyond a reasonable doubt.[2]

5.      As the Seventh Circuit noted in *United States v. Booker*, 375 F.3d 508, 514 (7th Cir. 2004), "[t]here is no novelty in a separate jury trial with regard to the sentence, just as there is no novelty in a bifurcated jury trial, in which the jury first determines liability and then, if and only if it finds liability, determines damages.  Separate hearings before a jury on the issue of

---

[1]Defendant is also charged in Count Eleven of the Superseding Indictment with providing material support to terrorism in Denmark, in violation of 18 U.S.C. §2339A, however the count does not allege any enhanced penalties.

[2]Bifurcated proceedings similar to what the defense is requesting here are commonly used, for example, in RICO cases.

sentence is the norm in capital cases."

6.      Requiring Defendant to defend against guilt/innocence and sentencing allegations at a unitary trial would place him in the untenable position of having to argue, for example, "I did not provide any material support, but if you find that I did, death did not result."  As Justice Breyer noted in his dissenting opinion in *Apprendi v. New Jersey*, 530 U.S. 466, 557, 120 S.Ct. 2348 (2000), to require Defendant to make such an argument would be "awkward (and conceivably unfair)."

7.      As well, Defendant would be further prejudiced without bifurcation by the admission of evidence relevant only to the sentencing allegations that would not otherwise be admissible at the guilt/innocence phase.

WHEREFORE, Defendant respectfully requests that this Court order the bifurcation of the enhanced sentencing allegations from the trial in this matter.

Respectfully submitted,


 s/Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.


**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

3

## CERTIFICATE OF SERVICE

I hereby certify that foregoing Defendant Rana's Motion to Bifurcate Enhanced Sentencing Allegations was served on February 25, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/ Patrick W. Blegen
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100