**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-4 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

**DEFENDANT RANA'S UNDER SEAL RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* TO EXCLUDE PUBLIC AUTHORITY DEFENSE**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY**, and **DANIEL A. RUFO**, respectfully submits the following response to the government's motion *in limine* to exclude Defendant's public authority defense.

**I.     Introduction**

The government has responded to Defendant's Notice of a Public Authority Defense by filing a motion *in limine* to exclude the defense. The government contends that Defendant may not pursue his proposed public authority defense because such a defense is limited to situations in which a defendant is acting under the authority of the United States government. The government also argues that in order for a public authority defense to be proper, the authorizing agency must have the actual authority to authorize a violation of the law. Finally, the government argues that the Pakistani Inter-Services Intelligence Agency (ISI) has neither the actual nor the apparent authority to authorize a violation of United States law.

**II.     Defendant Can Properly Assert a Defense of Public Authority Based on Pakistan's ISI.**

The government contends that Defendant cannot assert a defense that he acted under the authority of Pakistan's Inter-Services Intelligence, a foreign intelligence agency, because the defense of public authority does not extend to foreign government officials. Such officials, the government argues, do not have the authority to authorize violations of United States law. No such limiting language exists in Federal Rule of Criminal Procedure 12.3, nor does it exist in the Seventh Circuit's pattern jury instruction relating to the public authority defense. In fact, the pattern jury instruction makes clear that the defense does not require that the official relied on be a United States official, but simply an "official of the government." Seventh Circuit Pattern Criminal Jury Instr. 6.07 (1999). There is no domestic limit on the public authority defense, as the government suggests.

Nevertheless, the government argues that, in order to establish a public authority defense, Defendant must prove that an illegal act was sanctioned by someone with the actual authority to do so. Gov. Motion, p. 5. The government cites a slew of cases from outside the Seventh Circuit which all suggest or state that the validity of a public authority defense hinges on whether a government official had actual authority. But that is not the law in the Seventh Circuit. Rather, the Seventh Circuit has explained that the conclusion of some other circuits – that a public authority defense requires actual authority, as opposed to also including apparent authority – is seemingly inconsistent with Federal Rule of Criminal Procedure 12.3. In *United States v. Baker*, 438 F.3d 749 (7th Cir. 2006), the court stated:

> "other circuits generally limit the public authority defense to those situations in which the government official *in fact* had the authority to empower the defendant to perform the acts in question. This is despite the language of Federal Rule of Criminal Procedure 12.3(a)(1),

which states, 'if a defendant intends to assert a defense of actual *or believed* exercise of public authority on behalf of a law enforcement agency...at the time of the alleged offense, the defendant [must notify the government and the court.]"

*Id*. at 753-4 (emphasis in original).

Ultimately, the Seventh Circuit did not make a determination on what type of authority is necessary for a valid public authority defense.

Given the Seventh Circuit's refusal to require actual authority for a valid public authority defense, and the plain language of Federal Rule of Criminal Procedure 12.3, Defendant submits that a proper public authority defense may be based on actual or apparent authority.

### A. Pakistan's ISI has the actual authority to act in India under the Foreign Sovereign Immunities Act.

The government contends that Defendant "would admit at trial that he engaged in the conduct alleged in the superseding indictment" but that it was sanctioned by ISI and should be excused. Gov. Motion, p. 1. The Government is mistaken. The defense intends to assert at trial that any alleged supportive conduct by Defendant was undertaken at the behest of the Pakistani government and ISI, not *Laskar e Tayyiba* ("LeT") or any other terrorist organization. Such a defense is amply supported by the evidence. As but one example, in his grand jury testimony, Headley states:

> During my trip to Chicago, I told [Rana] about my meetings with Sajid and others in Lashkar. I also told him about my meetings with Major Iqbal, and told him how I had been asked to perform espionage work for lSI. I even told him some of the espionage stories that Major Iqbal had told me. I told Rana about my assignment to conduct surveillance in Mumbai. I asked Rana if it was okay with him that I set up a First World immigration office in Mumbai. I explained to him that the immigration office would provide a cover story for why I was in Mumbai. I told him that Major Iqbal would be providing money to pay for the expenses associated with setting up and operating the office. [Rana] agreed.

Headley GJ, 1/14/10, pp. 23-24

It appears that the government cannot contest that at least one purpose for Headley's use of the immigration office in Mumbai was for espionage work performed on behalf of ISI, an agency of the government of Pakistan. Whether Headley was actually working for LeT as well, and whether Rana was aware of that fact, are of course matters for the jury to determine.

Under the Foreign Sovereign Immunities Act of 1976 (FSIA), foreign states, including agencies or instrumentalities of a foreign state, are immune from the jurisdiction of the courts of the United States, subject to certain exceptions. 28 U.S.C. §§1603-7. The FSIA is "the sole basis for obtaining jurisdiction over a foreign state in [United States] courts." *Argentine Republic v. Amerada Hess Shipping Corp.,* 488 U.S. 428, 435, 109 S.Ct. 683 (1998). Given the broad wording of the Act, Defendant submits that the government of Pakistan, and its intelligence agency, ISI, are immune to criminal prosecution for any activity in which it was engaged in India. However, it appears there exists a current split among district courts as to whether the FSIA applies to criminal prosecutions or only in civil cases. To date no appellate court has ruled on the full reach of the FSIA, and counsel's research has uncovered only two reported decisions discussing whether the FSIA applies to criminal prosecutions.

In *Gould, Inc. v. Mitsui Min. & Smelting Co., Ltd.*, 750 F.Supp. 838 (N.D. Ohio 1990), the court interpreted the reach of the FSIA in a civil RICO case involving a defendant company that was owned by the government of France. In order to assess whether the plaintiff could properly assert a RICO claim, however, the court was required to determine whether the FSIA precluded jurisdiction over the criminal predicate acts required by RICO. *Id.* at 843. The court looked to the Supreme Court's decision in *Argentine Republic* and the legislative history of the FSIA and determined that the Act is the exclusive standard and sole basis for determining

4

jurisdiction over a foreign sovereign. *Id*. at 844, *citing Argentine Republic*, 109 S.Ct. at 688 *and* S.Rep. No. 1310, 94th Cong., 2d Sess. 11-12. The court held that because neither the FSIA nor any language in *Argentine Republic* limited the FSIA to civil actions, there was no criminal jurisdiction over the France-owned company. Without criminal jurisdiction, the civil RICO case could not proceed, as the plaintiffs could not establish the necessary criminal predicate acts.

In *United States v. Hendron*, 813 F.Supp. 973 (E.D.N.Y. 1993), the court reached the opposite conclusion, holding that the FSIA applies only to civil proceedings. In reaching its conclusion, the court looked to various portions of the Act to determine that its language limited its application to civil cases. *Id*. at 975. For instance, the court noted that 28 U.S.C. §1602 referred to "foreign states and litigants," and that the term litigant normally refers to a party in a civil suit.

Defendant submits that the *Hendron* case was wrongly decided. Rather than glean the proper interpretation of the FSIA from looking to various phrases pulled out of the Act, this Court should look to the language of the Act as a whole. Nothing in the FSIA nor in its history as observed by the *Gould* court limits its application to civil cases. Rather, the FSIA forestalls criminal prosecution of foreign states and agencies.

The defense submits that, given discovery tendered to the defense including the statements of Headley, it will be able to establish that the conduct for which Defendant has been indicted was performed at the behest of Pakistan and its ISI. The FSIA precludes courts of the United States from prosecuting foreign governments and their agencies. Pakistan, therefore, has the actual authority to engage in surveillance, espionage, or other work it deems appropriate to its interests and security.

The government's motion *in limine* should therefore be denied.

### B. Pakistan's ISI has the apparent authority to act in India.

Even if the Court determine that Pakistan does not have the actual authority to act in India, the government's motion should still be denied because Pakistan had the apparent authority to do so. The government argues that Defendant cannot have relied on the apparent authority of Pakistan because such reliance would not be objectively reasonable. Gov. Motion, p. 7-8. For support, the government relies on the Committee Comments to the public authority pattern jury instruction and *United States v. Rector*, 111 F.3d 503, 506-7 (7th Cir. 1997), to suggest that it would be unreasonable to rely on any official other than that of the United States. The government misinterprets the Committee Comment and *Rector*. As the Committee Note states, *Rector* stands for the proposition that if a defendant attempts to assert a public authority defense based on the representation of an official of some level of government other than federal, *i.e.* a state official, then reliance would not be reasonable.

As detailed above, Defendant's proposed defense is that his conduct as alleged in the indictment was undertaken at the behest of the Pakistani government and ISI. The government has not addressed how Defendant would be unreasonable to rely on statements from ISI officials related to activity occurring wholly outside of the United States. The government argues that Defendant's activity was plainly unlawful, akin to trafficking arms and explosive. Gov. Motion, p. 8. But, such an argument is inapplicable to the conduct that is at issue here. In essence, Defendant is accused of providing material support by allowing David Headley to use Defendant's immigration office in India as cover. While it is the contention of the government that Defendant provided this material support to terrorism, and specifically to the designated

6

terrorist organization LeT, it is the position of Defendant that if such support was given at all, it was given to the government of Pakistan.

The government of Pakistan and its ISI have the apparent authority to engage in activity in Mumbai, India. Pakistan is a sovereign nation with the right to defend itself. Just as the United States' CIA operates in foreign countries, so too does the Pakistani ISI. Reliance on officials from the Pakistani ISI for the authority to engage in activity in foreign countries is objectively reasonable given ISI's status as a federal intelligence agency with a legitimate interest in the activities of rival countries. As such, regardless of whether ISI has the actual authority to authorize Defendant's alleged conduct, it was not objectively unreasonable for Defendant to believe that ISI could sanction such activities.

**III.     Conclusion**

The government of Pakistan has the actual or apparent authority to conduct surveillance, espionage and other work in foreign countries. Defendant's reliance on that authority represents a legitimate defense based upon public authority.

WHEREFORE, based on the foregoing, Defendant respectfully moves this Court for the entry of an order denying the government's motion *in limine*.

Respectfully submitted,

 s/Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

**CERTIFICATE OF SERVICE**

      I hereby certify that foregoing Defendant Rana's Under Seal Response to the Government Motion *in Limine* to Exclude Defendant's Public Authority Defense was served on February 25, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.


                                              **s/ Patrick W. Blegen**
                                              **PATRICK W. BLEGEN**
                                              53 West Jackson Boulevard, Suite 1437
                                              Chicago, Illinois 60604
                                              (312) 957-0100