**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ILYAS KASHMIRI, *et al.*, )<br>(TAHAWWUR RANA) )<br>)<br>Defendant. ) | No. 09 CR 830-4<br>Judge Harry D. Leinenweber<br><br>**UNDER SEAL** |

**DEFENDANT'S UNDER SEAL RESPONSE TO THE
GOVERNMENT'S MOTION TO QUASH TRIAL SUBPOENAS**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY**, and **DANIEL A. RUFO**, respectfully submits the following response to the government's motion to quash trial subpoenas.

The defense has issued subpoenas to the Federal Bureau of Investigation and the Department of State requesting any and all cables related to Rana, David Headley, several Pakistani Inter-Services Intelligence Officers, and any connections between ISI and *Lashkar e Tayyiba* ("LeT") transmitted to or from India, Pakistan or the United States. The government has moved to quash both subpoenas, arguing that Defendant is engaging in an impermissible fishing expedition to search for support for a legally invalid defense.[1] The government also objects to the subpoenas on the grounds that they lack sufficient specificity and will not produce admissible documents. For the following reasons, the government's motion should be denied.

---

[1] The defense has filed simultaneously herewith a response to the government's motion *in limine* to preclude Defendant's public authority defense.

**I.      The Government Does not Have Standing to Move to Quash Defendant's Subpoenas.**

As an initial matter, the prosecution's motion should be denied as the prosecution does not have standing to move to quash the subpoenas at issue. Both the FBI and the Department of State are non-parties to this case.[2] Generally, a party to a case "lacks standing to challenge a subpoena issued to a third party absent a claim of privilege or a proprietary interest in the subpoenaed matter." *United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000), *see also United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) ("A party has standing to move to quash a subpoena addressed to another if the subpoena infringes on the movant's legitimate interests.") The government has no privilege or proprietary interest in the material subpoenaed, nor does compliance with the subpoena by the FBI and the State Department infringe on any of the prosecution's legitimate interests.

Because standing goes to the jurisdiction of the court, the government, as the party attempting to invoke the court's jurisdiction, has the burden of establishing that it has standing. *United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997), *citing KVOS, Inc. v. Associated Press,* 299 U.S. 269, 278, 57 S.Ct. 197, 200-01, 81 L.Ed. 183 (1936); *Scott v. Breeland,* 792 F.2d 925, 927 (9th Cir.1986). The government has not attempted to assert any privilege over, or interest in, the subpoenaed material. Absent such a showing, the prosecution has no basis to file a motion to quash Defendant's third party subpoenas. The government's motion should be dismissed for want of standing.

The prosecution has asserted that the subpoenas lack specificity and that Defendant is

---

[2] Counsel's research has uncovered no case indicating that the FBI and the State Department are parties to a criminal case by virtue of their status as government agencies.

2

engaging in a fishing expedition designed to support an invalid defense. Neither of these objections demonstrate any privilege in the material or that the subpoenas infringe on any of the prosecution's legitimate interests. In *Raineri*, the Seventh Circuit held that a defense subpoena issued to a government witness infringed on the government's interests in "preventing undue lengthening of the trial, undue harassment of its witness, and prejudicial over-emphasis on [the witness's] credibility." *Id*. No aspect of Defendant's subpoenas infringe on any such interest of the prosecution, nor has the prosecution suggested as much. As the subpoenas are intended solely to assist Defendant in exercising his right to defend himself, the motion should be dismissed for want of standing.

## II.     Defendant's Subpoenas are Legally Valid.

The Supreme Court has elucidated a four part test for determining the validity of trial subpoenas. The documents must be: 1) evidentiary and relevant; 2) unavailable to the defendant through the exercise of due diligence; 3) essential to the preparation of the defense, and; 4) the subpoena must be issued in good faith and not intended as a general fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699-700, 94 S.Ct. 3090 (1974). This test has been summarized to require a defendant to clear three hurdles: 1) relevancy, 2) admissibility and 3) specificity. *Id*. at 700. Defendant's subpoenas easily meet the requirements of *Nixon*.

The prosecution contends that the use of trial subpoenas under Federal Rule of Criminal Procedure 17(c) is limited to "instances when the defendant can identify the specific items of evidence sought and demonstrate that the evidence is then relevant and admissible." Gov. Motion, p. 2. But there is no requirement that the evidence be admissible at trial in order to be properly subject to a subpoena under Rule 17(c). Moreover, specificity to the extent suggested

3

in the government's motion is not required.

For Defendant to satisfy the admissibility requirement of *Nixon*, he need only demonstrate that the documents "contain relevant evidence to an admissible issue at trial." *United States v. Tokash*, 383 F.3d 962, 971 (7th Cir. 2002). The fact that the evidence may one day be deemed inadmissible at trial does not justify quashing a subpoena. *See*, *United States v. McCollom*, 651 F.Supp. 1217, 1224-5 (N.D. Ill. 1987) *quoting Bowman Dairy Co. v. United States*, 341 U.S. 214, 219-29, 71 S.Ct. 675 (1951) ("Under Rule 17(c) the materials subpoenaed need not actually be used in evidence. 'It is only required that a good-faith effort be made to obtain evidence.'"). Ultimately, the government has not shown why it believes that FBI and State Department cables would not be relevant to an admissible issue at trial.

The prosecution presumes that the defense subpoenas are related solely to his proposed public authority defense, which the prosecution has moved to preclude. Even if the Court were to preclude a public authority defense, however, the subpoenas would be valid because they are relevant, evidentiary, and are not fishing expeditions.

Little discussion should be necessary regarding relevance. David Headley has told the prosecution, testified in the grand jury, and will presumably testify at trial, that the government of Pakistan, through its ISI, directly participated in the planning and attack on Mumbai in November of 2008, and in the planning of a plot to attack a newspaper building in Denmark. It appears that the prosecution believes Headley. But is the defense required to take him at his word? Perhaps more importantly, suppose Headley testifies at trial that ISI was not involved, or minimizes its involvement. The defense is entitled to obtain evidence compiled by agencies involved in the investigation of the Mumbai attack and Denmark plot, *e.g.,* the FBI and the State

Department.

The requested documents must also be relevant to an admissible issue at trial. Even if the Court grants the government's request to preclude the public authority defense, ISI's involvement in Mumbai and Denmark is an admissible issue. First and foremost, it appears that Headley will present testimony regarding ISI in the government's case in chief. The government can not then be heard to complain that the issue is not admissible. Once raised, evidence in the possession of the FBI and State Department, as well as conclusions reached regarding ISI's involvement in Mumbai and Denmark, becomes relevant. The government must prove that Defendant provided material support to terrorism or to a designated terrorist organization. Therefore, cables regarding Defendant, Headley, ISI officers and ISI's involvement with LeT are both evidentiary and relevant.

Likewise, Defendant is not engaged in a fishing expedition, but rather seeks evidence tending to prove or disprove the anticipated testimony of the government's chief witness. Counsel have consulted with an intelligence expert who has related that, based on the investigation of the Mumbai attacks by United States agencies, the interrogation of Headley by Indian officials, and other international aspects of this case, that FBI and State Department cables related to Defendant, Headley, ISI and LeT undoubtedly exist. Furthermore, Defendant believes in good faith that such cables contain evidence regarding any connections between ISI and its officers and LeT. Recently, the New York Times has reported that American officials believe that ISI had supported LeT members involved in the Mumbai attack. *See*, Mark Mazzetti and Salman Masood, *Pakistan Role is Suspected in Revealing U.S. Spy's Name*, N.Y. Times, December 17, 2010, *available at* http://www.nytimes.com/2010/12/18/world/asia/18pstan.html. Such a belief has been corroborated

by the post-arrest and grand jury statements of David Headley. Furthermore, a lawsuit alleging ISI involvement in the Mumbai attack has been filed by the families of the American victims of the attacks in the Eastern District of New York. It should be clear, therefore, that the defense is not engaged in a fishing expedition.

The government next contends that the subpoenas do "not allow this court to determine the documents' admissibility or whether the information that the documents may contain is unavailable through the exercise of diligence." Gov. Motion, p. 5. Again, Defendant contends that the government is wrong in its assertion that the admissibility of the documents themselves is necessary. Nevertheless, Defendant has already demonstrated that the documents are evidentiary and relevant, and not part of a general fishing expedition. Defendant further submits that, given the statement of Headley to the grand jury that he informed Defendant that he had been asked by Major Iqbal to perform espionage work for ISI, information detailing the ties between Pakistan and ISI is relevant to the reasonableness of Defendant's reliance on Headley's statements and therefore essential to his defense. *See* Grand Jury Statement of David Headley, p. 23-4. Defendant further submits that, even in the exercise of diligence, he would not be able to obtain documents which are in the hands of the FBI and the State Department. Frankly, a subpoena would be unnecessary if the documents were otherwise obtainable.

The government also contends that Defendant's description of any and all cables is overbroad and cannot meet the specificity requirements of Rule 17(c). However, a subpoena need only "denote specific kinds of documents." *United States v. Segal*, 276 F.Supp.2d 896, 900 (N.D. Ill. 2003) *citing United States v. King*, 164 F.R.D. 542, 545 (D. Kan. 1996). The government also notes that the subpoena may also include information that has already been

provided through the government's production. Counsel are unsure what to make of this assertion. To date, and as the government knows, no cables from the FBI or the State Department have been turned over as discovery.

Finally, the government argues that Defendant's use of trial subpoenas is "troublesome" as the subpoenas relate to potentially classified information. Gov. Motion, p. 5. The potential classified nature of the subpoenaed material is not troublesome at all. Counsel all have security clearances and have been provided with a secure facility in which to view classified material. Furthermore, if responsive documents are classified, they will no doubt be handled pursuant to CIPA and the Court's orders.

Put simply, "[a] criminal defendant has [] a constitutional right to obtain evidence which bears upon the determination of either guilt or punishment..." *Tomison*, 969 F.Supp. at 593, *citing California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528,(1984) *and United States v. Agurs*, 427 U.S. 97, 112, 96 S.Ct. 2392 (1976). The ability to issue trial subpoenas under Rule 17(c) "implements both the right to obtain the evidence and to require its production." *Id. citing Beckford, supra*, 964 F.Supp. at 1018-19 *and Martin Marietta Corp. v. Pollard*, 490 U.S. 1011, 109 S.Ct. 1655 (1989). Defendant has validly sought to subpoena evidence essential to his defense and the government has not demonstrated why Defendant should be denied such evidence.

WHEREFORE, based on the foregoing, Defendant respectfully moves this Court for the entry of an order denying the government's motion to quash and ordering the FBI and State Department to comply with Defendant's subpoenas.[3]

          Respectfully submitted,

          s/Patrick W. Blegen
          **PATRICK W. BLEGEN**, One of the
          Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

---

[3] Alternatively, the Court could require production of the subpoenaed material *in camera* and review the documents itself to alleviate the prosecution's concerns. This process was employed in *Segal*. 276 F.Supp. 2d at 901.

## **CERTIFICATE OF SERVICE**

      I hereby certify that foregoing Defendant Rana's Under Seal Response to the Government's Motion to Quash Trial Subpoenas was served on February 25, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

      **s/ Patrick W. Blegen**
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100