UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.  09 CR 830 |
| | ) | |
| v. | ) | Judge Harry D. Leinenweber |
| | ) | |
| | ) | |
| TAHAWWUR HUSSAIN RANA | ) | |

### GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT RANA'S MOTION TO BIFURCATE ENHANCED SENTENCING ALLEGATIONS

The United States of America, by and through its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, respectfully submits this Response in Opposition to Defendant Rana's Motion to Bifurcate Enhanced Sentencing Allegations.

### Background

Count Nine charges the defendant with conspiring to provide material support to a conspiracy to commit murder and maiming in India. More specifically, paragraph 29 of Count One alleges that ten attackers trained by *Lashkar e Tayyiba* carried out an assault with weapons and explosives at multiple locations, killing approximately 164 persons. Count Twelve charges the defendant with providing material support to *Lashkar e Tayyiba*, and again alleges that death resulted. The defendant has noted correctly that the allegations increase the potential maximum penalty to life imprisonment.

1

**Argument**

I.  **Rana Has Failed to Show Any Prejudice Resulting From One Proceeding**

Whether to bifurcate a trial is committed to the discretion of the trial court. *United States v. Alviar,* 573 F.3d 526 (7th Cir. 2009). As the Court well knows, in many cases tried in this district, the jury is asked — in one trial — not only to determine whether the government has met its burden of proving a defendant's guilt, but also whether the government has proved a fact that affects the potential penalty beyond a reasonable doubt. This is a routine procedure, and should be followed in this case.

In *Alviar,* the Seventh Circuit affirmed the trial court's denial of defendant's motion to bifurcate guilt from drug quantity. *Id.* at 545. Rejecting the notion that one trial required a defendant to make inconsistent arguments, the Court explained that arguing that defendant was not a member of the charged drug conspiracy "did not amount to conceding drug quantity, nor did arguing the drug quantity require an admission of guilt on the conspiracy." *Id.* Finding that there was no prejudice, the Court held that the trial court did not abuse its discretion. *Id.*

Here, Rana presents essentially the same argument rejected by the Court in *Alviar*. Specifically, Rana asserts that he would be forced to argue that he "did not provide any material support, but if you find that I did, death did not result." R. 180, p. 3. As the Seventh Circuit has made clear, these arguments are not inconsistent and, most importantly, do not result in any prejudice that would require separate proceedings.

2

Defendant further asserts without any specificity that there may be evidence relating only to the sentencing allegations that would not otherwise be admissible at the guilt/innocence phase. Considering the charges, however, this is simply not the case. The evidence that death resulted is relevant and admissible to the substantive charges (material support of a conspiracy to commit *murder* in India). The fact that the underlying conspiracy, to which Rana conspired to provide material support, was "successful" in carrying out the murders is relevant and admissible in determining guilt.[1]

Other than quoting a statement by the Seventh Circuit that there is "no novelty" to a bifurcated proceeding, the defendant has not cited any legal support for the need to conduct a bifurcated proceeding where, as here, the indictment alleges that the defendant provided material support to a conspiracy to commit *murder* and death resulted. As such, the government submits that this Court is well within its discretion to follow the routine procedure in this district of conducting one proceeding as to the determination of guilt and a fact resulting in an increased penalty.

---

[1] Although bifurcated proceedings may have been used in RICO trials, the complexity of RICO charges and corresponding jury instructions do not exist in this case, where the lone sentencing allegation is that the object of the conspiracy to which Rana provided material support was successful. Thus, unlike a RICO case, there will be no difference in the evidence which is relevant and admissible to the substantive charges and the sentencing allegation.

## II. Judicial Efficiency Requires One Proceeding

Considering that the evidence relevant to the sentencing allegations death resulted from the conspiracy to which Rana provided material support is also relevant to the substantive charges, the government submits that requiring a separate proceeding will require recalling witnesses and re-presenting much, if not all, of the same evidence. Such a procedure would be judicially inefficient and unnecessary in order to give defendant a fair trial. The jury will be given proper instructions and appropriate verdict forms. Bifurcation will serve only to disrupt the efficient resolution of the issues put before the jury.

WHEREFORE, the government respectfully requests that defendant's motion be denied.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: /s/ Sarah E. Streicker
    DANIEL J. COLLINS
    VICTORIA J. PETERS
    SARAH E. STREICKER
    Assistant United States Attorney
    219 South Dearborn Street, 5th Floor
    Chicago, Illinois 60604
    (312) 886-3482