## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-4 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

### DEFENDANT RANA'S UNDER SEAL MOTION TO
### DIVIDE CROSS-EXAMINATION OF DAVID HEADLEY[1]

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY** and **DANIEL A. RUFO**, pursuant to the Due Process and Effective Assistance of Counsel and Confrontation Clauses of the Fifth and Sixth Amendments to the Constitution of the United States, as well as this Court's inherent supervisory authority, respectfully requests permission to divide the cross-examination of government witness David Headley between two attorneys.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1.     As the Court is aware, Defendant is charged in three counts of a twelve count superseding indictment with Conspiracy to Provide Material Support to Terrorism in India (Count Nine), Conspiracy to Provide Material Support to Terrorism in Denmark (Count Eleven), and with Providing Material Support to *Lashkar e Tayyiba* (Count Twelve).

---

[1] This motion is being filed under seal as it references evidence that the government has deemed "sensitive."

2.      Perhaps needless to say, the charges are both complex and serious.  But the charges, and evidence relevant to the charges, are also incredibly wide ranging, covering a number of distinct subject areas and a time period of several years.

3.      It is counsel's understanding that the government intends to call David Headley, a co-defendant in the case, in its case in chief.  Pursuant to a plea agreement that requires his cooperation and testimony, Mr. Headley has admitted his involvement in the Mumbai attack of November 26, 2011, as well as a plan to attack the offices of a newspaper in Denmark — the *Jyllands-Posten*.

4.      In conjunction with Headley's anticipated testimony, the government has provided the defense with more than 5,000 pages of statements made by Headley, both before and after the entry of his plea agreement.[2] Among other things, this discovery includes: a two-week long post arrest interview of Headley by the FBI that was videotaped, proffer statements made to the government that were not videotaped; grand jury testimony; and follow up interviews by the FBI.  In addition to these interviews, Headley also gave a statement to the National Investigative Agency of India.  The defense has requested a copy of this statement from the government, but has not yet received it.[3]

5.      Review of these statements reveals extensive activity by Headley's on the behalf of Pakistan's Inter-Services Intelligence (ISI) as well as designated terrorist organizations *Lashkar e Tayyiba* (LeT) and *Harakat ul Jihad al Islami* (HUJI).  Headley's statements also cover several other topics, such as his prior work as a heroin importer, his work as an international DEA informant and his training as a spy or intelligence asset for ISI.

---

[2] As the government's trial preparation is ongoing, counsel expect that they will be provided even more statements of Headley.

[3] It is counsel's understanding that the government has requested a copy of this statement from India and is awaiting its arrival.

6.      There are, of course, significant questions regarding Headley's credibility. Headley's statements contain multiple contradictory assertions.  His conduct as a DEA informant was found to amount to entrapment by a federal jury in one instance.  And, he has admitted to having attended terrorist training camps.

7.      Leaving Headley's statements aside, the remainder of the evidence against Rana consists primarily of recorded conversations and email correspondence.  Almost all of this evidence also is connected to Headley, however.  In order to put these statements in context, Rana and Headley's relationship of more than thirty-five years must be explored, as must Headley's often manipulative relationships with others.

8.      In short, there are more subject areas ripe for cross-examination of Headley, and more underlying materials, than for any other witness counsel have encountered.  Cross-examination of Headley will be a massive undertaking requiring familiarity with thousands of pages of documents as well as familiarity with a wide range of subject areas.  Counsel request, therefore that they be permitted to divide the cross-examination between attorneys Patrick Blegen and Charles Swift.

9.      Courts have "wide discretion in managing cross-examination" during trial. *United States v. Hall*, 165 F.3d 1095, 1117 (7th Cir. 1999), *citing United States v. Wilson*, 985 F.2d 348, 351 (7th Cir. 1993).  While counsel's research has not uncovered a reported case addressing the division of cross-examination, in recent cases from counsel's experience, the government has been permitted to divide up closing argument among multiple attorneys.  *See*, *United States v. Sorich*, No. 05 CR 644 (Coar, J.).[4]  Undoubtedly, the Court's discretion also

---

[4] As distinct from one prosecutor presenting an "opening-close" and the other arguing in rebuttal, in the *Sorich* case, government counsel was permitted to divide the "opening-close" among two attorneys.

includes the discretion to allow two attorneys to cross-examine Headley. Counsel also recall

such a division of cross-examination being permitted in *United States v. Evans*, No. 96 CR 436

(Bucklo, J.).

10.     If this request is granted, cross-examination will be divided along subject areas.

For example, Attorney Swift would question Headley regarding his activities on behalf of

Pakistan's Inter-Services Intelligence (ISI) as well as the designated terrorist organizations

*Lashkar e Tayyiba* (LeT) and *Harakat ul Jihad al Islami* (HUJI), and the defendant's alleged role

in aiding and abetting Headley's activities. Attorney Blegen would cross-examine Headley

regarding areas related to credibility, including Headley's current and previous cooperation with

the government, his previous arrests and convictions, and history of deception and fabrication.

11.     Under counsel's proposal, the cross-examination of Headley will not be

redundant, or tantamount to a "tag team" of Headley. Rather, counsel seek to preserve resources

by dividing the necessary preparation for such a cross-examination among two attorneys. Not

only will this approach save monetary resource by permitting counsel to focus on distinct areas,

such a division will allow for a more concise, yet thorough, examination of Headley.

12.     It cannot go unmentioned, as well, that the cross-examination of Headley is a

massive undertaking, and trial is quickly approaching. A divided cross-examination will allow

counsel to make the best use of the remaining preparation time.

WHEREFORE, Defendant respectfully requests that this Court permit the defense to

divide the cross-examination of government witness David Headley between two attorneys.

Respectfully submitted,


 s/Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.


**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-010

## CERTIFICATE OF SERVICE

I hereby certify that foregoing Defendant Rana's Under Seal Motion to Divide the Cross-Examination of David Headley was served on March 22, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

**s/Patrick W. Blegen**
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100