**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | Case No. 09 CR 830-4 |
| v. | |
| **ILYAS KASHMIRI,** *et al.* **(TAHAWWUR HUSSAIN RANA),** | Hon. Harry D. Leinenweber |
| **Defendant.** | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two Motions from the Government: (1) a Motion in Limine to Exclude Defendant Tahawwur Hussain Rana's (hereinafter, the "Defendant") Public Authority Defense; and (2) a Motion to Quash Trial Subpoenas that Defendant served on the Federal Bureau of Investigation (the "FBI") and Department of State (the "State Department"). For the reasons stated herein, the Court grants both of these motions.

**I. INTRODUCTION**

Defendant has been charged in three counts of a 12-count superseding indictment for providing material support to terrorists and foreign terrorist organizations, brought under 18 U.S.C. §§ 2339A, 2339B, in connection with the November 2008 attacks in Mumbai, India, by the Pakistan-based group *Lashkar e Tayyiba* ("Lashkar"), and a plot to attack a newspaper building in Denmark. His trial is scheduled to begin in this Court on May 16, 2011.

In compliance with FEDERAL RULE OF CRIMINAL PROCEDURE 12.3(a)(1), Defendant provided notice on January 2, 2011, that he intends to assert a defense that he acted pursuant to his actual or believed exercise of public authority on behalf of the government of Pakistan and Pakistan's Inter-Services Intelligence Agency (the "ISI"). A week after providing notice of this intended defense, Defendant issued subpoenas under FEDERAL RULE OF CRIMINAL PROCEDURE 17(c) to the FBI and Department of State, both of which request: "Any and all . . . cables originating from or transmitted to India, Pakistan or the United States, regarding Tahawwur Hussain Rana; Daood Gilani a/k/a David Coleman Headley; Pakistan Inter-Services Intelligence Officers Major Iqbal, Lieutenant Colonel Shah and Major Samir Ali; and any connections between the Pakistan Inter-Services Intelligence (the "ISI") and *Lashkar e Tayyiba*." The Government subsequently filed two motions: (1) a Motion in Limine to exclude the intended public authority defense; and (2) a Motion to Quash the FBI and Department of State subpoenas.

## II. **LEGAL STANDARD**

When a motion in limine involves the propriety of an affirmative defense, the trial court accepts as true evidence proffered by the defendant. *See United States v. Tokash*, 282 F.3d 962, 967 (7th Cir. 2002). The defendant, however, "must present more than a scintilla of evidence that demonstrates that he can satisfy the legal requirements for asserting the proposed defense." *Id*. (internal quotation omitted). If, however, as a matter of law the defendant's

evidence does not support an affirmative defense, the court should preclude this defense from being presented at trial. *See United States v. Baker*, 438 F.3d 749, 753 (7th Cir. 2006). Further, a district court possesses discretion in deciding whether to grant or deny a motion to quash a subpoena. *See Griffin v. Foley*, 542 F.3d 209, 223 (7th Cir. 2008).

### III. ANALYSIS

#### A. Exclude Public Authority Defense

Defendant's proposed defense is that his alleged illegal acts of providing material support to terrorists — at least those related to the Mumbai attacks — were done at the behest of the Pakistani government and the ISI, not the Lashkar terrorist organization. He argues that he is entitled to a public authority defense because he acted under the authority — whether actual or apparent — of the Pakistani government and the ISI. He finds support for this defense from grand jury testimony of Co-Defendant David Headley, who has pled guilty to the counts against him in the superseding indictment and whom the Government will most likely call as a witness in its case against Defendant. For example, Headley provided the following testimony before the grand jury:

> During my trip to Chicago, I told [Defendant] about my meetings with Sajid and others in Lashkar. I also told him about my meetings with Major Iqbal, and told him how I had been asked to perform espionage work for ISI. I even told him some of the espionage stories that Major Iqbal had told me. I told [Defendant] about my assignment to conduct surveillance in Mumbai. I asked [Defendant] if it was okay with him that I set up a First World immigration office in Mumbai. I explained to him that the immigration office

> would provide a cover story for why I was in Mumbai. I told him that Major Iqbal would be providing money to pay for the expenses associated with setting up and operating the office. [Defendant] agreed.

Def.'s Resp. 3. Defendant argues that the ISI has authority to act in India to protect Pakistan's national interests. Therefore, he contends, he relied on a public authority, one that he argues is immune from criminal prosecution in United States courts under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602, *et seq.*, when he engaged in activities such as allowing Headley to open a First World immigration office in Mumbai. This reliance, Defendant argues, negates the scienter required for him to be found guilty of the three charges.

Defendant centers his argument on the interplay between FSIA and the public authority defense. The Court, however, need not analyze whether FSIA encompasses immunity from criminal prosecution, or if the public authority defense is limited to actual authority or extends to apparent authority. Defendant's arguments on these issues contain a fatal flaw. Simply put, Defendant cannot rely on the authority of a foreign government agency or official to authorize his violations of United States federal law. *See United States v. Rector*, 111 F.3d 503, 506-07 (7th Cir. 1997); *overruled on other grounds*, *United States v. Wilson*, 169 F.3d 418, 427 n.9 (7th Cir. 1999).

The Seventh Circuit Pattern Criminal Federal Jury Instructions set forth the factors of the public authority defense:

> A defendant who acts in reliance on public authority does not act knowingly . . . and should be found not guilty.
>
> A defendant acts under public authority if:
>
> (1) that defendant is affirmatively told that his/her conduct would be lawful;
> (2) the defendant is told this by an official of the [United States] government; [and]
> (3) the defendant actually relies on what the official tells him/her in taking the action; [and,
> (4) the defendant's reliance on what he/she was told by the official is reasonable in light of the circumstances.]
>
> In considering whether a defendant actually relied on representations by an official that his/her conduct would lawful, you should consider all of the circumstances of their discussion, including the identity of the official, the point of law discussed, the nature of what the defendant told, and was told by, the official, and whether that reliance was reasonable.

*Seventh Circuit Pattern Criminal Federal Jury Instructions* § 6.07 (Nov. 30, 1998), available at *http://www.ca7.uscourts.gov/pjury.pdf*. The Committee Comment that follows this instruction indicates that the bracketed words "United States" in Section (2) apply only if a dispute exists whether the official who allegedly made representations to the defendant was a federal official. *See id*. Further, the Comment cites *Rector* as supporting the proposition that a court should not give this instruction if the defendant relied on a party other than a federal official to engage in activities that violate federal law. *See id*.

In *Rector*, the defendant was convicted on seven federal offenses for being a convicted felon in possession of firearms. *Rector*, 111

F.3d at 504-05. At trial, he admitted to possessing firearms, but testified that the Wolcott, Indiana, town marshal informed him that he could legally possess firearms for hunting and target practice. *Id*. at 505. The defendant alleged that he received ineffective assistance of counsel when his attorney failed to raise a public authority defense. *Id*. at 505-06. The Seventh Circuit rejected this argument, holding that he was not entitled to this defense because, as a matter of law, the town marshal did not have the authority to render advice on federal law. *Id*. at 506-07. The court emphasized that "entrapment by estoppel requires reliance that is objectively reasonable," and found that the defendant's reliance did not meet this standard. *Id*. Therefore, he was precluded from presenting a public authority defense.

Likewise, in this case, Defendant's proposed defense that Pakistani government and ISI officials sanctioned his violations of U.S. federal law is objectively unreasonable. The parties agree that no evidence exists that Defendant relied on representations from a U.S. federal official — or a party with apparent authority as a federal official — to engage in his alleged illegal activities. Defendant acted not in Pakistan or India, but rather in the United States. He cites no authority holding that a foreign government official can sanction an individual living and acting in the United States to violate U.S. federal law. Regardless of whether Defendant believed Headley conducted surveillance on behalf of the ISI or Lashkar in Mumbai, his argument that a nonfederal official can have

actual or apparent authority to exempt him from violating a federal law fails.  *See Baker*, 438 F.3d at 754-56.

Defendant would be entitled to a public authority defense if the evidence supported it.  *See Baker*, 438 F.3d at 758.  Likewise, this defense can be excluded if the evidence fails to support it. *See id*.  Accordingly, the Court grants the government's motion in limine to exclude Defendant from presenting a public authority defense.

### B.  Motion to Quash Subpoenas

One week after filing his notice of the public authority defense, Defendant served the aforementioned subpoenas on the FBI and Department of State.  The Government assumes that the subpoenas seek information relating solely to this defense due to their close proximity in time and scope to the notice.  Therefore, it argues, if the Court excludes this defense (which it has), it should also quash the subpoenas for seeking irrelevant information.  Defendant, however, states that the subpoenas do not necessarily seek evidence related to this defense, and he raises two arguments why the Court should deny the Government's motion.

First, Defendant contends that the Government lacks standing to quash the subpoenas.  This argument lacks merit.  The Department of Justice, which is prosecuting the case, is an agency of the United States Executive Branch, just like the FBI and the Department of State.  The Court finds that the Department of Justice has standing to move to quash a subpoena issued on another agency in the Executive Branch.  Further, even though the subpoenas were not addressed to the

Department of Justice specifically, "[a] party has standing to move to quash a subpoena addressed to another if the subpoena infringes upon the movant's legitimate interests." *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982). The Government has enunciated three interests it has in quashing the subpoenas: (1) protection of classified information; (2) preserving the confidentiality of diplomatic communications; and (3) the burden of compliance with the requests. The Court finds that all three of these interests are well-founded, legitimate, and valid, giving the Department of Justice standing for its motion.

Next, Defendant argues that the subpoenas are legally valid because (1) the requested cables are evidentiary and relevant; (2) they are not available to him through the exercise of due diligence; (3) he needs them for trial preparations; and (4) he issued the subpoenas in good faith and not as part of a "fishing expedition" for information. *See United States v. Nixon*, 418 U.S. 683, 699-00 (1974). In short, he contends that they are relevant, seek admissible evidence, and are specific. *See id.* at 700.

Because the Court has excluded the public authority defense, an attempt by Defendant to subpoena information relating to this defense does not clear the relevancy hurdle. The information may be relevant, though, to either impeach or corroborate Headley's trial testimony. In regard to impeachment material, the Court has previously ordered the Government to provide Defendant impeachment material relating to Headley pursuant to its requirements to disclose

favorable evidence under *Brady v. Maryland*, 373 U.S. 83, 87 (1963). ECF No. 136. If the Government possesses or has knowledge of *Brady* material in the cables subject to the subpoenas, it already has an obligation to tender it to Defendant. The subpoenas, therefore, are redundant and are unnecessary to obtain impeachment material, as they merely seek cumulative information. *See United States v. Carter*, 65 Fed. Appx. 559, 561 (7th Cir. 2003).

This leaves information that corroborates Headley's testimony as the only other possible line of relevant information that Defendant provides as a basis for the subpoenas. Here, as with the other information the subpoenas demand, Defendant's request fails to satisfy the specificity requirement of a Rule 17(c) trial subpoena. *See Tokash*, 282 F.3d at 971 ("Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge. Instead, it allows only for the gathering of specifically identified documents which a defendant *knows* to contain relevant evidence to an admissible issue at trial.") (emphasis added). A Rule 17(c) subpoena cannot be supported by a mere conjectural assertion as to what the requested material will show. *See United States v. Segal*, 276 F.Supp.2d 896, 901 (N.D. Ill. 2003).

Defendant states that his counsel's consultations with an intelligence expert suggest that cables relating to Defendant, Headley, the ISI, and Lashkar "undoubtedly exist," and that he "believes in good faith that such cables contain evidence regarding

any connections between ISI and its officers and [Lashkar]." Def.'s Resp. 5. Even read liberally, this argument merely speculates that these cables exist. Defendant impermissibly uses the subpoenas as discovery tools, and his requests are more akin to fishing expeditions than requests for specific documents. *See United States v. Walters*, No. 88-CR-709, 1989 WL 20849, at *3 (N.D. Ill. Feb. 13, 1989). Therefore, because the subpoenas do not meet the test set forth by the Supreme Court in *Nixon*, the Court grants the Government's Motion to Quash.

## IV. CONCLUSION

For the reasons stated herein, the Court rules as follows:

(1) The Government's Motion in Limine to Exclude Defendant's Public Authority Defense is granted; and

(2) The Government's Motion to Quash the Rule 17(c) Trial Subpoenas served on the FBI and the Department of State is granted. **IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:**     April 1, 2011