UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   09 CR 830 |
| | ) | |
| v. | ) | Judge Harry D. Leinenweber |
| | ) | |
| | ) | |
| TAHAWWUR HUSSAIN RANA | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR
A LIST OF WITNESSES**

The United States of America, by and through its attorney, Patrick J. Fitzgerald, United States Attorney for the Northern District of Illinois, respectfully submits the following in Response to Defendant Rana's Motion for a List of Witnesses:

1. A defendant has neither a constitutional nor a statutory right to a list of all prospective government witnesses. *United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987); *United States v. Bouye*, 688 F.2d 471, 473-74 (7th Cir. 1982) (collecting cases); *United States v. Harris*, 542 F.2d 1283, 1291 (7th Cir. 1976); *United States v. Jackson*, 508 F.2d 1001, 1005-08 (7th Cir. 1975)); *see also United States v. Swano*, 1992 WL 137588, *11 (N.D. Ill. Jun. 1, 1992). Indeed, Congress refused to adopt a bill that would have required the prosecution and defendant to exchange witness lists three days before trial, finding that it was "not in the interest of the effective administration of justice" because, primarily, it might discourage witnesses and could lead to improper contact with witnesses. *Id.* (citing H.R. Conf. Rep. No. 94-414, 94th Cong., 1st Sess. 12, reprinted in 1975 U.S.Code Cong. & Admin. News 674, 713, 716).

2. As a part of its inherent power to assure the proper administration of justice, the district court has the discretion to require the government to produce a witness list in advance of trial

under certain circumstances. *Napue*, 834 F.2d at 1318. More specifically, a court order instructing the government to produce a witness list in advance of trial "requires a showing of 'particularized need'" by the defendant. *Swano*, 1992 WL 137588 at *11 (quoting *Napue*, 834 F.2d at 1317). "The defendant must articulate a compelling reason [for needing a witness list prior to trial] other than generalized reasons." *United States v. Perez*, 2002 WL 1461504, *11 (N.D. Ill. Jul. 3, 2002) (citing *United States v. Sclamo*, 578 F.2d 888, 890 (1st Cir. 1978)). If the defendant fails to make the necessary, particularized showing of need, the government should not be ordered to produce a list of witnesses in advance of trial. *Swano*, 1992 WL 137588 at *11 (rejecting motion for discovery of the names and addresses of government witnesses because defendants failed to make necessary showing of particularized need); *United States v. Patel*, 1001 WL 1750948, *2 (N.D. Ill. Jul. 26, 2002) (denying motion for pretrial production of government witness list because defendant expressed no more than abstract claims of necessity). In addition, a defendant's request for a list of government should also be denied where, even if there is a particularized need for the information, there is evidence that disclosure of witness names could lead to potential harm to witnesses. *Harris*, 542 F.2d at 1291 (district court did not abuse its discretion in refusing to require the government to produce a witness list in advance of trial because of fears of potential physical danger to witnesses); *United States v. Higgs*, 713 F.2d 39, 44-45 (3d Cir. 1983) (district court abused its discretion in ordering the government to produce a witness list in advance of trial where there was specific evidence of threats to witnesses made by or through the defendants).

       3.      The defendant has failed to set forth any particularized need for a list of government witnesses in advance of trial. Rather, the defendant makes only vague and generalized assertions that a list of witnesses will enable counsel to effectively prepare for trial and promote judicial

economy. Motion ¶ 3 & 5. To grant a motion for a list of government witnesses based upon such "abstract claims of necessity would essentially require the government to produce its witness list in every criminal case." *United States v. Velazquez*, 1997 WL 328660, *4 (N.D. Ill. Jun. 5, 1997) (denying request for government witness list in a large narcotics conspiracy case).

    4.     A request for a list of government witnesses is particularly inappropriate where, as here, the government has fulfilled its discovery obligations well in advance of trial. *Perez*, 2002 WL 1461504 at *11 ("The Court believes that such disclosure [of a list of government witnesses] is particularly inappropriate when, as here, the Government has disclosed all Jencks Act material which will necessarily reveal the identity of the witnesses expected to be called by the government during its case-in-chief."). In this case, the government has – and continues to – satisfy its obligations pursuant to the Jencks Act, Rule 16, and Brady far in advance of trial. On the basis of this material, the defendant is aware of the potential government witnesses. Defendant does not allege otherwise. Instead, defendant appears to argue that it has a particularized need for a list of government witnesses because the universe of potential witnesses is large and the case is complex. Motion at ¶ 5. Such assertions, however, do not create a particularized need for information to which the defendant is not entitled.

    5.     In addition to failing to show a particularized need for a list of government witnesses two weeks in advance of trial, the defendant has failed to recognize the potential danger to witnesses in releasing their names in advance of trial. The charges at issue in this case relate to extremely violent terrorist activities, including the murder of 6 American citizens. Furthermore, co-defendants charged with participating in the conspiracy to commit terrorist activities in Denmark – Ilyas Kashmiri and Abdur Rehman Hashim Syed – remain at large. These co-defendants are dangerous

terrorists, as set forth in the superseding indictment. Thus, although the defendant is incarcerated, there is a real risk that witnesses face potential danger by having their names released so far in advance of trial. *United States v. Edwards*, 47 F.3d 841 (7th Cir. 1995) (incarcerated defendants were not entitled to early disclosure of witness identity because, *inter alia*, the witness was in danger based on the facts that other members of the conspiracy who remained at large were violent gang-members who had used violence in the course of the charged activities).

6. In light of the foregoing, the government proposes that the parties exchange lists of prospective witnesses pursuant to the protective order already entered. These would not be public filings. Further, the parties would reserve the right to amend the list as trial preparations and the trial itself progresses.

For the reasons set forth above, the government requests that the Court deny defendant's motion.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: /s/ Daniel J. Collins
DANIEL J. COLLINS
VICTORIA J. PETERS
SARAH E. STREICKER
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604
(312) 886-3482

April 11, 2011