**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-4 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

**DEFENDANT RANA'S UNDER SEAL MOTION *IN LIMINE***

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY**, and **DANIEL A. RUFO**, pursuant to Rules 401, 402, 403, and 404 of the Federal Rules of Evidence, as well as the Due Process Clause of the Fifth Amendment to the Constitution, respectfully moves this Court *in limine* for its order precluding the government from introducing the following evidence.

**I.     Evidence of Immigration Fraud or Other Business Misconduct**

Counsel believe that the government may seek to introduce evidence suggesting that Defendant engaged in immigration fraud or other business misconduct through the operation of an immigration business. This sort of evidence is not relevant and should be precluded, as it does not meet the relevancy requirement of Federal Rules of Evidence 401 and 402. Rule 402 requires that evidence be relevant in order to be admitted. Relevant is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would have been without the evidence." Federal Rule of Evidence 401. Defendant stands charged with conspiring to provide material support to terrorism in Denmark and India and with substantively providing material

support to a designated terrorist organization. No evidence related to immigration fraud makes Defendant's involvement in such crimes more or less probable.

Furthermore, such evidence is precluded by Federal Rule of Evidence 404(b), which prohibits the use of evidence of other crimes, wrongs, or acts to "prove the character of a person in order to show action in conformity therewith." Any use of evidence of immigration fraud or other business misconduct would clearly violate 404(b). It is completely unrelated to any charged conduct and would be used only to suggest that Defendant is in some ways a lawbreaking or dishonest person. Such evidence is wholly improper and should be barred. While other acts evidence can be used for specific non-propensity purposes under Rule 404(b), no notice of such evidence has been supplied by the government, and the deadline for such submission has long past.

## II.     Graphic Depictions of the Mumbai Attack

The government has tendered to counsel numerous videos and photographs depicting the attack on Mumbai and its aftermath. Perhaps needless to say, some of these materials are extremely graphic and disturbing. Pursuant to Rule 403 of the Federal Rules of Evidence, this evidence should be precluded. Rule 403 is a "common sense precaution which should clearly be taken . . . to limit the prosecutor's presentation to such facts . . . as are reasonably necessary to prove the point for which the evidence is admitted, and to exclude unsavory details which go beyond what is necessary to make the point." *United States v. Williams*, 585 F.3d 703, 708 (2nd Cir. 2009), *quoting* David W. Louisell & Christopher B. Mueller, Federal Evidence § 140, at 209 (rev. ed. 1985).

Should the government attempt to introduce photographic or video evidence regarding

the attack, any graphic depictions should be precluded. There is no probative value in admitting gory and gruesome depictions of the deaths caused during the Mumbai attack. Admission of graphic images would serve only to inflame the jury and therefore should be barred.

### III. Certain Materials Found in Defendant's Home[1]

The government has informed counsel that it will seek to admit as evidence at trial items that were allegedly found in Defendant's home, including: (1) an Urdu-language books which appears to be entitled "The rules and regulations of Jihad and its encyclopedia ISLAMIC JIHAD"; (2) an Urdu-language book which appears to be entittled "After [having the] faith the most important and precise duty Defensive jihad assault against the enemy And recovery of occupied muslim's territories"; (3) four Urdu-language recordings of speeches purportedly made by *Lashkar e Tayibba* religious leaders; (4) one Urdu-language "jihadi video" entitled "Past and Present"; and, (5) one Urdu-langauge "jihadi video" entitled "Denmark Embassy."[2] The government has provided translations of the covers of the two books, but has otherwise not provided translations of these materials.

Any attempt by the government to introduce partially translated books as evidence should be precluded. First, the books are irrelevant to the question of whether Defendant conspired to provide material support to terrorism and whether he substantively provided material support to a designated terrorist organization. Second, even if it could be said that the evidence has some minuscule evidentiary value, such value would be far outweighed by the danger of unfair

---

[1] All of these materials are also subject to a pending motion to suppress the search of Defendant's home and businesses.

[2] Discovery refers to these videos as "jihadi videos" and counsel use that term for the sake of brevity only.

prejudice under Rule 403 of the Federal Rules of Evidence. There is nothing illegal about possessing such books, nor does ownership of such books mean a person supports terrorism. However, those points will certainly be lost on a jury who will see only the titles of the books in English, and be unable to read the contents. *See*, *United States v. Rogers*, 270 F.3d 1076, 1081 (7th Cir. 2001) ("the judge had an obligation to keep the prosecutor from suggesting that [a defendant] should be convicted because he owned seditious literature.")

Without a translation of the books, there is no way for a jury to know if the titles are misleading or if the books contain any relevant material at all. *See United States v. Parr*, 545 F.3d 491, 502 (7th Cir. 2008) (abuse of discretion to admit entirety of book, the prosecutor should have been limited only to relevant portions) Admission of the books will very clearly prejudice the jury to such an extent that the prejudice will substantially outweigh whatever limited probative value admission of the book may have. Given this prejudice, and the books' irrelevance to the charges, admission should be precluded.

Furthermore, according to an FBI-302 report, it appears that Headley cannot remember any specific details about the books, whether Defendant read them, or if he did, what Defendant's reaction was. According to the 302:

> "HEADLEY was shown a copy of the front cover of two books. HEADLEY said that he owned both books, which were bought years ago in Lahore. HEADLEY was not sure if he was still in possession of those books and said he gave them to TAHAWWUR RANA a couple of years ago. HEADLEY did not recall specifically what was in each book and could not remember discussing the contents with RANA."

USDOJ_003-000144-145

With regard to the four audiocassette tapes, Headley has informed the FBI that the tapes are not even related to terrorism. According to another 302:

4

> "HEADLEY was shown four copies of audio cassettes and their covers. HEADLEY said he gave those tapes to TAHAWWUR RANA over the years and that he originally got the tapes from Pakistan. Lashkar-e-Tayyiba (LeT) sold tapes like this outside a Mosque in Lahore for $.25 to $.30 each. The purpose of the tapes was educational and HEADLEY could not recall listening to them with RANA. RANA indicated he had heard one or more of the tapes. HEADLEY stated the tapes were mostly used to support a certain sect of the Muslim religion and not used for jihad."

USDOJ_003-000088-89.

The tapes are, according to the government's witness, related to religious matters. As the tapes lack any probative value regarding the charged conduct, they should be precluded as not relevant. If they can somehow be said to have any evidentiary value, that value is substantially outweighed by the prejudice of possession of tapes of speeches made by religious leaders of LeT – the group purportedly behind the Mumbai attack.

Similarly, the two supposed "jihadi videos" also contain minimal probative value which is substantially outweighed by the prejudicial effect. Just as a judge has a duty to preclude a suggestion that a defendant should be convicted because he owned seditious literature, a defendant should also be protected from a suggestion that he should be convicted because controversial material was found in his home. As with the books, there is nothing illegal about possessing such videos, and the videos do not relate to any portion of the charged conduct. Rather, admission of the materials will serve only to inflame the sensitivities of the jury and allow the government to argue that Defendant had jihadist materials in his home. The prejudice of such evidence and argument is clear.

Furthermore, without having the tapes and DVDs translated, the jury will be unable to independently weigh the materials and will be left to make assumptions based on the titles of the materials and the names of people involved. The jury should not be permitted to judge books by their cover, recordings by their speakers, or videos by their titles. Given the minimal probative

value of the books, tapes and DVDs, and the inherently powerful prejudice in admitting foreign language materials purportedly related to Islamic jihad, this evidence should be excluded on the grounds that it is irrelevant and unduly prejudicial.

                                              Respectfully submitted,

                                              **s/ Patrick W. Blegen**
                                              **PATRICK W. BLEGEN**, One of the
                                              Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

## **CERTIFICATE OF SERVICE**

       I hereby certify that foregoing Defendant Rana's Under Seal Motion *In Limine* was served on April 25, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                  <u>s/ Patrick W. Blegen</u>
                                                  **PATRICK W. BLEGEN**
                                                  53 West Jackson Boulevard, Suite 1437
                                                  Chicago, Illinois 60604
                                                  (312) 957-0100