UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No.   09 CR 830 |
| | ) | |
| v. | ) | Judge Harry D. Leinenweber |
| | ) | |
| | ) | |
| TAHAWWUR HUSSAIN RANA | ) | |

**GOVERNMENT'S SECOND BILL OF PARTICULARS**

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, the United States of America, by United States Attorney Patrick J. Fitzgerald, submits the following bill of particulars:

**I.     INTRODUCTION**

The Second Superseding Indictment charged defendant Rana in the same three counts as the Superseding Indictment: Counts Nine, Eleven, and Twelve.  Thus, under the Second Superseding Indictment, defendant Rana remains charged with conspiring to provide material support or resources, or to conceal or disguise the nature, location, source or ownership thereof, to the conspiracies to commit terrorist acts in India, in violation of 18 U.S.C. § 2339A; conspiring to provide material support or resources, or to conceal or disguise the nature, location, source or ownership thereof, to the conspiracy to commit terrorist acts in Denmark, in violation of 18 U.S.C. § 2339A; and providing material support or resources to a designated foreign terrorist organization, in violation of 18 U.S.C. § 2339B.[1]

The only difference between the Superseding Indictment and Second Superseding Indictment with respect to defendant Rana is that the Second Superseding Indictment alleged that Rana

---

[1]The Second Superseding Indictment charged four additional defendants: Sajid Mir; Abu Qahafa; Mazhar Iqbal; and an individual known as Major Iqbal.

provided, and conspired to provide, an additional form of material support or resources, namely, "expert advice and assistance." *See* Count Nine ¶ 2; Count Eleven ¶ 2; Count Twelve ¶ 2.[2] Expert advice and assistance is an enumerated form of material support under both Sections 2339A and 2339B. The term is defined by statute to mean "advice or assistance derived from scientific, technical or other specialized knowledge." *See* 2339A(b)(3); 2339B(g)(4).

The government filed a Bill of Particulars for the Superseding Indictment on July 16, 2010. R. 109. This first Bill of Particulars addressed the government's allegations that defendant Rana provided, and conspired to provide, material support and resources in the form of personnel, tangible property, money and false documentation and identification. The Second Superseding Indictment did not alter or change any of the allegations regarding these forms of alleged material support and resources. Accordingly, the first Bill of Particulars remains in effect and is fully incorporated herein by reference. The purpose of this Second Bill of Particulars is limited to providing more detail regarding the Second Superseding Indictment's allegation that defendant Rana conspired to provide, and did provide, material support or resources in the form of "expert advice and assistance."

## II.    COUNT NINE

Count Nine of the Second Superseding Indictment charged defendant Rana with conspiring to provide material support and resources, namely, personnel, tangible property, expert advice and assistance, money, and false documentation and identification, and to conceal and disguise the nature, location, source, and ownership of such support and resources, knowing and intending that

---

[2]In addition to "expert advice and assistance," defendant Rana is alleged to have provided, and conspired to provide, material support or resources in the form of personnel, tangible property, money, and false documentation and identification. These forms of material support or resources were alleged in the Superseding Indictment and, as noted below, were the subject of the government's initial Bill of Particulars.

they were to be used in the preparation for, and carrying out of, violations of 18 U.S.C. §§ 2332f (conspiracy to bomb places of public use in India ) and 956(a) (conspiracy to murder and main in India).

The government identifies <u>expert advice and assistance</u> to include:  (1) Rana providing his immigration expertise to assist in obtaining a business visa for co-defendant Headley to travel to, and work in, India; (2) Rana providing his immigration business expertise to establish and seek the necessary approval to operate an immigration business in Mumbai, India, for the purpose of providing a cover to co-defendant Headley; and (3) Rana providing his immigration and immigration business expertise to maintain and run an immigration business in Mumbai, India, for the purpose of effectuating the cover.

In addition to the forms of material support or resources noted above (*i.e.*, personnel, tangible property, expert advice and assistance, and false documentation and identification), Count Nine of the Second Superseding Indictment alleges that the defendants conspired to provide material support and resources in the form of:  communication equipment, lodging, training, weapons, explosives, and transportation.  *See* Count Nine ¶ 2.  These particular forms of material support or resources are <u>not</u> alleged against defendant Rana.

## III.    COUNT ELEVEN

Count Eleven of the Second Superseding Indictment charged defendant Rana with conspiring to provide material support and resources, namely, personnel, tangible property, expert advice and assistance, and currency, and to conceal and disguise the nature, location, source, and ownership of such support and resources, knowing and intending that they were to be used in the preparation for, and carrying out of, a violation of 18 U.S.C. § 956(a)(1) (conspiracy to murder and main in Denmark).

3

The government identifies <u>expert advice and assistance</u> to include: (1) Rana providing his immigration business expertise to assist in establishing a cover for co-defendant Headley in Denmark; and (2) Rana providing his immigration business expertise for the purpose of effectuating the cover for surveillance in Denmark.

## IV.     COUNT TWELVE

Count Twelve of the Second Superseding Indictment charged Rana with providing material support or resources, namely, personnel, currency, tangible property, expert advice and assistance, and false documentation and identification, to a foreign terrorist organization, namely, *Lashkar e Tayyiba*. The government incorporates as though fully stated herein its identification of expert advice and assistance, as stated above in reference to Counts Nine and Eleven.

In addition to the forms of material support or resources noted above (*i.e.*, personnel, currency, tangible property, expert advice and assistance, and false documentation and identification), Count Twelve of the Second Superseding Indictment alleges that the defendants provided material support or resources to *Lashkar e Tayyiba* in the form of: communication equipment, weapons, explosives, and transportation. *See* Count Twelve ¶ 2. These particular forms of material support or resources are not alleged against defendant Rana.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By: /s/ Sarah E. Streicker
DANIEL J. COLLINS
VICTORIA J. PETERS
SARAH E. STREICKER
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604