**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-4 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

**DEFENDANT RANA'S SUPPLEMENT
TO HIS UNDER SEAL MOTION *IN LIMINE***

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY**, and **DANIEL A. RUFO**, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, as well as the Due Process Clause of the Fifth Amendment to the Constitution, respectfully submits the following supplement to his under seal motion *in limine*.

**Two Urdu-language Books Found in Defendant's Home**

Counsel sought in their initial motion *in limine* to preclude the government from introducing two Urdu-language books, purportedly recovered from Defendant's home, entitled "The rules and regulations of Jihad and its encyclopedia ISLAMIC JIHAD" and "After [having the] faith the most important and precise duty Defensive jihad assault against the enemy And recovery of occupied muslim's territories" on the grounds that they were irrelevant and overly prejudicial in violation of Federal Rule of Evidence 403. Furthermore, the government has not translated the books, so there is no way to determine whether the contents of the books further explain or belie their titles. Counsel submit that the books should also be precluded because they

were not produced to the defense in a timely fashion.[1]

On January 27, 2010, the defense requested from the government any documents and objects that it intended to use in its case in chief pursuant to Rule 16(a)(1)(E) of the Federal Rules of Criminal Procedure. On April 25, 2011, more than a year later, and 18 months after recovering them, the government informed the defense that it intended to seek to introduce the two books in question. The government then tendered translations of the covers of the two books. On May 2, 2011, the government tendered copies of the contents of the two books, totaling 1,016 pages of Urdu langauge text.

Counsel submit that the government should be precluded from introducing these books as evidence. Counsel reiterate their objections to the books from their initial motion *in limine*. Furthermore, counsel submit that the production of 1,016 pages of Urdu text two weeks before trial makes it impossible for counsel to analyze the books and defend against the government's use of them. *United States v. De La Rosa*, 196 F.3d 712, 716 (7th Cir. 1999) ("A defendant is prejudiced under Rule 16 only when he is unduly surprised and lacks an adequate opportunity to prepare a defense, or when the violation substantially influences the jury.")

Not only are the books irrelevant to the issue of whether Defendant committed the charged conduct, but allowing the government to introduce these books places Defendant in the impossible position of adequately countering this evidence without the assistance of a lengthy

---

[1]At the time of filing their initial motion in limine, counsel were searching voluminous discovery to see whether the books, or their covers, had been produced. Counsel also asked the government to review its disclosures and determine whether it had a record of providing the books. While counsel have not received a definitive response from the government, it appears that neither the books, nor their covers have been previously produced. The only indication of books found in Rana's home is a reference in the report of the search of Rana's home to "various books."

and arduous translation and subsequent review by counsel.

Pursuant to Rule 16(d)(2)(C), the Court should preclude the government from introducing these books in its case in chief.

Respectfully submitted,

**s/ Patrick W. Blegen**
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

3

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that foregoing Defendant Rana's Supplement to his Under Seal Motion *In Limine* was served on May 2, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

**s/ Patrick W. Blegen**
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100