**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-7 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.,* | ) | |
| (TAHAWWUR HUSSAIN RANA), | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RANA'S OBJECTIONS
TO GOVERNMENT PROPOSED JURY INSTRUCTIONS**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN, CHARLES D. SWIFT,** and **DANIEL RUFO**, respectfully submits the following objections to the government's proposed jury instructions:[1]

**Objection to Government's Proposed Instruction No. 13**

Defendant objects to this instruction as it refers to the government's admission of Federal Rule of Evidence 404(b) evidence. The government did not file a notice of intent to use such evidence within the Court's designated time period and should be precluded from doing so.

**Objection to Government's Proposed Instruction No. 17**

Defendant objects to this instruction to the extent that it understates the benefits that Headley has received from the government in this case. As made clear in the Headley's plea agreement, Headley is also avoiding extradition to India, Denmark, or Pakistan for his conduct, "so long as he fully discloses all material facts concerning his role with respect to [his] offenses

---

[1]Defendant would request leave to supplement these objections, and provide additional proposed defense instructions after the government has presented its case.

and abides by all other aspects of [the plea agreement]." Furthermore, Headley received numerous small benefits from the government during his post-arrest interview and proffer sessions normally not provided to those in custody, including hotel accommodations, specially arranged meals, and visits and phone calls with his wife and children.

**Objection to Government's Proposed Instruction No. 22**

Defendant objects to this instruction on the grounds that it is misleading. The last sentence of the first paragraph states "For Count Nine, the 'material support or resources' need not have been provided to a particular or specified terrorist or terrorist group." Counsel submit that the sentence should be modified to say "For Count Nine, the 'material support or resources' need not have been provided to a particular or specified terrorist or terrorist group. However, the 'material support or resources' must have been provided to the conspiracy charged in Count One and/or the conspiracy charged in Count Two."

Defendant further objects to the final paragraph of the instruction on the grounds that it is unnecessary and redundant.

**Objection to Government's Proposed Instruction No. 24**

Defendant objects to this instruction to the extent that it lacks a "unanimity instruction." Defendant proposes that the following instruction be added:

**In order to find that the government has proven that the defendant conspired to provide material support to the conspiracy charged in Count One or Count Two, the jury must unanimously agree on which conspiracy he agreed to support.**

**For example, if some of you find that Defendant conspired to provide material support to the conspiracy charged in Count One and the rest of you find that Defendant**

**conspired to provide material support to the conspiracy charged in Count Two, then there is no unanimous agreement. On the other hand, if all jurors find defendant conspired to provide material support to one of the two conspiracies charged in Counts One and Two, then there is unanimous agreement.**

AUTHORITY:

Seventh Circuit Committee (1999) 4.03 (modified)

**Objection to Government's Proposed Instruction No. 25**

Defendant objects to this instruction to the extent that it requests what is commonly referred to as the "Ostrich" instruction. It is defendant's position that there will be no evidentiary basis for the giving of this portion of the instruction.

**Objection to Government's Proposed Instruction No. 26**

Defendant objects to this instruction on the grounds that the last paragraph is not supported by the government's cited statutes. The last paragraph is also inconsistent with the language of 18 U.S.C. §2339A, which requires a Defendant to conspire to provide material support "knowing or intending that [it is] to be used in preparation for, or in carrying out" a violation of one of the offenses listed in the statute.

**Objection to Government's Proposed Instruction No. 27**

Defendant objects to this instruction on the grounds that it does not define or explain what is meant by the term "death resulted." Counsel submit that the word "resulted" carries with it a causation element and submits that the following instruction would be appropriate:

**Count Nine of the Second Superseding Indictment alleges that the conspiracy to provide material support to the conspiracies charged in Counts One and Two resulted in the death of 164 persons.**

**In order for you to determine whether death resulted, you must first unanimously agree on what "material support or resources" the conspiracy charged in Count Nine agreed to provide. You must then determine whether that (or those) "material support or resources" resulted in the death of a person who was not himself a conspirator.**

**"Death resulted" means that the government must prove beyond a reasonable doubt that but for the "material support or resources" provided by the conspiracy charged in Count Nine, death would not have occurred. The government must also prove beyond a reasonable doubt that death was a foreseeable and natural consequence of the "material support or resources" provided by Count Nine.**

 AUTHORITY:

*United States v. Pitt-Des Moines, Inc.*, 970 F. Supp. 1359, 1364-65 (N.D. Ill. 1997) *aff'd,* 168 F.3d 976 (7th Cir. 1999) (In order to convict a defendant of a criminal offense that includes a causation element, the government must prove beyond a reasonable doubt that the defendant's conduct was *both* the "cause in fact" *and* the "legal cause" of the relevant harm. To prove that a defendant's conduct was the "cause in fact" of a harm, the government usually must demonstrate that the defendant's conduct was the "but-for cause" of the harm. In other words, the government must show that but for the defendant's conduct, the harm would not have occurred. To prove that a defendant's conduct was the "legal cause" (or "proximate cause") of a harm, the government must prove that the harm was a foreseeable and natural result of the conduct.)

*United States v. Ghailani,* No. 98 CR 1023, Southern District of New York (Kaplan, J.)

4

**Objection to Government's Proposed Instruction No. 28**

Defendant objects to this instruction on the same grounds as the objection to instruction No. 22. Counsel submits that the final sentence of the first paragraph should read, "For Count Eleven, the 'material support or resources' need not have been provided to a particular or specified terrorist or terrorist group. However, the 'material support or resources' must have been provided to the conspiracy charged in Count Ten." Defendant also reiterates his objection to the final paragraph as unnecessary and redundant.

**Objection to Government's Proposed Instruction No. 31**

Defendant objects to this instruction to the extent that it again requests what is commonly referred to as the "Ostrich" instruction. It is defendant's position that there will be no evidentiary basis for the giving of this portion of the instruction.

**Objection to Government's Proposed Instruction No. 32**

Defendant objects to this instruction on the grounds that the last paragraph is not supported by the government's cited statutes. The last paragraph is also inconsistent with the language of 18 U.S.C. §2339A, which requires a Defendant conspire to provide material support "knowing or intending that [it is] to be used in preparation for, or in carrying out" a violation of one of the offenses listed in the statute.

**Objection to Government's Proposed Instruction No. 36**

Defendant objects to this instruction on the grounds that it refers to the previously objected to "Ostrich" instruction.

**Objection to Government's Proposed Instruction No. 38**

Defendant objects to this instruction on the grounds that it does not define what is meant

by the term "death resulted." Counsel submit that the word "resulted" carries with it a causation element and submits that the following proposed instruction would be appropriate:

**Count Twelve of the Second Superseding Indictment alleges that Defendant provided material support to a designated terrorist organization and the death of 164 persons resulted.**

**In order for you to determine whether death resulted, you must first unanimously agree on what "material support or resources" Defendant provided. You must then determine whether that (or those) "material support or resources" resulted in the death of a person who was not himself a member of the designated terrorist organization.**

**"Death resulted" means that the government must prove beyond a reasonable doubt that but for the "material support or resources" provided by Defendant, death would not have occurred. The government must also prove beyond a reasonable doubt that death was a foreseeable and natural consequence of the "material support or resources" provided by Defendant.**

AUTHORITY:

*United States v. Pitt-Des Moines, Inc.*, 970 F. Supp. 1359, 1364-65 (N.D. Ill. 1997) *aff'd,* 168 F.3d 976 (7th Cir. 1999)

*United States v. Ghailani,* No. 98 CR 1023, Southern District of New York (Kaplan, J.)

**Objection to Government's Proposed Instruction No. 39**

Defendant objects to this instruction on the grounds that it is unnecessary, given the proposed instructions regarding membership in a conspiracy.

**Objection to Government's Proposed Verdict Form for Tahawwur Rana**

Defendant objects to the proposed verdict form with regard to Counts Nine and Twelve. Defendant previously moved to bifurcate the enhanced sentencing allegations regarding "death resulting" from the question of guilt or innocence. The verdict forms for Counts Nine and Twelve make clear that Defendant will be required to argue that he did not conspire to provide material support to terrorism or substantively provide material support to a designated terrorist organization, but that if the jury finds that he did, that death did not result from such material support. Such a position is highly prejudicial and requires bifurcation of this proceeding.

Respectfully submitted,

 s/Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

7

## CERTIFICATE OF SERVICE

I hereby certify that foregoing Defendant Rana's Objections to Government Jury Instructions was served on May 2, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

**s/ Patrick W. Blegen**
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100