**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-8 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

**DEFENDANT RANA'S UNDER SEAL
REPLY TO THE GOVERNMENT'S MEMORANDUM IN
OPPOSITION TO HIS MOTION TO SUPPRESS EVIDENCE**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY** and **DANIEL A. RUFO**, respectfully submits the following under seal reply to the government's memorandum in opposition to Defendant motion to suppress evidence and request for a *Franks* hearing (Docket No. 144).

**I.      Background**

Defendant has filed a motion seeking to suppress any and all evidence found during or resulting from the searches of his home or businesses. Defendant argued that the government had been provided significant exculpatory information by David Headley, yet omitted any mention of this information in its affidavit in support of its application for a search warrant for Rana's home and businesses. Throughout the course of Headley's two-week long post-arrest statement, Headley repeatedly told investigators that Rana was unaware of Headley's activities in Denmark and Mumbai and that Rana had not knowingly provided any support to Headley's activities.

This information was withheld from the search warrant affidavit. The import of the

omission is two-fold. First, it leaves out explicit information exculpating Rana. Second, it hides from the magistrate the fact that the government had doubts about the credibility of Headley. There is no justification for the omission of the material and for these reasons the Court should conduct a *Franks* hearing and then enter its order suppressing as evidence in this, or any other criminal proceeding, any and all evidence, or fruits derived therefrom, obtained as a result of the search of Defendant's home and businesses.[1]

## II. The Government Has Not Contested that the Omissions from the Search Warrant Affidavit were Intentional of Reckless

Defendant's motion to suppress evidence makes clear that the rationale of *Franks v. Delaware*, 438 U.S. 154 (1978), applies equally to both false statements included in a search warrant affidavit and to cases in which information is omitted from the affidavit. Def. Motion to Suppress, p. 7-8, *see also United States v. Williams*, 737 F.2d 594, 604 (7th Cir. 1984), *Shell v. United States*, 448 F.3d 951, 958 (7th Cir. 2006), and *United States v. Robinson*, 546 F.3d 884, 888 (7th Cir. 2008). Such omissions must be made "intentionally or with reckless disregard." Def. Motion to Suppress, p. 8, *quoting Williams*, 737 F.2d at 604, n. 6.

The government apparently concedes that the omissions were not the product of negligence, but rather were made intentionally or with reckless disregard. The government does not address this argument and the Court should presume that the information exculpating Rana, and casting doubt on Headley's credibility, was omitted from the search warrant affidavit intentionally or recklessly.

---

[1] As discussed below, the government apparently concedes that the omissions were made intentionally or recklessly. It may be, therefore, that the Court does not find a *Franks* hearing necessary. Counsel submit that, if this is the case, the Court should enter an order granting Defendant's motion to suppress without a hearing.

### III. The Omitted Information is Material in that an Affidavit with such Information Included Would be Insufficient to Establish Probable Cause

Defendant detailed in his initial motion to suppress exactly which statements of Headley the government omitted from the search warrant affidavit, and which statements it included. Def. Motion to Suppress, p. 3-6. Defendant also detailed what the affidavit alleged to be Rana's involvement in the Mumbai attack and plotted Denmark attack. *Id*. p. 3-4. What the affidavit reveals is that the government attempted to base probable cause on rank speculation and inferences stacked upon inferences. The evidence established that Rana was affiliated with Headley in a business relationship and that Headley was involved in nefarious activity in Denmark and Mumbai. The affidavit is missing any link between Rana and Headley's terrorist activity.

The government makes much of the fact that a set of search warrants was issued prior to Headley's arrest. Presumable, the government wants the Court to conclude that because there was probable cause before Headley's arrest, then there must be probable cause after Headley's arrest. But the defense is not arguing that new information in the second set of warrants should be *excised of* untruthful information. The defense is arguing that new, exculpatory information should have been *added*. In that scenario, the old warrants are irrelevant. The question is, is there probable cause for the second set of warrants if the exculpatory information is included. The defense submits that the answer is no.

The first set of warrants contained inferential evidence of criminal activity. Headley's statements exculpating Rana, however, provide direct evidence that Rana was not involved in criminal activity. That should be enough for a finding of no probable cause. But the government went further. They added information from Headley's post-arrest statement that they believed

3

was inculpatory, yet left out the exculpatory information.

Lastly, the government now suggests that Headley's statements regarding Rana were not found credible. But the government never told the magistrate that there were issues with Headley's credibility. Likewise, they never informed the magistrate that Headley was a two-time DEA cooperator or that a Defendant against whom he cooperated was acquitted based on an entrapment defense.

In sum, the government withheld exculpatory information regarding Rana and credibility information regarding Headley. The result if these facts were included is an affidavit without probable cause.

**IV. Conclusion**

For the foregoing reasons, the Court should grant Defendant's motion to suppress (Docket No. 144).

                                            Respectfully submitted,

                                            s/Patrick W. Blegen
                                            **PATRICK W. BLEGEN**, One of the
                                            Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

## CERTIFICATE OF SERVICE

      I hereby certify that foregoing Defendant Rana's Under Seal Reply to the Government's Memorandum in Opposition to his Motion to Suppress Evidence was served on May 13, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                                                     s/ Patrick W. Blegen
                                                                                     **PATRICK W. BLEGEN**
                                                                                     53 West Jackson Boulevard, Suite 1437
                                                                                     Chicago, Illinois 60604
                                                                                     (312) 957-0100