**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-8 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

**DEFENDANT RANA'S UNDER SEAL REPLY
TO THE GOVERNMENT'S MEMORANDUM IN
OPPOSITION TO HIS MOTION TO QUASH ARREST,
SUPPRESS EVIDENCE, AND REQUEST FOR AN EVIDENTIARY HEARING**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY** and **DANIEL A. RUFO**, respectfully submits the following under seal reply to the government's memorandum in opposition to Defendant motion to quash arrest, suppress evidence and request for an evidentiary hearing (Docket No. 149).

**I.     Background**

Defendant has filed a motion seeking to quash Defendant's arrest, and suppress any an all evidence obtained as a result of Defendant's arrest, as well as fruits derived therefrom. Defendant argued that no probable cause existed to arrest Defendant before the search of his home on October 18, 2011, and that as a result, his arrest was invalid and must be quashed.  The government did not have a warrant for Defendant's arrest, but rather appears to have relied on a search warrant for the authority to enter Defendant's home and their own determination of

probable cause as the legal basis for his arrest.[1] While such a technique is permissible, a warrantless arrest is evaluated by looking to the totality of the circumstances to assess whether officers could reasonable believe that an individual has committed a crime. *United States v. Navarro*, 90 F.3d 1245, 1254 (7th Cir. 1996). Defendant submits that, given the totality of circumstances, including the exculpatory information known to the arresting agents, the arrest occurred without probable cause in violation of the Fourth Amendment and must be quashed.

## II.     The Government Has Not Established Probable Cause for Defendant's Arrest

The burden is on the government to establish the legality of a warrantless arrest. *United States v. Longmire*, 761 F.2d 411, 417 (7th Cir. 1985), *citing* 3 LaFave, Search and Seizure § 11.2, at 499 (2d ed. 1981) ("because the evidence allegedly constituting probable cause is solely within the knowledge and control of the arresting officers, they should bear the additional burden of establishing that probable cause in fact existed."). The government's argument fails to meet that burden.

The government's argument compellingly establishes that there was probable cause to believe that Headley was involved in terrorist activity in Denmark and Mumbai. But the evidence regarding Defendant at the time of his arrest was inferential and largely tied to Defendant's friendship with Headley. The only *direct* evidence that the government had at the time of Defendant's arrest was that Headley exculpated Defendant and informed the government that Defendant was legitimately interested in businesses in India and Denmark. This evidence should have been enough to preclude a belief by the arresting agents that probable cause existed for the arrest. The agents believed Headley, after all, relying on many of his statements in the

---

[1] Defendant has also challenged the sufficiency of the search warrant. Docket No. 144. This motion is currently pending.

affidavits to support the search warrant applications.

Despite having issues with Headley's credibility, the government asserts that the agents had additional evidence *which came from Headley*. Govt's Response, p. 8-9. The government details what Headley told the agents about his own involvement in the Mumbai attack and the plotted Denmark attack, as well as Headley's explanations regarding emails between him and Sajid. This evidence relates solely to Headley and does not implicate Rana. Again, any belief, at the time of the arrest that Rana was involved in terrorist activity was purely speculative and inferential, and contradicted by direct evidence from Headley. Given the totality of the circumstances, there was no probable cause to arrest Defendant.

### III.  Conclusion

For the foregoing reasons, the Court should grant Defendant's motion to quash arrest and suppress evidence (Docket No. 149).

Respectfully submitted,

 s/Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that foregoing Defendant Rana's Under Seal Reply to the Government's Memorandum in Opposition to his Motion to Quash Arrest and Suppress Evidence was served on May 13, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

                                                   <u>**s/ Patrick W. Blegen**</u>
                                                   **PATRICK W. BLEGEN**
                                                   53 West Jackson Boulevard, Suite 1437
                                                   Chicago, Illinois 60604
                                                   (312) 957-0100