**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-8 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

**DEFENDANT RANA'S UNDER SEAL RESPONSE TO THE GOVERNMENT'S
MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF DR. MARC SAGEMAN[1]**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W.**

**BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY** and **DANIEL A. RUFO**, respectfully

submits the following reply to the government's motion *in limine* to exclude the testimony of Dr.

Marc Sageman.

I.      **Introduction**

On May 2, 2011, the defense notified the government that it intended to call Dr. Marc

Sageman as an expert witness at trial.  Specifically, the defense informed the government that it

intended to have Dr. Sageman testify regarding neo-jihadi terrorism and the activities, methods,

and training programs of government intelligence organizations and terrorist groups.  It appears

that the government's objection to Dr. Sageman's testimony is limited to his testimony regarding

neo-jihadi terrorism, *i.e.*, his model regarding the characteristics of people engaging in neo-jihadi

terrorism and the process by which people come to engage in neo-jihadi terrorism.  The

government has not objected to Dr. Sageman's testimony regarding intelligence organizations, or

---

[1] This response is filed under seal as it refers to an under seal order by the Court.

terrorist groups.  Consequently, the government's motion *in limine* should not be read as seeking

to exclude the testimony of Dr. Sageman altogether, but rather, only to exclude testimony

regarding a certain topic – neo-jihadi terrorism.

## II.      Dr. Marc Sageman's Qualifications

The government states that "Dr. Sageman is a psychiatrist and has authored books on

terrorism."  While both of those are true, the government understates Dr. Sageman's

qualifications.  Dr. Sageman is a board certified psychiatrist who also carries a Ph.D. in

Sociology.  In addition to his work as a psychiatrist, he is a Senior Advisor at the Center for

Strategic and International Studies and a Senior Fellow at the George Washington University

Homeland Security Policy Institute.  He was a case officer with the Central Intelligence Agency

for seven years, with tours in Washington DC, the Afghan Task Force, Islamabad, Pakistan, and

New Delhi India.  His experiences with Aghanistan, Pakistan and India have given him unique

insight into the organizations at play in this case, specifically the Pakistani Directorate for Inter-

Services Intelligence and *Lashkar e Tayyiba*.

Dr. Sageman is also the founder of Sageman Consulting, LLC, which regularly consults

with United States government agencies, including the Federal Bureau of Investigation, the

Department of Justice, the Department of State, the Department of Defense, the United States

intelligence community, and many foreign governments.  He has also consulted with the New

York Police Department, the United States Secret Service, and testified before the 9/11

Commission.  Dr. Sageman is an Adjunct Associate Professor at Columbia University's School

of International and Public Affairs.  Finally, Dr. Sageman has also given lectures on terrorism at

many top universities in the United States, as well as various universities outside of the United

States.  Dr. Sageman's considerable qualifications in the fields of psychiatry, terrorism, and government intelligence, more than qualify him as an expert in the areas in which the defense seek to have him testify.

### III.    The Government's Objection

Among other things the defense proffered regarding Dr. Sageman, was anticipated testimony regarding a model he developed to explain the progression from lawful conservative religious activism to neo-jihadi terrorism and the characteristics of those engaged in neo-jihadi terrorism.  This testimony was proffered primarily to rebut that presumption, created by books and videos related to jihad allegedly found in Rana's home.  In light of the Court's recent rulings regarding the relevance and admissibility of certain items of evidence, the defense no longer intends to elicit this testimony from Dr. Sageman.[2]

The defense continues to proffer Dr. Sageman's testimony regarding  the activities, methods, and training programs of government intelligence organizations and terrorist groups. The jury will hear from government witness David Headley, substantial information about Pakistan's ISI, as well as *Lashkar e Tayyiba* (LeT) and *Harakat ul Jihad al Islami* (HUJI).  The jury will also hear about techniques and methods used by the ISI and terror groups, among other things, to conduct surveillance and obtain membership.  The jury should not be required to rely solely on Headley's testimony regarding these topics, nor should the defense be required to accept Headley's testimony as truthful.  Dr. Sageman has extensive knowledge and experience with intelligence agencies, terrorist groups and the techniques and methods used by both types of groups.  Dr. Sageman also has extensive knowledge and experience with the specific agency and

---

[2]The defense would reserve the right to re-raise this area of testimony depending on evidence presented by the government.

groups at issue. The government has not objected to Dr. Sageman's testifying to these topics and he should not be precluded from doing so.

Moreover, expert testimony on terrorism and espionage activities would certainly assist the jury in understanding the evidence and determining facts at issue. The Second Circuit has recently observed in *United States v. Farhane*, 634 F.3d 127, (2nd Cir. 2011), that "[d]espite the prevalence of organized crime stories in the news and popular media, these topics remain proper subjects for expert testimony. Aside from the probability that the depiction of organized crime in movies and television is misleading, the fact remains that the operational methods of organized crime families are still beyond the knowledge of the average citizen." *Id*. at 159, *quoting United States v. Amuso,* 21 F.3d 1251 (2nd Cir. 1994). The court went on to note that the "rationale applies with equal force to terrorist organizations, including al Qaeda." *Id.* Likewise the Seventh Circuit has permitted expert testimony from former intelligence officers regarding the activities of terrorist organizations. *See Boim v. Holy Land Found. for Relief & Dev.,* 549 F.3d 685, 704 (7th Cir. 2008).

Like the government's use of an expert in the field of organized crime, Dr Sageman's testimony will assist the jury in understanding the operational methods of multiple groups (the ISI, LeT, and HUJI). Jurors are unlikely to have an understanding of these groups and may even have an inaccurate understanding of them from television and the media. Understanding how such groups operate regarding recruitment, disclosure of information, development of assets, etc., is critical to key issues in this trial – knowledge and intent. The government witness David Headley will provide his testimony regarding ISI, LeT, and HUJI. The defense should be free to

offer the testimony of an expert eminently qualified in these areas to rebut Headley if necessary

and to offer additional evidence consistent with Rule 702 of the Federal Rules of Evidence.

## IV.     Conclusion

The government's motion *in limine* to exclude the testimony of Dr. Marc Sageman

should be denied.

Respectfully submitted,


**s/Patrick W. Blegen**
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.


**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Defendant Rana's Response to the Government's Motion *in Limine* to Exclude the Testimony of Dr. Marc Sageman was served on May 19, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

s/ Patrick W. Blegen
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100