**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-8 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.*, | ) | |
| (TAHAWWUR RANA) | ) | |
| | ) | **UNDER SEAL** |
| Defendant. | ) | |

**DEFENDANT RANA'S UNDER SEAL MOTION REGARDING THE USE OF**
**A TRANSCRIPT ALTERED BY COOPERATING WITNESS DAVID HEADLEY**

Defendant, **TAHAWWUR RANA**, by and through his attorneys, **PATRICK W. BLEGEN**, **CHARLES D. SWIFT**, **JODI L. GARVEY** and **DANIEL A. RUFO**, pursuant to the Fifth and Sixth Amendment to the Constitution of the United States, respectfully submits the following motion to preclude the government from providing to the jury a transcript of recording SID 5909609 twice altered by the government's cooperating witness.[1]

1.      On January 7, 2011, the Court ordered the government to provide the defense with final transcripts of translated conversations by April 1, 2011.  The government provided 21 final transcripts on March 31, 2011.  On April 8, 2011, the government provided an additional 28 final transcripts.  On April 18, the government provided four additional final transcripts.  The April 8, 2011, production contained a transcript of recording SID 5909609, a recording of a conversation between Rana and Headley during a car ride.

---

[1]Having thought the issue of the "Headley altered" transcripts was resolved by the Court on May 16, 2011, the defense had their Urdu translator fly to Chicago from Virginia on May 20, 2011 so that he could listen to car ride audio recordings, including the one in question, on the government's equipment in the FBI offices.  Incredibly, the government never informed counsel that THE transcript for the very recording they had their expert fly in to review was being changed yet again.

2.     On May 12, 2011, the government provided three entirely new final transcripts and altered versions of eleven previously provided final transcripts.  Prior to this production, the government had represented to counsel that the alterations would consist of only minor changes, primarily the removal of translator notes.  For the most part, the changes were in fact minor.

3.     The transcript for SID 5909609, however, contained critical substantive changes from the final transcript provided on April 8, 2011.

4.     When the transcript of SID 5909609 was first provided,  it contained the following line:

> DH: [UI] My Pasha in Dubai told me this was about to happen ... this one, after that when you landed in America, how did you find out about it?

The relevant portion of original final translation is attached hereto as Exhibit A.

5.     When the translation was reproduced, on May 12, 2011, the line had been changed to the following:

> DH: When you met Pasha in Dubai, when you told you that this was about to happen...this one, after that when you landed in America, how did you find out about it?

The relevant portion of the altered final translation is attached hereto as Exhibit B.

6.     The defense objected to the late production of the "new" final translations as the defense translator had already reviewed the original final transcripts, the new final transcripts contained substantive changes, and the new final transcripts were produced only four days before trial, while counsel were in the midst of trial preparation.  The defense letter objecting to the transcripts is attached hereto as Exhibit C.

7.     On May 14, 2011, the defense inquired as to the identity of the interpreter who had made the change to SID 5909609.  The government informed the defense that it was not a

translator, but cooperating witness David Headley who had made the relevant changes.

8.      On May 16, 2011, the defense raised the issue of the altered transcripts in Court. There, the government, informed counsel and the Court that the original productions of transcripts, on March 31, April 8 and April 11, were the result of clerical errors, and did not incorporate changes made by Headley to its interpreter's transcripts, as the government had intended.  The defense contended that the government should be precluded from showing the jury a transcript substantively altered by Headley, given his interest in the case and the late production.

9.      During the hearing, the government tendered a redline copy of the SID 5909609 transcript displaying Headley's change, to the Court.  The relevant portion of the redline copy is attached hereto as Exhibit D.  The government also related that it was unsure if its expert translator agreed with Headley's change.

10.     Shortly after reviewing the redline copy, the Court had the following colloquy with the defense and the government:

THE COURT: Are you calling your expert translator?

MR. COLLINS: We will, yeah.

THE COURT: Okay. If he will testify that he made a mistake, that Headley's correction, then I will -- if you give me that assurance, then you can put this in.  If he disagrees though, then I think, based upon everything we've heard, I think that as originally published it should be -- should be the one put in, and then Headley is free to say there's a mistake.

MR. COLLINS: Judge, I just learned, a note was passed up to me, that our translator does, in fact, agree with Headley's change. That is something we were currently working on. So our translator does agree with the change that was made.  But let me add, Judge, the preliminary transcript that was inadvertently produced as a final, that's just a clerical mistake. And calling it, calling it a -- and having somebody

3

THE COURT: If you, as an officer of the court, will tell me that your person tells you that he agrees that he made a mistake, that he agrees that this is it, then I'll leave it up to them, they can cross-examine that it's a mistake.

MR. BLEGEN: That's fine, then we'll cross-examine their expert on it.

MR. COLLINS: One nuance, Judge, though is that the preliminary transcript, I don't know if the expert that agrees with the change is the one who even put that preliminary together. We had, as your Honor knows, two people working on these things getting them out as quickly as we can --

THE COURT: Well, at some point, in fairness, they should be able to rely, when the Court orders things finals to be published, in this case it wasn't a case where we rushed to trial because we gave an extra two or three months.

MR. COLLINS: I think, Judge, if the translator is allowed to be cross-examined on that particular point and shown what that -- what the -- what Mr. Blegen calls the final report, that we have the disagreement about, we can resolve this, that's fine.

11.     As the colloquy makes clear, an FBI agent passed a note to the government, relating the information about the interpreter's agreement. The issue was ultimately resolved by allowing the government to use the Headley changed transcript as a final transcripts, but allowing cross-examination regarding the earlier produced final transcript.

12.     On May 18, 2011, the jury was sworn in. Two days after, on Friday May 20, 2011, at approximately 4:30 p.m., the defense was provided yet another production of transcripts. In this production, the critical line of SID 5909609, which the government informed the Court that its expert witness had agreed with Headley about, was changed yet again. The relevant potion now reads as follows:

DH: When you met Pasha in Dubai, when he told you that this was about to happen...this one, after that when you landed in America, how did you find out about it?

The relevant portion of the now twice-altered final transcript is attached hereto as Exhibit E.

13.     In light of yet another last minute change, the government should be precluded

4

from providing to the jury a transcript of recording SID 5909609 that has been altered by the government's cooperating witness. Rather, the government should be required to provide the jury its original final transcript, provided on April 8, 2011. Alternatively, the government should be required to provide to the jury the transcript it told the Court was approved by its translator and shown to the Court on May 16, 2011.

Respectfully submitted,

 s/Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorneys for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

5

## CERTIFICATE OF SERVICE

I hereby certify that foregoing Defendant Rana's Under Seal Motion Regarding the Use of a Transcript Altered by Cooperating Witness David Headley was served on May 21, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

**s/ Patrick W. Blegen**
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100