UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | 09 CR 830 |
| v. | ) | |
| | ) | Judge Harry D. Leinenweber |
| | ) | |
| TAHAWWUR HUSSAIN RANA | ) | |

**GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION
IN LIMINE TO EXCLUDE THE TESTIMONY OF DR. MARC SAGEMAN**

The UNITED STATES OF AMERICA, by its attorney, PATRICK J. FITZGERALD,

United States Attorney for the Northern District of Illinois, submits this Reply in Support of

the Government's Motion in Limine to Exclude the Testimony of Dr. Marc Sageman.

**I.      SUMMARY OF THE ARGUMENT**

The government moved to exclude Dr. Sageman's testimony in its entirety under

Federal Rules of Evidence 702 and 704(b) on the grounds that his proffered testimony – all

of which related to his purported model for identifying operational terrorists – has no

scientific basis in the context of this case and invades the province of the jury.  Rana has

responded by withdrawing Dr. Sageman's testimony about his model for identifying

operational terrorists, proposing instead that Dr. Sageman limit his testimony to "the

activities, methods, and training programs of government intelligence organizations and

terrorist groups," specifically the Pakistani intelligence agency ("ISI"), Lashkar-e-Tyibba

("Lashkar"), and Harakat ul Jihad al Islami ("HUJI") (Response ("Resp.") at 1, 3-4).

Rana's expert disclosure to the government provided no information about Dr. Sageman's proposed testimony on this topic, which was referenced only as being derived from and intertwined with his model for identifying operational terrorists. Rana inaccurately represents that the government does not object to this testimony. The revised version of Dr. Sageman's testimony should be excluded because Rana still falls far short of meeting his burden of establishing the admissibility of Dr. Sageman's opinions (whatever they may be) regarding ISI, Lashkar, and HUJI. Specifically, Rana has not established Dr. Sageman's qualifications as an expert with respect to ISI, Lashkar, or HUJI. Moreover, Rana has not established a "fit" between Dr. Sageman's unstated opinions on ISI, Lashkar, and HUJI, and Rana's intent, knowledge, or any other matter relevant to this case. Accordingly, any remaining aspect of Dr. Sageman's proffered testimony should be excluded because Rana fails to meet the standards of *Daubert* and Rule 702.

## II.   ARGUMENT

### A.   Rana's Narrow Reading of the Government's Arguments Lacks Merit.

Rana begins his response by asserting that the government's "Motion in Limine to Exclude the Testimony of Dr. Marc Sageman" should be read as seeking to "exclude testimony regarding a certain topic – neo-jihadi terrorism." (Resp. at 2). That is inaccurate. The scope of the government's motion is clear: this Court should exclude Dr. Sageman's proffered testimony in its entirety, because it fails to satisfy the requirements of *Daubert* and

Rule 702, and runs straight into the teeth of Rule 704(b).  As discussed below, Rana's new

approach likewise fails to meet the requirements of *Daubert* and Rule 702.

Rana initially proffered Dr. Sageman to testify about "a variety of topics including

neo-jihadi terrorism, and the activities, methods, and training programs of government

intelligence organizations." (Disclosure of May 2, 2011 ("Disclosure"), at 1).  The disclosure

consisted of a description of Dr. Sageman's model and related opinions; the passing

references in the disclosure to ISI, Lashkar, and HUJI all were in the context of their

relevance to Dr. Sageman's model.  For instance, Rana briefly mentioned the formation of

LeT and HUJI when describing part of Dr. Sageman's testimony that would help the jury

understand his model.[1]

Similarly, Rana concluded the disclosure by outlining four opinions Dr. Sageman

would reach based on his model of a neo-jihadi terrorist.  Only the last of Dr. Sageman's four

proffered opinions referenced an intelligence organization or terrorist group.  The fourth

---

[1] In his disclosure, Rana contended:

> In order for the jury ***to understand his model***, Dr. Sageman will provide
> background testimony concerning terrorism in general, and in particular, the
> phenomena of global neo-jihadi terrorism. . . . He will focus on the history of this
> movement and its crucial involvement in the Afghan Soviet war of the 1980s and
> early 1990s in Peshwar, Pakistan, the period during which the terrorist
> organizations named in the indictment in this case, Al Qaeda, LeT, and HUJI
> were formed.  Dr. Sageman has a unique perspective on this history, as he was
> stationed in Pakistan as an intelligence officer at the time and met several of the
> major protagonists of the war against the Soviets.

(Disclosure at 2-3) (emphasis added).

opinion was proffered explicitly in the context of Dr. Sageman's model and neo-jihadi terrorism:

> **Based on his model**, and his review of case materials, Dr. Sageman will testify to the following opinions. . . . Finally, he will testify that while the defendant did possess some jihadi materials and engaged in secret communications, **both of which are factors [of Dr. Sageman's model]**, these activities may alternatively be explained by an attempt by David Headley to recruit Defendant, which, while atypical of terrorist organizations, would be consistent with training and methodology Headley claims to have received from the Pakistan Intelligence Service.

(Disclosure at 3-4) (emphasis added).

Dr. Sageman's model and his application of that model to Rana were the focus of the disclosure and the exact target of the government's motion. Rana's narrow reading of the government's motion should be rejected, and all of Dr. Sageman's testimony should be excluded.

**B.  Rana Fails to Establish the Admissibility of Dr. Sageman's Testimony and Opinions Regarding ISI, Lashkar, HUJI.**

Regardless of Rana's reading of the government's motion, Rana does not establish the admissibility under *Daubert* and Rule 702 of Dr. Sageman's testimony on ISI, Lashkar, and HUJI. First, Rana fails to establish Dr. Sageman's qualifications concerning ISI, Laskar, or HUJI. Second, Rana fails to establish the relevancy of whatever opinions Dr. Sageman may hold regarding ISI, Lashkar, and HUJI.

### 1. *Rana Fails to Establish Dr. Sageman's Qualifications to Opine on ISI, Lashkar, or HUJI.*

"Rule 702 by its terms allows the admission of testimony by an 'expert,'" someone with the appropriate "knowledge, skill, experience, training, or education" to help the trier of fact "understand the evidence or determine a fact in issue." *United States v. Lupton*, 620 F.3d 790, 798 (7th Cir. 2010), quoting Fed.R.Evid. 702.[2]

In *Lupton*, the Seventh Circuit reviewed the district court's exclusion of the defendant's expert. *Lupton*, 620 F.3d at 797-99. The defendant was alleged to have solicited kickbacks in a commercial real estate setting, and proffered an expert to testify about "the industry standards of practice governing commercial real estate brokers in Wisconsin." *Id.* at 799. The defendant's expert was a "real estate broker, attorney, professor, author, and former Wisconsin bureaucrat." *Id.* at 797. Notwithstanding the expert's background, the district court excluded the expert, in part because the expert lacked "relevant expertise and experience." *Id.* at 799. The Seventh Circuit affirmed the exclusion of the expert on several grounds, including that the expert was too far removed from his brokerage days in the industry:

> [The expert's] thirty-year distance from the day-to-day goings on in the brokerage world and lack of experience with the statutes and contract at issue in this case call into question the extent to which his 'knowledge, skill, experience, training, or education' qualify him to render an opinion on what

---

[2] The proponent of an expert has the burden to establish the admissibility of expert testimony by a preponderance of the evidence. *Lewis v. CITGO Petroleum*, 561 F.3d 698, 705 (7th Cir. 2009).

constitute 'innocent, normal, and acceptable practices' among real estate brokers.' *Id.* at 799.[3]

Like the defendant in *Lupton*, Rana offers an expert with a long resume to provide expert testimony on issues that, at a minimum, no longer fit within his proffered knowledge, skill, experience, training, or education. According to his curriculum vitae, Dr. Sageman left behind his work with the mujahideen and Pakistan, and any interaction he had with the ISI, Lashkar, and HUJI, no later than 1991. Terrorism, technology, and the world changed dramatically between 1991 and 2002, when David Headley attended his first training camp in Pakistan.[4]

Rana simply offers no evidence to establish Dr. Sageman's knowledge, skill, experience, training, or education from which he can testify as an expert on ISI's, Lashkar's, or HUJI's respective "activities, methods, and training programs" between 2002 and 2009.

---

[3] The court also excluded the expert because of his lack of methodology, his legally interpretative testimony, and the danger of jury confusion. *Id.* at 799.

[4] Dr. Sageman's experiences with ISI, Laskar, and HUJI (according to Rana's filings) are limited to his role as a "Case Officer" and unsupported assertions by Rana that (1) "Dr. Sageman is familiar with and studied" Lashkar, HUJI, and al-Qaeda (Disclosure at 1); (2) "Dr. Sageman has also studied and is familiar with Pakistan's Directorate of Inter Service Intelligence" (Disclosure at 1); (3) "Dr. Sageman has a unique perspective on this history, as he was stationed in Pakistan as an intelligence officer at the time and met several of the major protagonists of the war against the Soviets" (Disclosure at 2-3); (4) "He was a case officer with the [CIA] for seven years, with tours in Washington DC, the Afghan Task Force, Islamabad, Pakistan, and New Dehli[,] India.. His experiences with A[f]ghanistan, Pakistan and India have given him unique insight into the organizations at play in this case, specifically the Pakistani Directorate for Inter Service Intelligence and *Lashkar e Tayyiba*" (Resp. at 2); and (5) "Dr. Sageman has extensive knowledge and experience with intelligence agencies, terrorist groups and the techniques and methods used by both types of groups. Dr. Sageman also has extensive knowledge and experience with the specific agency and groups at issue" (Resp. at 3-4). Rana provides no support for any of these conclusions about Dr. Sageman's knowledge.

(Even prior to that period, Rana offers nothing other than a bare listing of his tenure as a CIA case officer as a basis for his claimed expertise, which provides this Court and the government with no meaningful basis to assess his qualifications.) Further, Rana points to no studies or research conducted by Dr. Sageman or any publications – peer-reviewed or otherwise – he authored concerning ISI, Laskar, or HUJI.

Even if Dr. Sageman's *curriculum vitae*, belatedly supplemented by Rana's response to the government's motion to exclude, can be read as indicating that his work for the CIA dealt in some manner with ISI, Lashkar, and/or HUJI between 1984 and 1991, that fact, standing alone, would not establish that he had sufficient exposure to ISI, Lashkar, and HUJI such that he is qualified to testify as an expert regarding their respective "activities, methods, and training programs" and how they "operate regarding recruitment, disclosure of information, [and] development of assets. . . ."[5] Rana's claim that Dr. Sageman is qualified to testify as an expert is simply an unsubstantiated assertion. As such Dr. Sageman fails to satisfy a *Daubert* analysis, and his testimony should be excluded.

> ### 2. Rana Also Does Not Establish a Link Between Dr. Sageman's Knowledge of ISI, Lashkar, or HUJI and Matters at Issue for this Court and the Jury.

Rana offers no insight into the nature or scope of Dr. Sageman's opinions on ISI, Lashkar, or HUJI, or how they will apply to this case. Rana hints at the issue of relevancy by contending that "the jury should not be required to rely solely on Headley's testimony

---

[5] It is self-evident that foreign intelligence agencies and terrorist groups are clandestine, particularly with respect to their "activities, methods, and training programs."

regarding [ISI, Lashkar, and HUJI], nor should the defense be required to accept Headley's testimony as truthful." (Resp. at 3).

Rana never, however, discloses what Dr. Sageman will testify about. He never describes what it is about Dr. Sageman's testimony that will assist the jury. Rana must disclose Dr. Sageman's opinions, not the fact that he has opinions. In order to meet his burden, Rana must be able to establish a fit between Dr. Sageman's opinions and matters at issue. Rana cannot establish a fit, when he does not make a meaningful disclose of the nature of Dr. Sageman's opinions.

Although Dr. Sageman may very well be an expert on many matters, Rana has not established Dr. Sageman's expertise on ISI, Lashkar, or HUJI with respect to a matter at issue before the Court and jury. Accordingly, Dr. Sageman should be barred from testifying.

### III.    CONCLUSION

For the reasons set for above and in the government's motion, the government respectfully requests that this Court exclude *all of* the proffered testimony of Dr. Sageman on the grounds that: (1) it is not relevant to the case before this Court; (2) it does not "fit" this case as required by *Daubert* and Rule 702; (3) the risk of confusion and misleading the jury substantially outweighs any probative value of his testimony; (4) his testimony will present impermissible opinion or inferences with respect to whether the defendant possessed the requisite mental state of the crimes charged; and (5) the defendant failed to meet his burden to establish the qualifications of Dr. Sageman to testify as an expert on ISI, Lashkar, or HUJI.

Respectfully submitted,

PATRICK J. FITZGERALD
United States Attorney

By:     /s/ Daniel J. Collins
DANIEL J. COLLINS
VICTORIA J. PETERS
SARAH E. STREICKER
219 South Dearborn Street, 5th Floor
Chicago, Illinois 60604

May 24, 2011