Order Form (01/2005)

# United States District Court, Northern District of Illinois UNDER SEAL

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 CR 830 - 8 | **DATE** | 5/12/2011 |
| **CASE TITLE** | United States vs. Kashmiri, et al. (Tahawwur Hussain Rana) | | |

**DOCKET ENTRY TEXT**

The Court accepts the government's *Santiago* Proffer [200] and conditionally admits the alleged co-conspirator statements set forth therein, pending the government establishing by a preponderance of the evidence at trial the requirements of Federal Rule of Evidence 801(d)(2)(E), namely: (1) there was a conspiracy (2) involving the out-of-court declarant and Defendant Tahawwur Hussain Rana, and (3) that the statement was made during the course and in furtherance of the conspiracy.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendant Tahawwur Hussain Rana (hereinafter, the "Defendant") has been charged in three counts of a 12-count second superseding indictment for providing material support to terrorists and a foreign terrorist organization, brought under 18 U.S.C. §§ 2339A, 2339B, in connection with the November 2008 attacks in Mumbai, India, by the Pakistan-based group *Lashkar e Tayyiba*, and a plot to attack a newspaper building in Denmark. In the second superseding indictment, the government has alleged five conspiracies: (1) to bomb places of public use in India (Count 1); (2) to murder and maim in India (Count 2); (3) to provide material support to terrorism in India (Count 9); (4) to murder and maim in Denmark (Count 10); and (5) to provide material support to terrorism in Denmark (Count 11). The government alleges that Defendant was involved in the conspiracies alleged in Counts 9 and 11.

The government has stated its intention to introduce statements from the alleged co-conspirators in its case against Defendant. Under the Federal Rules of Evidence, a "statement is not hearsay if . . . [t]he statement is offered against a party and is . . . a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). If the government offers into evidence statements of co-conspirators which otherwise would be regarded as hearsay, the court must, pursuant to Federal Rule of Evidence 104(a), make a preliminary determination as to the statements' admissibility. *See United States v. Alviar*, 573 F.3d 526, 540 (7th Cir. 2009). As a prerequisite to the admissibility of these statements, the government has the burden to establish by a preponderance of the evidence that "(1) a conspiracy existed, (2) the defendant and the declarant were members of the conspiracy, and (3) the statement(s) sought to be admitted were made during and in furtherance of the conspiracy." *Id.; see also Bourjaily v. United States*, 483 U.S. 171, 175 (1987).

The government has tendered its pretrial proffer, the common practice in this Circuit, which outlines the evidence of the three elements for admissibility of the co-conspirator statements it intends to admit at trial. *See United States v. Santiago*, 582 F.2d 1128, 1131 (7th Cir. 1978). Upon a review of this proffer and Defendant's response, the Court conditionally admits the alleged co-conspirator statements set forth therein,

pending the government establishing by a preponderance of the evidence at trial the requirements of Federal Rule of Evidence 801(d)(2)(E).

The government's proffer provides evidence of specific instances in which Defendant interacted with alleged co-conspirators David Headley ("Headley"), Abdur Rehman Hashim Syed ("Pasha"), and Major Iqbal. It does more than merely allege that Defendant was an unknowing member of the alleged conspiracies. Rather, it details specific allegations of material support that Defendant supplied to the Mumbai and Denmark plots. Defendant argues that the proffer shows that he had no contact with most of the alleged co-conspirators, and that Headley had the majority of the contact with the co-conspirators. However, he does not offer any authority as to why this alleged lack of substantial involvement with multiple co-conspirators would factor into the Court's analysis of the *Santiago* proffer.

The government has alleged that Defendant was a party to the conspiracies primarily through his interactions with Headley, which is sufficient to establish that he took part in the conspiracies. *See United States v. Frazier*, 213 F.3d 409, 415 (7th Cir. 2000) ("Coconspirators do not have to have contact with, or even know, all of the other conspirators."). Further, "coconspirators need not participate in every aspect of the scheme." *United States v. Haynes*, 582 F.3d 686, 701 (7th Cir. 2009). The government offers evidence in its proffer that Headley, among other interactions with Defendant, informed Defendant of the purpose of his surveillance; gave him updates about the status of his surveillance; had Defendant provide him assistance in establishing his cover in Mumbai and Denmark as a representative of First World Immigration; told Defendant about communications he received from other alleged co-conspirators directed toward Defendant; and received financial assistance from Defendant for his surveillance trips. As alleged, this amounts to much more than the "friendship and business relationship" with Headley that Defendant argues the government establishes in its proffer. As such, this evidence of the alleged material support conspiracies warrants the Court accepting the government's proffer.

The Court next addresses two specific concerns that Defendant raises about the government's proffer. First, Defendant argues that the government has not listed the specific statements it wishes to offer into evidence. The government, however, does not have such an obligation. The government has provided Defendant with transcripts of 52 recordings. These transcripts presumably include the alleged co-conspirator statements that the government seeks to introduce as evidence under Rule 801(d)(2)(E). As such, Defendant has representative samples of the statements the government intends to introduce. *See United States v. Warner*, 396 F. Supp. 2d 924, 944 (N.D. Ill. 2005). Additionally, the government's proffer sets forth a substantially detailed recitation of many of the events in chronological order that allegedly occurred as part of the conspiracies in Counts 9 and 11, including numerous descriptions of specific conversations. The specificity in this proffer puts Defendant on notice of the contents of the statements.

Second, Defendant argues that the government has not fulfilled its obligation to list all of the co-conspirators in the two conspiracies in which he is charged. However, in its proffer, the government states that for the conspiracy in Count 9, it intends to offer statements from Headley, Zaki Lakhvi, Muzzammill Butt, Sajid Mir, Abu Qahafa, Abu Al Qama, Pasha, and Major Iqbal. For the conspiracy in Count 11, the government intends to offer statements from Defendant, Headley, Mir, Pasha, Saulat Rana, and Ilyas Kashmiri. Defendant argues that the transcripts of the aforementioned 52 recordings include statements not between co-conspirators, such as conversations between Defendant and his brother, aunt, paternal uncle, and an unidentified male. If the government wishes to admit these conversations as co-conspirator statements, the government shall provide Defendant with an updated list of alleged co-conspirators. Otherwise, these statements would have to be admissible under some other exception to the hearsay rule, if these statements are being offered for the truth of the matter asserted.