*USA*
*-v-*
*Tahawwur Rana*
*Judge Leinenweber*
*Jury Instructions*

Members of the jury, you have seen and heard all the evidence and the arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's race, color, religion, national ancestry, or sex.

Nothing I say to you now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

**FILED**
JUN 9 2011
JUN 9 - 2011

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence and stipulations.

A stipulation is an agreement between both sides that certain facts are true or that a person would have given certain testimony.

You are to decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all, as well as what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, you may consider, among other things:

- the witness's intelligence;

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the manner of the witness while testifying; and

- the reasonableness of the witness's testimony in light of all the evidence in the case.

3

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inferences you make must be reasonable and must be based on the evidence in the case.

Some of you have heard the phrases "circumstantial evidence" and "direct evidence." Direct evidence is the testimony of someone who claims to have personal knowledge of the commission of the crime which has been charged, such as an eye witness. Circumstantial evidence is the proof of a series of facts which tend to show whether the defendant is guilty or not guilty. The law makes no distinction between the weight to be given either direct or circumstantial evidence. You should decide how much weight to give to any evidence. All the evidence in the case, including circumstantial evidence, should be considered by you in reaching your verdict.

Certain things are not evidence. I will list them for you:

First, testimony that I struck from the record, or that I told you to disregard, is not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. This includes any press, radio, or television reports you may have seen or heard. Such reports are not evidence and your verdict must not be influenced in any way by such publicity.

Third, questions and objections by the lawyers are not evidence. Attorneys have a duty to object when they believe a question is improper. You should not be influenced by any objection or by my ruling on it.

Fourth, the lawyers' statements to you are not evidence. The purpose of these statements is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

6

It is proper for an attorney to interview any witness in preparation for trial.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

The indictment in this case is the formal method of accusing the defendant of offenses and placing the defendant on trial. It is not evidence against the defendant and does not create any inference of guilt.

Count Nine of the indictment in this case charges that the defendant conspired to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such support or resources, to conspiracies to commit terrorist acts in India.

Count Eleven charges that the defendant conspired to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such support or resources, to a conspiracy to commit terrorist acts in Denmark.

Count Twelve charges that the defendant provided material support or resources to a foreign terrorist organization, namely, *Lashkar e Tayyiba*.

The defendant has pleaded not guilty to the charges.

9

The defendant is presumed to be innocent of each of the charges. This presumption continues during every stage of the trial and your deliberations on the verdict. It is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendant is guilty as charged. The government has the burden of proving the guilt of the defendant beyond a reasonable doubt.

This burden of proof stays with the government throughout the case. The defendant is never required to prove his innocence or to produce any evidence at all.

The defendant has an absolute right not to testify. The fact that the defendant did not testify should not be considered by you in any way in arriving at your verdict.

You have heard a witness give an opinion about matters requiring special knowledge or skill. You should judge this testimony in the same way that you judge the testimony of any other witness. The fact that such a person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness' qualifications, and all of the other evidence in the case.

You have heard evidence that before the trial, a witness made statements that may be inconsistent with the witness testimony here in court. If you find that it is inconsistent, you may consider the earlier statement in deciding the truthfulness and accuracy of that witness' testimony in this trial. If that statement was made under oath, you may also consider it as evidence of the truth of the matters contained in that prior statement.

You have heard evidence that David Headley has been convicted of crimes. You may consider this evidence only in deciding whether David Headley's testimony is truthful in whole, in part, or not at all. You may not consider this evidence for any other purpose.

You have heard testimony from David Headley who:

(a)     may receive benefits from the government in connection with this case, namely, the possibility of a reduced sentence, the possibility of the government's agreement not to seek the death penalty in exchange for his truthful testimony, and the possibility of the government's agreement not to extradite Headley to India, Denmark, or Pakistan for any offenses for which he has been convicted in accordance with the plea agreement.

(b)     stated that he was involved in the commission of the offenses, as charged against the defendant; and

(c)     has pleaded guilty to offenses arising out of the same occurrences for which the defendant is now on trial. His guilty plea is not to be considered as evidence against the defendant.

You may give his testimony such weight as you feel it deserves, keeping in mind that it must be considered with caution and great care.

15

You have heard a recording of portions of the defendant's post-arrest statement. This recording is proper evidence and you may consider it, just as any other evidence.

When the recording was played during the trial, you were furnished with a transcript of the recording.

The recording is the evidence, and the transcript was provided to you only as a guide to help you follow as you listened to the recording. The transcript is not evidence of what was actually said or who said it. It is up to you to decide whether the transcript correctly reflects what was said and who said it. If you noticed any difference between what you heard on the recording and what you read in the transcript, you must rely on what you heard, not what you read. And, if after careful listening, you could not hear or understand certain parts of the recording, you must ignore the transcript as far as those parts are concerned.

I am providing you with the recording and a player. You are not required to play the recording, in part or in whole. You may rely, instead, on your recollections of the recording as you heard it at trial. If you do decide to listen to and watch the recording and wish to have the transcript corresponding to that recording, ask the Marshal in writing and the transcript will be given to you. You may choose to listen to and watch the recording without the transcript.

Among the exhibits admitted during the trial were recordings that contained conversations primarily in the Urdu language. You were also provided with English transcripts of those conversations. The transcripts were provided to you by the government so that you could consider the content of the conversations on the recordings.

Whether a transcript is an accurate translation, in whole or in part, is for you to decide. In considering whether a transcript accurately describes the meaning of a conversation, you should consider the testimony presented to you regarding how, and by whom, the transcript was made. You may consider the knowledge, training, and experience of the translator, as well as the nature of the conversation and the reasonableness of the translation in light of all the evidence in the case. You should not rely in any way on any knowledge you may have of the language spoken on the recording; your consideration of the transcripts should be based on the evidence introduced at trial.

You should not speculate why any other person whose name you may have heard during the trial is not currently on trial before you.

## COUNT NINE

Count Nine of the Second Superseding Indictment alleges that beginning no later than approximately late 2005, and continuing through on or about October 3, 2009, the defendant conspired with David Headley and others to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such material support or resources, to one of two conspiracies charged against David Headley and certain defendants in the Second Superseding Indictment, namely, the conspiracy to bomb places of public use in India charged in Count One or the conspiracy to murder and maim in India charged in Count Two.

To sustain the charge of conspiracy as alleged in Count Nine, the government must prove two elements:

First, that a conspiracy to provide material support or resources or to conceal or disguise the nature, location, source and ownership of such material support or resources existed, as charged in Count Nine; and

Second, that the defendant became a member of the conspiracy, knowing or intending that the material support or resources provided, or concealed or disguised, were to be used in preparation for, or in carrying out, one of the two conspiracies charged in Counts One and Two of the Second Superseding Indictment.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

19

A conspiracy is an agreement between two or more persons to accomplish an unlawful purpose.

A conspiracy may be established even if its purpose is not accomplished.

To be a member of the conspiracy, the defendant need not join at the beginning, or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

To establish the existence of the conspiracy charged Count Nine and its common purpose or purposes, the government need not establish that there existed a formal agreement to conspire. The agreement may be inferred from all the circumstances and conduct of all the alleged participants. The conspiracy may be proved by circumstantial evidence and reasonable inferences drawn from that evidence and the totality of their conduct.

For Count Nine, the "material support or resources" need not have been provided to a particular or specified terrorist or terrorist group. However, the "material support or resources" must have been provided to the conspiracy charged in Count One or the conspiracy charged in Count Two.

In order to find that the government has proven that the defendant conspired to provide material support or resources as charged in Count Nine, you must unanimously agree that defendant conspired to provide material support or resources to at least one of the conspiracies charged in Count One and Count Two. For example, if some of you find that the defendant conspired to provide material support or resources to the conspiracy to bomb places of public use in India, but not to the conspiracy to murder and maim in India, and others of you find that the defendant conspired to provide material support or resources to the conspiracy to murder and maim in India, but not to the conspiracy to bomb places of public use in India, then there is no unanimous agreement. On the other hand, for example, if all jurors find the defendant conspired to provide material support or resources to the conspiracy to murder and maim in India, then there is unanimous agreement.

The term "material support or resources" for purposes of Count Nine is defined to include:

- tangible property,

- money,

- false documentation or identification,

- personnel, or

- expert advice or assistance.

The term "provide" means to make available, furnish, or supply.

The term "personnel" means one or more persons, which can include the defendant's own person.

The term "expert advice or assistance" means advice or assistance derived from scientific, technical or other specialized knowledge.

In determining whether the defendant conspired to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such material support or resources, you must all agree that the defendant conspired to provide or conceal or disguise at least one of the forms of "material support or resources" listed above, however, you need not agree that the defendant conspired to provide each and every one. In order to find the defendant guilty of Count Nine, you must unanimously agree on at least one of the forms of "material support or resources" listed above.

The phrase "a conspiracy to bomb places of public use in India" means an agreement between two or more individuals to deliver, place, discharge, or detonate an explosive or other lethal device in, into, or against a place of public use, a state or government facility, a public transportation system, or an infrastructure facility with the intent to cause death or serious bodily injury or with the intent to cause extensive destruction where such destruction results in or is likely to result in major economic loss, and any victim is a national of the United States or a perpetrator is found in the United States or is a national of the United States.

The phrase "a conspiracy to murder and maim in India" means an agreement between two or more individuals to commit in India an act that would constitute the offense or murder or the offense of maiming if committed in the United States, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy.

If you find the defendant guilty as charged in Count Nine, you must then determine whether the government has proved that at least one individual died as a result of the conspiracy charged in Count Nine.

In order to find that at least one individual died as a result of the conspiracy charged in Count Nine, the government must prove that the conduct of the conspiracy caused an individual's death, even if the conduct of the defendant himself would not have caused the death. The government is not required to prove that the defendant intended for any specific individual to die.

You will see on the verdict form a question concerning this issue. You should consider that question only if you have found that the government has proved the defendant guilty as charged in Count Nine.

If you find that the government has proven beyond a reasonable doubt that an individual died as a result of the conspiracy charged in Count Nine, then you should answer that question "Yes."

If you find that the government has not proven beyond a reasonable doubt that an individual died as a result of the conspiracy charged in Count Nine, then you should answer that question "No."

## COUNT ELEVEN

Count Eleven of the Second Superseding Indictment alleges that beginning no later than approximately October 2008, and continuing through on or about October 3, 2009, the defendant conspired with David Headley and others to provide material support, or to conceal or disguise the nature, location, source or ownership of such material support, to a conspiracy charged against David Headley and certain defendants in the Second Superseding Indictment, namely, the conspiracy to murder and maim in Denmark charged in Count Ten.

To sustain the charge of conspiracy as alleged in Count Eleven, the government must prove two elements:

First, that a conspiracy to provide material support or resources or to conceal or disguise the nature, location, source and ownership of such material support or resources existed, as charged in Count Eleven; and

Second, that the defendant became a member of the conspiracy, knowing or intending that the material support or resources provided, or concealed or disguised, were to be used in preparation for, or in carrying out, the conspiracy charged in Count Ten of the Second Superseding Indictment.

If you find from your consideration of all the evidence that each of these propositions has been proved beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that any one of these propositions has not been proved beyond a reasonable doubt, then you should find the defendant not guilty.

A conspiracy is an agreement between two or more persons to accomplish an unlawful

purpose.

A conspiracy may be established even if its purpose is not accomplished.

To be a member of the conspiracy, the defendant need not join at the beginning, or know all the other members or the means by which its purpose was to be accomplished. The government must prove beyond a reasonable doubt that the defendant was aware of the common purpose and was a willing participant.

To establish the existence of the conspiracy charged in Count Eleven and its common purpose or purposes, the government need not establish that there existed a formal agreement to conspire. The agreement may be inferred from all the circumstances and conduct of all the alleged participants. The conspiracy may be proved by circumstantial evidence and reasonable inferences drawn from that evidence and the totality of their conduct.

For Count Eleven, the "material support or resources" need not have been provided to a particular or specified terrorist or terrorist group. However, the "material support or resources" must have been provided to the conspiracy charged in Count Ten.

The term "material support or resources" for purposes of Count Eleven is defined to include:

- tangible property,

- money,

- personnel, or

 - expert advice or assistance.

The terms "material support or resources, " "provide," "expert advice or assistance," and "personnel" have been previously defined in the instructions for Count Nine. You should apply those same definitions to Count Eleven.

In determining whether the defendant conspired to provide material support or resources, or to conceal or disguise the nature, location, source or ownership of such material support or resources, you must all agree that the defendant conspired to provide or conceal or disguise at least one of the forms of "material support or resources" listed above, however, you need not agree that the defendant conspired to provide each and every one. In order to find the defendant guilty of Count Eleven, you must unanimously agree on at least one of the forms of "material support or resources" listed above.

The phrase "a conspiracy to murder and maim in Denmark" means an agreement between two or more individuals to commit in Denmark an act that would constitute the offense of murder or the offense of maiming if committed in the United States, if any of the conspirators commits an act within the jurisdiction of the United States to effect any object of the conspiracy.

When the word "knowing" is used in these instructions, it means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake, or accident.  Knowledge may be proved by a defendant's conduct, and by all the facts and circumstances surrounding the case.

A defendant's association with conspirators is not by itself sufficient to prove his participation or membership in a conspiracy.

If a defendant performed acts that advanced a criminal activity but had no knowledge that a crime was being committed or was about to be committed, those acts alone are not sufficient to establish the defendant's guilt.

## COUNT TWELVE

Count Twelve of the Second Superseding Indictment alleges that from approximately in or about late 2005, and continuing through on or about October 3, 2009, the defendant provided material support or resources to a designated foreign terrorist organization, namely, *Lashkar e Tayyiba*.

To sustain the charge as alleged in Count Twelve, the government must prove:

First, that the defendant knowingly provided material support or resources to *Lashkar e Tayyiba*; and

Second, that the defendant knew that *Lashkar e Tayyiba* was a designated terrorist organization, or knew that *Lashkar e Tayyiba* had engaged in or was engaging in terrorist or terrorism activity; and

Third, that one of the jurisdictional requirements, which I will explain in a moment, is satisfied.

34

With respect to the third element of Count Twelve – the jurisdictional requirement – the government must prove one of the following:

(a)　the defendant is a permanent resident alien of the United States; or

(b)　after the conduct required for this offense occurred, an offender was found in the United States; or

(c)　the offense occurred in whole or in part in the United States; or

(d)　the offense occurred in or affect foreign commerce; or

(e)　an offender aided or abetted any person over whom jurisdiction exists in committing the offense charged in Count Twelve.


The term "permanent resident alien" is someone who has been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

The term "foreign commerce" includes commerce between the United States and a foreign country.

The term "material support or resources" for purposes of Count Twelve is defined to include:

- tangible property,

- money,

- false documentation or identification,

- personnel, or

- expert advice or assistance.

The terms "material support or resources," "provide," "expert advice or assistance," and "personnel" have been previously defined in the instructions for Count Nine. You should apply those same definitions to Count Twelve, except for the definition of the term "personnel." For the purposes of Count Twelve only, "personnel" means one or more persons, which can include the defendant's own person. The defendant must have knowingly provided a foreign terrorist organization with one or more individuals (who may include himself) to work under that terrorist organization's direction or control or to organize, manage, supervise, or otherwise direct the operation of that organization. Individuals who act entirely independently of the foreign terrorist organization to advance its goals or objectives are not considered to be working under the foreign terrorist organization's direction and control.

I instruct you that *Lashkar e Tayyiba* was designated as a "foreign terrorist organization" by the Secretary of State on December 26, 2001, and remained designated throughout the alleged conduct.

The term "terrorist activity" includes any activity which is unlawful under the laws of the place it was committed (or which, if it had been committed in the United States, would be unlawful under the laws of the United States or any particular State) and which involves any of the following: (1) the seizing or detaining, and threatening to kill, injure, or continue to detain another individual in order to compel a third person (including a governmental organization) to do or abstain from doing any act as an explicit or implicit condition for the release of the individual seized or detained; (2) an assassination; (3) the use of any explosive, firearm, or other weapon or dangerous device other than for mere personal monetary gain, with the intent to endanger, directly or indirectly, the safety of one or more individuals or to cause substantial damage to or property; and (4) a threat, attempt, or conspiracy to do any of the above acts.

The term "terrorism" means premeditated, politically motivated violence perpetrated against noncombatant targets by subnational groups or clandestine agents.

If you find the defendant guilty as charged in Count Twelve, you must then determine whether the government has proved that at least one individual died as a result of the conduct charged in Count Twelve.

In order to find that at least one individual died as a result of the conduct charged in Count Twelve, the government must prove that the defendant's conduct contributed to an individual's death in the attacks committed by *Lashkar e Tayyiba* in Mumbai, India, in November 2008, even if that conduct by itself would not have caused the death. The government is not required to prove that the defendant intended for any specific individual to die.

You will see on the verdict form a question concerning this issue. You should consider that question only if you have found that the government has proved the defendant guilty as charged in Count Twelve.

If you find that the government has proven beyond a reasonable doubt that an individual died as a result of the conduct charged in Count Twelve, then you should answer that question "Yes."

If you find that the government has not proven beyond a reasonable doubt that an individual died as a result of the conduct charged in Count Twelve, then you should answer that question "No."

The term "knowing," or "knowingly," has already been defined. You should apply that same definition to Count Twelve.

The indictment charges that the offenses were committed "on or about" certain dates. The government must prove that the offenses happened reasonably close to those dates but is not required to prove that the alleged offenses happened on those exact dates.

If you find a defendant guilty, it will then be my duty to decide what punishment should be imposed. In considering the evidence and arguments that have been given during the trial, you should not guess about the punishment. It should not enter into your consideration or discussions at any time.

Upon retiring to the jury room, select one of your number as your foreperson. The foreperson will preside over you deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Form of verdict read.]

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your foreperson will fill in and date the appropriate form, and each of you will sign it.

Each count of the indictment charges the defendant with having committed a separate offense.

Each count and the evidence relating to it should be considered separately, and a separate verdict should be returned as to each count. Your verdict of guilty or not guilty of an offense charged in one count should not control your decision as to any other count.

The verdict must represent the considered judgment of each juror. Your verdict, whether it be guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to re-examine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of the evidence solely because of the opinions of your fellow jurors or for the purpose of returning a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement which is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.