IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** Plaintiff, v. **ILYAS KASHMIRI, et al.,** **(Tahawwur Hussain Rana)** Defendants. | Case No. 09 CR 830-8 Hon. Harry D. Leinenweber |

### MEMORANDUM OPINION AND ORDER

Before the Court are Defendant Tahawwur Hussain Rana's (hereinafter, the "Defendant") (1) Motion to Suppress Evidence and Request for a *Franks* Hearing; and (2) Motion to Quash Arrest, Suppress Evidence, and Request for an Evidentiary Hearing.

### I. BACKGROUND

Defendant has been charged in three counts of a 12-count second superseding indictment for conspiracy to provide material support to terrorism and providing material support to a foreign terrorist organization, brought under 18 U.S.C. §§ 2339A, 2339B, in connection with the November 2008 attacks in Mumbai, India, by the Pakistan-based group *Lashkar e Tayyiba* ("Lashkar"), and a plot to attack the *Jyllands-Posten* newspaper in Denmark. On October 2, 2009, the Government obtained five search warrants supported by the affidavit of Lorenzo Benedict ("Benedict"), a special agent with the Federal Bureau of Investigation (the "FBI"). The next day, the

Government arrested Co-Defendant David Headley at Chicago O'Hare International Airport before he boarded a flight to Philadelphia. The Government executed the warrant to search Headley's luggage after this arrest, and interrogated Headley for several days.

With four of the warrants unexecuted, on October 9, 2009, the Government reapplied for warrants to the outstanding locations: (1) Defendant's business at 2809 W. Devon Ave. in Chicago; (2) Defendant's residence at 6018 N. Campbell Ave. in Chicago; (3) Defendant's farm at 6260 S. Kinsman Road in Kinsman, Illinois; and (4) Headley's residence at 6323 N. Francisco Ave. in Chicago. The Government again used Benedict's affidavit to establish probable cause; the affidavit was updated to include several paragraphs relating to information obtained from Headley during his post-arrest questioning. Magistrate Judge Arlander Keys signed the search warrants on October 9, and on October 18, federal agents executed the warrants and arrested Defendant. The Government did not have a warrant for Defendant's arrest.

Defendant moves to suppress the evidence obtained at his business, residence, and farm. Defendant argues that Benedict's affidavit omitted post-arrest statements from Headley that were exculpatory in regard to his involvement in the alleged conspiracy. As such, he argues, the affidavit is deficient to support Magistrate Judge Keys's probable cause determination, and he seeks a *Franks* hearing to challenge the affidavit, after which he asks

the Court to suppress the evidence. Because of this alleged absence of probable cause, he also seeks to quash his arrest, and suppress all evidence obtained as a result of this arrest — including his post-arrest statement — as fruits of the poisonous tree. The parties have fully briefed these issues.

## II. ANALYSIS

Turning to the first Motion to Suppress, under *Franks*, Defendant must make "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and establish that the allegedly false statement was material and necessary for Magistrate Judge Keys to find probable cause that evidence of federal crimes would exist at the four addresses. *Franks v. Delaware*, 438 U.S. 154, 155-56 (1978). *Franks* also applies to omissions from affidavits. *See United States v. Robinson*, 546 F.3d 884, 888 (7th Cir. 2008). In determining whether to hold a *Franks* hearing when the issue is omissions, the Court examines whether a hypothetical affidavit that includes the omitted material would still establish probable cause. *See id.*

As such, the Court considers this hypothetical affidavit with the post-arrest statements from Headley that Defendant argues were material to the probable cause determination and were knowingly, intentionally, or recklessly omitted from Benedict's affidavit.

Even with these statements, the Court finds that the affidavit supports a finding of probable cause to issue the search warrants. The exculpatory statements do not eliminate much of the inculpatory evidence in the affidavit. At least four pieces of evidence in the affidavit buttress this finding:

1. On September 7, 2009, Defendant and Headley had a conversation in which they discussed possible targets for their plans. Headley specifically cited Denmark as a "target." Regardless of whether this statement possibly could be interpreted as calling Denmark a "target" for business, the use of a phrase with such a connotation in conjunction with a discussion of locations unrelated to an immigration business can be reasonably interpreted as referring to terrorist attacks, and accordingly supports a finding of probable cause.

2. The cumulative evidence of Defendant's involvement with Headley's travels to Denmark supports a finding of probable cause. For example, Defendant allowed Headley to travel to Denmark representing himself as an employee of First World Immigration. Defendant also helped arrange Headley's travels. Further, after Headley made contact with the Danish newspaper *Jyllands-Posten*, Defendant responded to an e-mail from a sales associate at the newspaper in which he impersonated Headley. Finally, the affidavit states that prior to Headley traveling for this alleged surveillance trip, no evidence exists of either Defendant or Headley doing any business in Denmark or having business contacts in the country.

3. On September 4, 2009, Defendant had a telephone conversation with Co-Defendant Abdur Rehman Hashim Syed ("Pasha"), in which he used coded language about Pasha's arrest in Pakistan in July 2009. The coded language can be reasonably interpreted as Defendant asking Pasha if he told the Pakistani authorities anything about alleged terrorist attacks being planned in India.

4.  On September 25, 2009, Defendant had a telephone conversation with the Consul General at the Pakistani Consulate in Chicago, in which he attempted to secure a five-year visa for Headley to travel to Pakistan. The Consul General knew Headley by only his former name, Daood Gilani. Defendant told the Consul General that he wished to obtain the visa for a white American with no ties to Pakistan named Headley. Headley, of course, has substantial ties with Pakistan, as he was raised in the country and traveled there extensively. The conversation can be reasonably interpreted as an attempt by Defendant to deceive the Consul General into issuing a visa for Headley.

Defendant argues that Headley, in his post-arrest interrogation, provided an innocent explanation for all of Defendant's actions that the Government alleges he did in furtherance of the conspiracy. The Government did not include these statements in Benedict's affidavit. However, in a situation such as this, the Court examines the totality of the circumstances to determine if probable cause exists even with the innocent explanation. See United States v. Funches, 327 F.3d 582, 587 (7th Cir. 2003). The Court can consider the innocent explanation, but this does not necessarily negate a probable cause determination. See id.

Here, Defendant argues that Headley repeatedly insisted that Defendant was not involved in the conspiracy. The Government, however, has provided evidence of e-mail, telephone, and in-person communications that Defendant had prior to Headley's arrest, which when examined cumulatively, establish probable cause that Defendant was engaged in the alleged crimes. Further, the affidavit

establishes a reasonable probability that evidence of the crimes could be found at the three locations in the contested warrants. Accordingly, the Court finds that the search warrants are supported by probable cause, and denies Defendant's Motion to Suppress and Request for a *Franks* Hearing.

Moving to Defendant's Motion to Quash His Arrest, the probable cause analysis provided above applies. In a warrantless arrest situation, probable cause exists if law enforcement agents reasonably believe, in light of the facts and circumstances within their knowledge, that the suspect had committed or was committing an offense. *See United States v. Carrillo*, 269 F.3d 761, 766 (7th Cir. 2001). The existence of probable cause is determined based on information known to officers at the time of the arrest. *See Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 1999). A reasonable basis for probable cause takes into account the totality of the circumstances surrounding the arrest. *See Edwards v. Cabrera*, 58 F.3d 290, 294 (7th Cir. 1995). The officers' belief that a crime has been committed need not be more likely true than false. *See id.* Once probable cause has been established, law enforcement officers do not have an obligation to conduct any further investigation to uncover exculpatory evidence. *See Spiegel*, 196 F.3d at 723; *Hernandez v. Sheahan*, 455 F.3d 772, 775 (7th Cir. 2006) ("[P]olice may act on the basis of inculpatory

evidence without trying to tote up and weigh all exculpatory evidence.").

However, "probable cause is based on the totality of the circumstances," making exculpatory evidence relevant. *Cervantes v. Jones*, 188 F.3d 805, 813 (7th Cir. 1999), *overruled on other grounds*, *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001). Defendant alleges that the Government did not have probable cause for the warrantless arrest, on account of Headley's exculpatory statements outweighing the incriminating evidence that it used to obtain the search warrant. However, for the reasons stated above, probable cause existed for the search warrants. Likewise, probable cause existed for the warrantless arrest.

### III.   CONCLUSION

For the reasons stated herein, the Government has met its burden to establish probable cause for the three contested search warrants and the warrantless arrest of Defendant. No evidentiary hearing is necessary for the Court to rule on either of Defendant's Motions. Defendant's Motion to Suppress Evidence and Request for a *Franks* Hearing and Defendant's Motion to Quash Arrest, Suppress Evidence and Request for an Evidentiary Hearing are denied.

**IT IS SO ORDERED.**

　　　　　　　　　　　　　　　　　　　　　　　Harry D. Leinenweber, Judge
　　　　　　　　　　　　　　　　　　　　　　　United States District Court

**DATE:**   May 16, 2011