**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09 CR 830-8 |
| | ) | Judge Harry D. Leinenweber |
| ILYAS KASHMIRI, *et al.,* | ) | |
| (TAHAWWUR HUSSAIN RANA), | ) | **UNDER SEAL** |
| | ) | |
| Defendants. | ) | |

**DEFENDANT RANA'S UNDER SEAL EMERGENCY MOTION TO DISMISS COUNT
NINE AND ENHANCED SENTENCING ALLEGATIONS OF COUNT TWELVE AND
SUPPLEMENT TO HIS RESPONSE TO THE GOVERNMENT *SANTIAGO PROFFER***

Defendant, **TAHAWWUR RANA,** by his attorneys, **PATRICK W. BLEGEN**,

**CHARLES D. SWIFT**, **JODI L. GARVEY**, and **DANIEL A. RUFO,** pursuant to the Fifth

and Sixth Amendments to the Constitution of the United States, and the principles enunciated by

the Supreme Court in *Bank of Nova Scotia v. United States*, 487 U.S. 250 (1988), and its

progeny, as well as this Court's inherent supervisory powers, respectfully moves the Court for an

order dismissing Count Nine of the Second Superseding Indictment, the enhanced sentencing

allegations of Count Twelve of the Second Superseding Indictment, and precluding the

admission of co-conspirator statements related to the Mumbai attack.

In support of this motion, Defendant, through counsel, shows to the Court the following:

1.      As the Court is aware, Rana is charged in three counts of a twelve count

Second Superseding Indictment which alleges, in summary, activities related to an infamous

attack in Mumbai in November of 2008, and a plot to blow up a newspaper building in Denmark.

The three counts naming Rana allege: (1) conspiracy to provide material support to terrorism in

India (Count Nine); (2) conspiracy to provide material support to terrorism in Denmark (Count

Eleven); and (3) providing material support to a designated terrorist organization (Count

Twelve). Counts Nine and Twelve allege that death resulted to approximately 164 people, a reference to the victims of the Mumbai attack.

2. The government's Second Superseding Indictment alleges that Headley informed Rana that he was assigned "to perform surveillance for potential targets in India, and obtained Rana's approval for opening a First World office in Mumbai, India, as cover..." Docket No. 213, p. 6. The indictment further alleges that "[i]n or about June 2007, defendant HEADLEY met with Rana in Chicago, Illinois, and discussed ways that Rana could further HEADLEY's work in India." *Id* at 14.

3. On January 14, 2010, Headley testified before the grand jury. A copy of the grand jury transcript is attached hereto as Exhibit A. Specifically, Headley testified to the following before the grand jury:



Exhibit A, pp 26-27

Exhibit A, pp. 32-33.

---

[1]After this testimony was read to the grand jury, Headley interrupted the proceedings and asked to speak with the prosecutor. Ultimately Headley requested that the phrase ███████████████████████ ████████████████████" be changed to, "████████████████████████ Headley accepts the change, but does not clarify when the additional details were provided. Exhibit A, pp. 32-36



Exhibit A, pp. 42-43.

4.      In sum, Headley told the grand jury, and the Second Superseding Indictment thus alleges, that Headley told Rana about the planned Mumbai attack, and received Rana's approval to use his office as cover *prior to* the Mumbai attack.  This is, of course, the essential area of proof for the charge in Count Nine; *i.e.*, that Rana was aware of what would happen in Mumbai and agreed to provide support.

5.      On today's date, May 15, 2011, at 2:04 pm, the day before trial is set to begin, counsel received an FBI-302 reflecting an interview of  Headley conducted on May 5, 2011. The 302 is attached hereto as Exhibit B.  The 302 indicates that in December of 2008 (after the Mumbai attack was over) Headley "*apologized* to RANA for using his office as a cover in India and told RANA that he owes him for two times [using his office] now."  Exhibit E, page 1 (emphasis added).

6.      As the Court can see, there appears to be no additional inquiry of Headley into the reason for his apology.  That is perhaps not surprising, as there is only one explanation.  Headley apologized to Rana because he had used Rana's business to scout for the Mumbai attack without Rana's knowledge.  Headley's apology cannot be read in any other way.  Why would Headley apologize for doing the precise thing he told Rana he would do, and for which he had received Rana's approval?  The apparent lack of follow-up questions in the 302 is irrelevant.  Headley would

only apologize because, in fact, Rana did not know.

7.     In light of this recently tendered evidence, Headley's prior testimony in the grand jury is revealed as clearly false.  Rana did not have knowledge that his office was used for cover, if ever, until after the Mumbai attack was completed.

8.     Both Count Nine of the Second Superseding Indictment and the enhanced sentencing allegations of Count Twelve must be dismissed.  Both allegations require Rana's prior knowledge of Headley's activities in Mumbai.  Headley's false testimony provided the grand jury with a basis to indict Rana in relation to involvement in Mumbai.  Such charges cannot stand.

9.     As the Seventh Circuit has explained, where the government presents evidence to a Grand Jury that is inaccurate, the indictment can be dismissed where, "it is established that the violation substantially influenced the grand jury's decision to indict, or if there is grave doubt that the decision to indict was free from the substantial influence of such violation." *United States v. Vincent*, 416 F.3d 593, 600 (7th Cir. 2005), *citing*, *United States v. Brooks*, 125 F.3d 484, 497 (7th Cir. 1997), *quoting*, *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988).  A district court "may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." *Id*., *citing*, *Brooks*, 125 F.3d at 497, *quoting*, *United States v. Mechanik*, 475 U.S. 66, 78 (1986).[2]  Here, the prejudice is obvious.  Rana faces

---

[2]While the knowing presentation of perjured testimony is the most flagrant example of prosecutorial misconduct before the grand jury, *see, United States v. Samango*, 607 F.2d 877, 882 (9th Cir. 1979), an indictment may be dismissed absent such a showing.  *United States v. Roth*, 777 F.2d 1200, 1204 (7th Cir. 1985); *United States v. Hogan*, 712 F.2d 757, 761-62 (2nd Cir. 1983); *United States v. Asdrubal-Herrera*, 470 F.Supp. 939 (N.D.Ill. 1979).
     In *Roth*, the Seventh Circuit found that "indictments have been dismissed because the prosecutor *misled* the jury." 777 F.2d at 1204.  One such case is *Hogan*, where the court dismissed the indictment based on misconduct before the grand jury, including the presentation of "factual misstatements" to the grand jury by a testifying DEA agent.  712 F.2d at 762.  An indictment may even be dismissed based on wholly unintentional conduct.  In *Asdrubal-Herrera*, an INS agent uninvolved in the investigation testified before the grand jury.  The agent was mistaken as to the circumstances of the investigation and, as a result, related false information to the grand jury concerning the investigation.  The court, while acknowledging that the agent had not committed perjury, dismissed the indictment nonetheless based on the negligent conduct of the government and its agents.  *Id*.

4

indictment on incredibly serious charges related to Mumbai, and the government's case regarding Rana's prior knowledge of the Mumbai attack hinges entirely on Headley's testimony. That testimony is now known to be false.

10.     Moreover, when the government learns that a grand jury has been presented false testimony, it must notify the Court and counsel, and if material, correct the false statement in the grand jury.

> The Due Process Clause of the Fifth Amendment is violated when a defendant has to stand trial on an indictment which the government knows is based partially on perjured testimony, when the perjured testimony is material, and when jeopardy has not attached. Whenever the prosecutor learns of any perjury committed before the grand jury, he is under a duty to immediately inform the court and opposing counsel- and, if the perjury may be material, also the grand jury- in order that appropriate action may be taken.

*United States v. Basurto*, 497 F.2d 781, 785-86 (9th Cir. 1974)

11.     There can be no doubt but that Headley's false statements to the grand jury are material.  The grand jury no doubt relied on Headley's false representations regarding Rana in its decision to indict because it is the only evidence of Rana's prior knowledge of the Mumbai attack.  With clear evidence now that Headley's testimony before the grand jury was false, there can be no option but to dismiss the relevant counts of the indictment.

12.     This issue is of critical importance in light of the impending trial.  Tomorrow morning, the jury will be informed that Mr. Rana is accused of involvement in the Mumbai attack.  The juror's will also fill out a jury questionnaire littered with questions about the attack. With serious doubt now cast on the validity of the Mumbai allegations, the defense submits that this issue must be resolved prior to the jury meeting the parties and receiving the questionnaire.

13.     Furthermore, the government represented in its *Santiago* proffer, with regard to

Count Nine, that:

> In or around June 2006, Headley traveled to Chicago and stayed with the defendant. By this time, Headley already had shared with the defendant some specifics about his Lashkar training. Headley already also had told the defendant about changing his name for the purpose of concealing his Muslim faith and ties to Pakistan. When Headley stayed with the defendant in or about June 2006, Headley told the defendant about his conversations with Sajid and other Lashkar leaders, as well as with Major Iqbal, and about his assignment to conduct surveillance in Mumbai. Headley asked the defendant for his permission to open a Mumbai office for the defendant 's business, First World Immigration. Headley explained to the defendant that the Mumbai office would be a cover story for his true activities and related that Major Iqbal had offered to pay for the expenses of opening the office. The defendant agreed.

> In addition to allowing the use of his business, the defendant assisted Headley in opening the office in Mumbai in several ways. Among other steps, the defendant directed an individual associated with First World Immigration, to prepare documents identifying Headley as its representative. The defendant also assisted Headley in obtaining a visa for his travel to India. On the application for this visa, Headley misrepresented his true given name, his father's true given name and the true purpose of his travel.

Govt. *Santiago* Proffer, p. 23-24

14.    With Headley's false statement now clear, the defense submits that the government's *Santiago* Proffer is deficient to the extent that it relies on Headley's false statements. With Headley's statements excised from the *Santiago* Proffer, the government cannot meet its burden of establishing, regarding Mumbai, that "(1) a conspiracy existed, (2) the defendant the declarant were members of the conspiracy, and (3) the statement(s) sought to be admitted were made during and in furtherance of the conspiracy." *United States v. Alviar*, 573 F.3d 526, 540 (7th Cir. 2009).

15.     In addition to dismissing Count Nine and excising Count Twelve, the Court should enter an order precluding the government from introducing any co-conspirator statements against Rana regarding the Mumbai attack.

WHEREFORE, Defendant respectfully requests that the Court grant his motion to dismiss Count Nine and the enhanced sentencing allegations of Count Twelve, and to preclude admission of any co-conspirator statements related to the Mumbai attack.

Respectfully submitted,

s/Patrick W. Blegen
**PATRICK W. BLEGEN**, One of the
Attorney for Defendant, Tahawwur Rana.

**BLEGEN & GARVEY**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that foregoing Defendant Rana's Under Seal Emergency Motion to Dismiss Count Nine and Enhanced Sentencing Allegations of Count Twelve and Supplement to his Response to the Government *Santiago Proffer* was served on May 15, 2011, in accordance with Fed.R.Crim.P.49, Fed.R.Civ.P.5, LR 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

**s/ Patrick W. Blegen**
**PATRICK W. BLEGEN**
53 West Jackson Boulevard, Suite 1437
Chicago, Illinois 60604
(312) 957-0100